UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE, DIVISION

LISA LEE-BOLTON and RICHARD BOLTON,
on behalf of themselves and all others similarly situated,
and ROY GEIERSBACH on behalf of himself,

        Plaintiffs,

vs.                                                                                     Case No. 1:10-cv-253-SPM-GRJ

KOPPERS INC. f/k/a KOPPERS
INDUSTRIES, INC., a Pennsylvania corporation,
BEAZER EAST, INC. f/k/a KOPPERS
COMPANY, INC., a Delaware corporation,
KOPPERS HOLDINGS, INC., a Pennsylvania
corporation, HEIDELBERG CEMENT AG,
a foreign corporation, MCCLELLAN LOGGING, INC.,
a Florida corporation, and UNNAMED
TRUCKING COMPANIES,

        Defendants.

_____/

**MOTION OF DEFENDANTS KOPPERS INC. AND BEAZER EAST, INC. TO DISMISS PLAINTIFFS' CLAIMS FOR EQUITABLE AND INJUNCTIVE RELIEF, VIOLATION OF THE WATER QUALITY ASSURANCE ACT AND NEGLIGENCE *PER SE* AND MEMORANDUM IN SUPPORT[1]**

Defendants Koppers Inc. ("Koppers") and Beazer East, Inc. ("Beazer"), by their attorneys, respectfully move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiffs' claims for equitable and injunctive relief (Count I), violation of the Water

---

[1] Pursuant to *Beaulieu v. Board of Trustees of University of West Florida*, No. 3:07cv30/RV/EMT, 2007 WL 2020161 (N.D. Fla. July 9, 2007), Defendants are not obligated to file an answer to the unchallenged counts of plaintiffs' complaint until after the Court has ruled on Defendants' partial motion to dismiss. *See* 2007 WL 2020161, at *2 (holding that a partial motion to dismiss extends the moving party's period of time to answer under Rule 12(a)(4) until after the Court has ruled on the motion to dismiss); *see also Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997) ("[A] partial motion to dismiss allows for altering the time limits of Fed. R. Civ. P. 12(a) with respect to answering those claims not addressed in Defendants' motion.").

Quality Assurance Act (Count II), and negligence *per se* (Count V). Plaintiffs' claim for equitable and injunctive relief should be dismissed because plaintiffs have failed to allege a *prima facie* case warranting any equitable relief. Plaintiffs' claim for violation of Florida's Water Quality Assurance Act should be dismissed because plaintiffs have failed to allege that any alleged discharge violated any standard set by the Florida Department of Environmental Protection ("FDEP"). Plaintiffs' purported negligence *per se* claim fails because plaintiffs allege, in conclusory fashion, violations of statutes that are designed to protect the general public instead of a particular class of people. Defendants submit the following memorandum of law in support of this motion.

## MEMORANDUM OF LAW

## INTRODUCTION AND SUMMARY

In this putative class action, a group of purported property owners in Gainesville, Florida, attempt to assert claims for injunctive relief, violation of Florida's Water Quality Assurance Act ("WQAA"), negligence, negligence *per se*, strict liability, trespass and nuisance based on the alleged emission of chemicals and dust during and after commercial wood treatment operations conducted at a Superfund site ("the Site") that has been monitored and regulated by the U.S. Environmental Protection Agency for decades. Plaintiffs seek damages for diminished property value, loss of use and enjoyment of property, stigma and increased risk of adverse health effects. (Complaint, ¶ 38.) Plaintiffs have named several defendants, including Koppers and Beazer – each of whom owned and operated a portion of the Site at different times.

Plaintiffs' claim for equitable and injunctive relief should be dismissed because plaintiffs have not alleged sufficient facts showing that they lack an adequate remedy at law and are at serious risk of continuing irreparable harm if the relief is not granted. Plaintiffs' claim for violation of Florida's Water Quality Assurance Act should be dismissed, as plaintiffs have not sufficiently alleged that any discharge violated any standard set by the FDEP. Plaintiffs' purported negligence *per se* claim fails because plaintiffs allege, in conclusory fashion, violations of statutes that were designed to protect the general public instead of a particular class of people. Therefore, the Court should dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' claims for equitable and injunctive relief (Count I), violation of the Water Quality Assurance Act (Count II), and negligence *per se* (Count V).

## ARGUMENT

### A. APPLICABLE PLEADING STANDARD.

Prior to the Supreme Court's decisions in *Twombly* and *Iqbal*, a complaint could not be dismissed for failure to state a claim "unless it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Twombly* "retired" *Conley's* "no set of facts test" and emphasized that the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the plaintiff must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Iqbal*, the Court re-emphasized that "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added). Complaints must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The mere possibility that a defendant acted unlawfully, or the existence even of factual allegations that are consistent with the defendant's liability, are insufficient to survive a motion to dismiss. *Id.* And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Only where "there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009).

### B. PLAINTIFFS FAIL TO STATE A CLAIM FOR EQUITABLE AND INJUNCTIVE RELIEF

Plaintiffs seek money damages in this action. (Complaint, ¶ 14.) Plaintiffs request compensation for alleged "loss of the use and enjoyment of their homes and properties, loss of value of their homes and properties due to…stigma…, permanent diminution of the value of their homes and properties, and increased risk of adverse health effects." (Complaint, ¶ 38.) Despite this request for money damages, Plaintiffs also seek to have this Court grant injunctive relief which would enjoin all activity at the Site. (Complaint, ¶ 60.) Plaintiffs' claim for equitable and injunctive relief should be dismissed.

To state a claim for such injunctive relief, Plaintiffs must, at a minimum, allege facts showing that they lack an adequate remedy at law and are at serious risk of continuing irreparable harm if the relief is not granted. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005); *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999). Plaintiffs simply allege that they "are without adequate remedy at law" and "will suffer irreparable harm if the Court does not grant the injunctive and other equitable relief requested in this count," but plaintiffs do not allege sufficient <u>facts</u> supporting either of these necessary elements. (Complaint, ¶¶ 58-59.) Plaintiffs are not excused from alleging such facts merely because they assert their claims as part of a putative class action. *See, e.g., Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 WL 32508918, at *4-5 (11th Cir. Mar. 11, 2002) (holding putative class representatives not entitled to injunctive relief absent allegations of irreparable harm). Therefore, plaintiffs have failed to state a *prima facie* claim for any equitable relief, and Count I of the complaint should be dismissed in its entirety. *See County of Monroe v. Priceline.com, Inc.*, No. 09-10004, 2009 WL 4890664, at *6 (S.D. Fla. Dec. 17, 2009) (dismissing claim for injunctive relief).

C.  **PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF FLORIDA'S WATER QUALITY ASSURANCE ACT.**

Plaintiffs' claim for violation of the Florida Water Quality Assurance Act ("WQAA") alleges that airborne emissions and "waterborne transport of contamination" from the Site contaminated their property. (Complaint at ¶¶ 24, 25, 32, 62, 63.) Plaintiffs claim that they are exposed to "dangerous and undesirable levels of toxic and dangerous chemicals and hazardous substances," but do not allege that any claimed

5

discharge from the Site violated any standard of the FDEP and caused a particular injury to them. (*See* Complaint, ¶ 18.) Because Plaintiffs have failed to allege that any discharge violated any FDEP standard, they have failed to state a claim for violation of the WQAA and the Court should dismiss that claim.

The WQAA prohibits the "discharge [of] pollutants or hazardous substances into or upon the surface or ground waters of the state or lands, **which discharge violates any departmental 'standard.'**"[2] FLA. STAT. ANN. §376.302(1)(a) (West 2010) (emphasis added). Here, Plaintiffs merely allege that they have been exposed to "dangerous and undesirable levels of toxic and dangerous chemicals and hazardous substances." (Complaint, ¶ 18.) This is not sufficient to state a claim under the WQAA.[3]

For example, in *The St. Joe Company v. Leslie*, 912 So. 2d 21 (Fla. Dist. Ct. App. 2005) the plaintiffs brought a class action complaint, including a Section 376.313 claim, alleging that pollution from paper mill waste products caused soil and water contamination in the defined class area. In reversing the trial court's certification of the class, the appellate court noted that plaintiffs could not prevail on their Section 376.313 claim in the absence of "evidence that the waste, which the class representatives saw being dumped, exceeded DEP's standards." *The St. Joe Co.*, 912 So. 2d at 25. Like the plaintiffs in *St. Joe*, Plaintiffs here cannot prevail on their Section 376.313 claim because

---

[2] "Standard" is defined as "any rule of the Department of Environmental Protection relating to air and water quality, noise, solid-waste management, and electric and magnetic fields associated with electrical transmission and distribution lines and substation facilities." It does not include "rules . . . which relate exclusively to the internal management of the department, the procedural processing of applications, the administration of rulemaking or adjudicatory proceedings, the publication of notices, the conduct of hearings, or other procedural matters." FLA. STAT. ANN. § 403.803.

[3] The Complaint does reference the "Soil Cleanup Target Level" for dioxin. (Complaint, ¶ 28.) As the Soil Cleanup Target Level relates to soil, and not "air and water quality," it is not an FDEP "standard" within the meaning of the WQAA. *See* FLA. STAT. ANN. § 403.803.

they have failed to allege that any emission from the Site violated any FDEP standard. Thus, Plaintiffs' claim for violation of Florida's Water Quality Assurance Act should be dismissed.

D.  **PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENCE *PER SE*.**

Plaintiffs' negligence *per se* claim – alleged in a single paragraph as part of Plaintiffs' negligence claim – relies on unspecified violations of the Florida Water Quality Assurance Act ("WQAA") and Air and Water Pollution Act ("AWPA"). (Complaint, ¶ 82.) Plaintiffs' reliance on those statutes is dubious. The WQAA and AWPA are designed to protect the environment and general public in the State of Florida and not a particular class of people of which Plaintiffs claim to be members. Florida law does not provide a cause of action for negligence *per se* when the statute that the defendant allegedly violated is not designed to protect a particular class of people. Therefore, Plaintiffs fail to state a claim for negligence *per se*, and the Court should dismiss that claim.

In Florida, a statutory violation constitutes negligence *per se* in only two limited circumstances: (1) if the statute is designed to protect a particular class of persons who are unable to protect themselves; or (2) if the statute establishes a duty to take precautions to protect a particular class of persons from a particular type of harm. Any other alleged statutory violation constitutes mere evidence of negligence. *deJesus v. Seaboard Coast Line R.R. Co.*, 281 So. 2d 198, 201 (Fla. 1973). Accordingly, when a plaintiff alleges that the defendant violated a statute designed to protect the general public, rather than a particular class of people, he cannot maintain a claim for negligence *per se* based on that

7

violation. *See, e.g., Chevron USA, Inc. v. Forbes*, 783 So. 2d 1215, 1219-20 (Fla. Dist. Ct. App. 2001).

Despite Plaintiffs' unsupported allegations to the contrary (Complaint, ¶ 82), the WQAA and AWPA are not designed to protect a particular class of people. Instead, those statutes are designed to protect the general public. The WQAA seeks to preserve surface and ground waters in the State of Florida. When it enacted the WQAA, the Florida legislature declared that "[s]pills, discharges, and escapes of pollutants . . . and hazardous substances . . . pose threats of great danger and damage to the environment of the state, to citizens of the state, and to other interests deriving livelihood from the state." FLA. STAT. § 376.30(2)(b) (2010). When it enacted the AWPA, the legislature similarly declared that "pollution of the air and waters of this state constitutes a menace to public health and welfare" and specifically stated "the provisions of this act are enacted in the exercise of the police powers of this state for the purpose of protecting the health, peace, safety, and general welfare of the people of this state." FLA. STAT. § 403.021(1), (5).

Because the WQAA and AWPA are designed to protect the general public and not the plaintiffs specifically, Plaintiffs cannot rely on alleged violations of those statutes to state a claim for negligence *per se*. The Court should dismiss plaintiffs' negligence *per se* claim.

## CONCLUSION

For the foregoing reasons, the Court should dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiffs' claims for equitable and injunctive relief (Count I), violation of the Water Quality Assurance Act (Count II), and negligence *per se* (Count V). Defendants

further request any further and alternative relief that the Court deems just and appropriate under the circumstances.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned hereby certifies that counsel for Defendants, Koppers Inc. and Beazer East, Inc., has attempted in good faith to confer with counsel for Plaintiffs to resolve by agreement the issues raised in Defendants' Motion to Dismiss Plaintiffs' Claims for Equitable and Injunctive Relief, Violations of the Water Quality Assurance Act and Negligence *Per Se*.  Counsel for Defendants contacted counsel for Plaintiffs three times via telephone and twice via e-mail, but due to the holidays counsel for Plaintiffs was unavailable.  Counsel for Defendants will continue to attempt to confer with counsel for Plaintiffs regarding this Motion, and will file a Supplemental Certificate of Conference to advise the Court of the outcome of said conference.

### REQUEST FOR ORAL ARGUMENT

Koppers and Beazer hereby request oral argument on the issues raised in this motion.  Defendants estimate that a total of one hour will be required for oral argument on the issues raised in this motion and in Defendant Koppers Holdings Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction.

Date:   December 29, 2010                                   Respectfully submitted,

                                                            s/ Megan C. Millirons
**OF COUNSEL:**                                             Benjamin H. Hill, III (FBN 094585)
Robert L. Shuftan (ILBN 3124475)                            bhill@hwhlaw.com
*Northern District Bar application to be*                   Dennis P. Waggoner (FBN 509426)
*submitted*                                                 dwaggoner@hwhlaw.com

9

| | |
|---|---|
| shuftan@wildman.com<br>David A. Kanter (ILBN 6187653)<br>*Admitted to Northern District Bar 9/30/10*<br>kanter@wildman.com<br>Brent R. Austin (ILBN 6220501)<br>*Admitted to Northern District Bar 9/29/10*<br>austin@wildman.com<br>Paul K. Freeborn (ILBN 6277489)<br>*Admitted to Northern District Bar 10/28/10*<br>freeborn@wildman.com<br>Megan C. Millirons (ILBN 6290249)<br>*Admitted to Northern District Bar 9/29/10*<br>millirons@wildman.com<br>Wildman, Harrold, Allen & Dixon LLP<br>225 W. Wacker Drive, Suite 2800<br>Chicago, IL 60606<br>Phone: 312-201-2000<br>Fax: 312-201-2555 | HILL, WARD & HENDERSON P.A.<br>101 East Kennedy Blvd., Suite 3700<br>P.O. Box 2231<br>Tampa, FL 33602<br>Phone: (813) 221-3900<br>Fax: (813) 221-2900 |

**ATTORNEYS FOR DEFENDANTS KOPPERS INC., BEAZER EAST, INC. AND KOPPERS HOLDINGS INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 29, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

s/ Megan C. Millirons