IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON and RICHARD
BOLTON, on behalf of themselves and
all others similarly situated, and ROY
GEIERSBACH on behalf of himself,

    Plaintiffs,

v.                                                    CASE NO. 1:10-cv-00253-SPM-GRJ

KOPPERS INC., f/k/a/ KOPPERS
INDUSTRIES, INC.,  BEAZER EAST,
INC., f/k/a KOPPERS COMPANY,
INC., KOPPERS HOLDINGS, INC.,
HEIDELBERG CEMENT AG,
MCCLELLAN LOGGING, INC., and
UNNAMED TRUCKING COMPANIES,

    Defendants.
_____ /

## O R D E R

       Pending before the Court are: (1) Plaintiffs' Unopposed Motion To Stay Determination of Defendant McClellan Logging, Inc.'s Motion To Dismiss (Doc. 26), and (2) the Joint Motion To Stay Certain Proceedings And Extend Certain Deadlines Pending Determination of a Motion To Remand. (Doc. 29.)

       On February 3, 2011 Plaintiffs filed their Motion To Remand. (Doc. 30.)  Plaintiffs request that the Court stay the determination of Defendant McClellan's Motion to Dismiss (Doc. 24) until after the Court rules on Plaintiffs' Motion to Remand. None of the other parties oppose Plaintiffs' request.

       In the Joint Motion To Stay the parties jointly request the Court to stay: (1) the requirement that the parties conduct a scheduling conference under Rule 26(f) and file a report, (2) extend the time for Plaintiffs to file their attorney's fees records until

February 17, 2011, and (3) extend the time to file a motion for class certification until the time agreed by the parties in the Rule 26(f) conference.

Because Plaintiff's have filed a motion to remand – and the motion is not yet ripe for review by the Court – the Court will first be required to address the motion to remand before addressing the pending motions to dismiss and before entering any further scheduling order after the Rule 26(f) conference. Accordingly, the motions are due to be granted.

Upon due consideration, it is **ORDERED** that:

(1) Plaintiffs' Unopposed Motion To Stay Determination of Defendant McClellan Logging, Inc.'s Motion To Dismiss (Doc. 26) is **GRANTED**. In the event Plaintiffs' Motion to Remand is denied, Plaintiffs shall file their response to Defendant McClellan Logging, Inc.'s Motion To Dismiss Counts III, V, and X of Plaintiffs' Class Action Complaint within **fourteen (14) days** of the date of the Court's order denying Plaintiffs' Motion To Remand.

(2) The Joint Motion To Stay Certain Proceedings And Extend Certain Deadlines Pending Determination of a Motion To Remand (Doc. 29) is **GRANTED**.

(3) The requirement that the parties conduct a Rule 26(f) scheduling conference and file a report of the scheduling conference is stayed until **fourteen (14) days** after the Court has ruled on Plaintiffs' Motion To Remand.

(4) The deadline in N.D.Fla.Loc.R. 23.1(B) that Plaintiffs file their motion for a

determination under Fed.R.Civ.P.23(c)(1) as to whether the case is to be maintained as a class action within ninety (90) days after the filing of a complaint, is stayed pending resolution by the Court of Plaintiffs' Motion To Remand. In the event Plaintiffs' Motion To Remand is denied the parties shall include within their Rule 26(f) report a proposed deadline for filing a motion for class certification. The deadline, however, shall not be longer than ninety days from the date of the Rule 26(f) report, unless upon a showing of good cause the Court extends the deadline beyond ninety days.

(5)     Plaintiffs shall have until **February 17, 2011** to file their time records of attorney's fees incurred through January 30, 2011.

**DONE AND ORDERED** this 8th day of February, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge