IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| LISA LEE-BOLTON and RICHARD BOLTON, on behalf of themselves and all others similarly situated, and ROY GEIERSBACH on behalf of himself, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:10-cv-253-SPM-GRJ |
| KOPPERS INC., f/k/a KOPPERS INDUSTRIES, INC., BEAZER EAST, INC., f/k/a KOPPERS COMPANY, INC., KOPPERS HOLDINGS, INC., HEIDELBERG CEMENT AG, MCCLELLAN LOGGING, INC., and UNNAMED TRUCKING COMPANIES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS KOPPERS INC., BEAZER EAST, INC.,
AND KOPPERS HOLDINGS, INC.'S MOTION TO STRIKE AND
MEMORANDUM OF LAW IN SUPPORT**

Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc., by their attorneys, move the Court to strike Paragraph 15 of the Affidavit of Jamie Arjona and Paragraph 5 of the Affidavit of Dale Turlington, filed in support of Plaintiffs' Motion to Remand, on the grounds that the affidavits contain inadmissible hearsay. In support of this Motion, Defendants submit the following memorandum of law:

**MEMORANDUM OF LAW**

1. In their Motion to Remand, Plaintiffs argue that several putative class members should be excluded from the putative class because they signed a retainer agreement with other counsel. To support this argument, Plaintiffs rely on the Affidavit

of Jamie Arjona ("Arjona Affidavit"), who works as a legal assistant for Plaintiffs' counsel and claims to have "conducted a comprehensive analysis of property owners and parcels in the Affected Area" after Defendants removed this case. (Doc. 30-1 at ¶¶ 3-4).

2.  Paragraph 15 of the Arjona Affidavit contains inadmissible hearsay and should be stricken by the Court.  In particular, the Arjona Affidavit states:

- Arjona "met with Mr. Tanner Andrews and *was informed* that he had signed retainer agreements" with three putative class members (Karen Scott, Charles Mills and Danielle Devincenzo King) "for representation in an [sic] tax reassessment against the Alachua County Property Appraiser's office". (Doc. 30-1 at ¶ 15) (emphasis added);

- Arjona "*was informed* that an additional four potential class members [James Frank O'Steen, Farinda O'Steen, Selena Pak Patterson and Erik Hushelpeck] have signed retainer agreements with" attorneys who filed a separate putative class action relating to the Site. (*Id.*) (emphasis added); and

- Arjona has "*been informed*" that other counsel is currently representing another putative class member [Carla Melgarejo] in a separate individual action. (*Id.*) (emphasis added).

3.  This paragraph recites nothing more than out-of-court statements allegedly made by Mr. Andrews and other anonymous individuals, and Plaintiffs have offered these alleged secondhand statements to prove the truth of the matters purportedly asserted by the third party declarants.  As such, this paragraph contains inadmissible hearsay and should be stricken by the Court.  *See Stoudemire v. Provident Life & Accident Ins. Co.*, 24 F. Supp. 2d 1252, 1257 n.3 (M.D. Ala. 1998) (granting motion to strike affidavit submitted in support of motion to remand); FED. R. EVID. 801(c), 802 (West 2010); *See also Lazaro v. U.S. Dept. of Agriculture*, 186 F. Supp. 2d 1203, 1214 (M.D. Fla. 2001) (holding that portions of certified report which recounted statements allegedly made by third party declarant constituted inadmissible hearsay under Federal Rule of Evidence 801(c)).

4. Plaintiffs further argue that two additional putative class members, Susan P. Turlington and Dale Turlington, should be excluded from the putative class because they have opted out of this proceeding. To support this argument, Plaintiffs rely on the Affidavit of Dale Turlington ("Turlington Affidavit"), which states in pertinent part: "I told Attorney Paul S. Rothstein that I and my wife, Susan Turlington, did not want to be a part of" this proceeding. (Doc. 30-9 at ¶ 5). Similar to Paragraph 15 of the Arjona Affidavit, this paragraph recites an out-of-court statement allegedly made by Mr. Turlington to Plaintiffs' counsel. As such, this paragraph contains inadmissible hearsay and should be stricken. *Stoudemire*, 24 F. Supp. 2d at 1257 n.3; FED. R. EVID. 801(c), 802; *Lazaro*, 186 F. Supp. 2d at 1214.

WHEREFORE, Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc., respectfully request this Honorable Court to enter an Order striking Paragraph 15 of the Arjona Affidavit and Paragraph 5 of the Turlington Affidavit and award such additional or alternative relief as the Court deems just under the circumstances.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned hereby certifies that counsel for Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc., have conferred with counsel for Plaintiffs in a good faith attempt to resolve by agreement the issues raised in the foregoing Motion to Strike but did not reach agreement regarding any of the issues raised in Defendants' motion.

Date: February 25, 2011          Respectfully submitted,

/s/ Paul K. Freeborn

        Benjamin H. Hill, III (FBN 094585)
        bhill@hwlaw.com
        Dennis P. Waggoner (FBN 509426)
        dwaggoner@hwhlaw.com
        HILL, WARD & HENDERSON P.A.
        101 East Kennedy Blvd., Suite 3700
        P.O. Box 2231
        Tampa, FL 33602
        Phone: (813) 221-3900
        Fax: (813) 221-2900

**OF COUNSEL:**
David A. Kanter (ILBN 6187653)
*Admitted to Northern District Bar 9/30/10*
Brent R. Austin (ILBN 6220501)
*Admitted to Northern District Bar 9/29/10*
Paul K. Freeborn (ILBN 6277489)
*Admitted to Northern District Bar 10/28/10*
Megan C. Millirons (ILBN 6290249)
*Admitted to Northern District Bar 9/29/10*
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606-1229
Telephone:  312-201-2000
Facsimile:  312-201-2555

        **ATTORNEYS FOR DEFENDANTS**
        **KOPPERS INC., BEAZER EAST, INC., and**
        **KOPPERS HOLDINGS, INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ Paul K. Freeborn