**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| LISA LEE-BOLTON and RICHARD BOLTON, on behalf of themselves and all others similarly situated, and ROY GEIERSBACH on behalf of himself,<br><br>          Plaintiffs,<br><br>          v.<br><br>KOPPERS INC., f/k/a KOPPERS INDUSTRIES, INC., BEAZER EAST, INC., f/k/a KOPPERS COMPANY, INC., KOPPERS HOLDINGS, INC., HEIDELBERG CEMENT AG, MCCLELLAN LOGGING, INC., and UNNAMED TRUCKING COMPANIES,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No:   1:10-cv-00253-SPM-GRJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MCCLELLAN LOGGING, INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE A PORTION OF MCCLELLAN'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
TO STATE COURT (DOC. 43) AND ALTERNATIVE MOTION AND
INCORPORATED MEMORANDUM OF LAW SEEKING LEAVE
TO EXCEED MAXIMUM PAGE LIMITATION**

COMES   NOW   the   Defendant   MCCLELLAN   LOGGING,   INC.

("MCCLELLAN"), by and through its undersigned counsel, and pursuant to Rule 7.1 of

the  Local  Rules  of  the  Northern  District  of  Florida,  hereby  files  its  Response  in

Opposition  to  Plaintiffs'  Motion  to  Strike  a  Portion  of  MCCLELLAN's  Response  in

Opposition to Plaintiffs' Motion to Remand to State Court (Doc. 43) and Alternative

Motion  and  Incorporated  Memorandum  of  Law  Seeking  Leave  to  Exceed  Maximum

Page Limitation, stating as follows:

I.   **MCCLELLAN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE IS TIMELY FILED.**

This action was removed to federal court on December 23, 2010.  On February 3, 2011, Plaintiffs filed a Motion to Remand (Doc. 30), to which MCCLELLAN filed a Response in Opposition (Doc. 41) on February 25, 2011.  On March 3, 2011, Plaintiffs filed a Motion to Strike a Portion of MCCLELLAN's Response in Opposition to Plaintiffs' Motion to Remand (Doc. 43).

Pursuant to Rule 7.1(C)(1) of the Local Rules of the Northern District of Florida, "[e]ach party opposing a motion shall have fourteen (14) days from the date of service of the motion in which to file and serve a responsive memorandum with citation of authorities in opposition to the motion."  Because MCCLELLANS's Response in Opposition to Plaintiffs' Motion to Strike is filed within fourteen (14) days of service of Plaintiffs' Motion to Strike, this responsive memorandum is timely filed in compliance with Local Rule 7.1(C)(1).

II.  **PLAINTIFFS' MOTION TO STRIKE IS PROCEDURALLY DEFECTIVE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE (1) MCCLELLAN'S RESPONSE IS NOT A PLEADING; AND (2) MCCLELLAN'S RESPONSE DOES NOT CONTAIN AN INSUFFICIENT DEFENSE OR MATERIAL THAT IS REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS.**

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter […]."

The seven types of "pleadings" identified under the Federal Rules of Civil Procedure are limited to the following categories: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim, a third-party complaint; an answer to a third-party complaint; and, if the court so orders, a reply to an answer.  Id.  A responsive memorandum is not designated as a "pleading" under the federal rules.  See Fed.R.Civ.P. 7(a).  Courts applying Rule 12(f) have consistently declined to construe the term "pleading" to apply to motions and memoranda.  Renguette v. Board of School Trustees ex rel. Brownsburg Community School Corp., 2007 WL 1536841 at *5 (S.D. Ind. May 23, 2007).

In a situation where a motion to strike is directed at a non-pleading, the motion to strike is inappropriate.  See Fed.R.Civ.P. 12(f); Inter-Tel, Inc. v. West Coast Aircraft Engineering, Inc., 2005 WL 2431267 at *2 (M.D. Fla. Oct. 3, 2005); see also Sidney-Vistein v. A.H. Robins Co., 697 F.2d 880 (9th Cir. 1983) ("[u]nder the express language of [Rule 12(f)], only pleadings are subject to motions to strike") ; O'Connor v. Nevada, 507 F.Supp. 546, 548, affirmed on other grounds, 686 F.2d 749, certiorari denied 103 S.Ct. 491; Thomas D. Wilson Consulting, Inc. v. Keely & Sons, Inc., 2007 WL 1774434 (E.D. Mo. June 18, 2007) ("[a]s none of the documents Defendants seek to strike are pleadings, they fall outside the scope of Rule 12(f)"); Renguette, 2007 WL 1536841 at *5 ("a motion to strike, pursuant to Rule 12(f), may only be used to attack a *pleading*") (emphasis supplied in original quote).  In their Motion to Strike, Plaintiffs have cited no cases that have construed Rule 12(f) as allowing a district court to strike material not contained in the pleadings of the case.

A motion to strike is also inappropriate where the target of the motion or the language to be struck does not pertain to "an insufficient defense" or does not contain "redundant, immaterial, impertinent, or scandalous matter."   See Fed.R.Civ.P. 12(f); Powell v. Fidelity Nat. Financial, Inc., 2003 WL 22134854 at *2 (N.D. Cal. Sept. 9, 2003).

Based on an application of the foregoing federal law, it is clear that Plaintiffs' Motion to Strike is procedurally defective.   In sum, MCCLELLAN's Response in Opposition to Plaintiffs' Motion to Strike does not constitute a pleading because it does not fall under any of the seven limited categories of "pleadings" set forth under Rule 7(a) of the Federal Rules of Civil Procedure; rather, MCCLELLAN's Response is a "responsive memorandum" as described under Rule 7.1(C)(1) of the Local Rules of the Northern District of Florida.   Plaintiffs have additionally failed to allege, let alone demonstrate, that MCCLELLAN's Response pertains to "an insufficient defense" or otherwise contains "redundant, immaterial, impertinent, or scandalous matter."   Thus, because Plaintiffs' Motion to Strike is procedurally defective, MCCLELLAN respectfully requests the Court to deny Plaintiffs' Motion to Strike on this basis alone.

### III.   PLAINTIFFS' MOTION TO STRIKE MCCLELLAN'S RESPONSE FAILS TO SERVE THE POLICIES UNDERLYING RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

The function of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues prior to trial. Sidney-Vistein, supra at 885, citing Anchor Hocking Corp. v. Jacksonville Elec. Authority, 419 F.Supp. 992, 1000 (M.D. Fla. 1976).   Rule 12(f) of the Federal Rules of

Civil Procedure "provides a means by which courts may strike material that is 'so unrelated to a party's claims as to be void of merit and unworthy of any consideration' and that is 'prejudicial to the movant.'" Renguette, 2007 WL 1536841 at *5, citing Nat'l Org. for Women, Inc. v. Scheidler, 897 F.Supp. 1047, 1087 n. 28 (N.D. Ill. 1995). Motions to strike are rarely granted absent a showing of prejudice to the moving party. Fundi v. Citizens Bank of Rhode Island, 2007 WL 2407106, *3 (D.R.I. Aug. 22, 2007), citing Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998).  In effect, striking a non-pleading, such as a responsive memorandum, fails to comply with the underlying policies of Rule 12(f). See Sidney-Vistein, supra at 885.

In the instant case, the striking of MCCLELLAN's Response – again, a non-pleading – would fail to uphold the underlying policies of Rule 12(f).  For example, while Rule 12(f) is concerned with dispensing of spurious issues and striking meritless or prejudicial material, Plaintiffs' arguments to strike MCCLELLAN's Response involve unrelated issues of "propriety" and procedural correctness, not prejudice.  Additionally, although MCCLELLAN strongly denies Plaintiffs' allegations as set forth in its Motion to Strike, even if this Court assumed *arguendo* that these allegations were true, the allegations still fail to satisfy the Plaintiffs' high burden of demonstrating that they have been prejudiced.

In addition to the procedural defects related to Plaintiffs' Motion to Strike discussed above, Plaintiffs' Motion to Strike should also be denied on the additional basis that striking MCCLELLAN's Response does not serve the underlying policies of Rule 12(f) of the Federal Rules of Civil Procedure.

IV.   **MCCLELLAN'S RESPONSE PROPERLY INCORPORATES THE ARGUMENTS AND CITATIONS SET FORTH IN ITS MOTION TO DISMISS.**

In MCCLELLAN's Response filed in Opposition to Plaintiffs' Motion to Remand, MCCLELLAN incorporates by reference the arguments and citations set forth in MCCLELLAN's Motion to Dismiss Counts III, V, VII and X of Plaintiffs' Class Action Complaint and Incorporated Memorandum of Law.

Florida federal case law permits a party to incorporate into its own filing legal arguments raised in another filing of its own or of another party.  See Yvon v. Baja Marine Corp., 495 F.Supp.2d 1179, 1184 (N.D. Fla. 2007) (court allowed the defendant to incorporate by reference into its motion for summary judgment the legal argument previously submitted in support of its motion to dismiss); Palm Beach County Environmental Coalition v. The State of Florida, 651 F.Supp.2d 1328, 1352 (S.D. Fla. 2009) (court read and considered arguments, which were raised in one defendant's motion to dismiss and incorporated by reference into various other defendants' motions to dismiss, in ruling on the motions that incorporated the arguments); Special Purpose Accounts Receivable Cooperative Corp. v. Prime One Capital Co., LLC, 2007 WL 2826603 at *3 n. 1 (S.D. Fla. Sept. 25, 2007) (court read and considered arguments which were raised in one defendant's motion to dismiss and incorporated by reference into various other defendants' motions to dismiss in ruling on the motions that incorporated the arguments); Rauen v. City of Miami, 2007 WL 686609 at *20 (S.D. Fla. Mar. 2, 2007) (court considered an argument raised in one defendant's motion to dismiss and incorporated by reference into various other defendants' motions to dismiss in ruling on

the motions that incorporated the argument).  As evidenced by preceding federal case law, it is procedurally proper for MCCLELLAN to incorporate into its Response in Opposition to Plaintiffs' Motion to Strike the arguments and citations which MCCLELLAN previously submitted in support of its Motion to Dismiss (Doc. 24).

Contrary to the allegations set forth by Plaintiffs, MCCLELLAN's incorporation of its Motion to Dismiss arguments and citations does not violate the letter and spirit of the Order of this Court dated February 8, 2011.  MCCLELLAN is not requesting that the Court rule on its Motion to Dismiss and thereby require application of a motion to dismiss standard; instead, MCCLELLAN is requesting the Court to consider the substance of such arguments and the cited case law's facts and holdings as they relate to Plaintiffs' Motion to Remand under the standard of review that is applicable to a motion to remand.  The arguments and citations set forth in MCCLELLAN's Motion to Dismiss (which provide that MCCLELLAN has been fraudulently joined to this action and that this Court has diversity jurisdiction due to such fraudulent joinder) are clearly relevant to the Court's consideration of Plaintiffs' Motion to Remand because Plaintiffs' allegations as directed to MCCLELLAN are insufficient to establish the possibility of any viable claim against MCCLELLAN in the instant action, thereby resulting in the fraudulent joinder of MCCLELLAN as a party defendant.

## V.   MCCLELLAN'S RESPONSE COMPLIES WITH THE APPLICABLE PAGE LIMITATIONS AS SET FORTH UNDER THE LOCAL RULES.

Rule 7.1(C)(1) of the Local Rules of the Northern District of Florida provides that a responsive memorandum shall be limited to twenty-five (25) pages.  Strictly speaking, MCCLELLAN's Response in Opposition to Plaintiffs' Motion to Remand is itself no

greater than six (6) pages in total.   Thus, the physical length of MCCLELLAN's Response in Opposition to Plaintiffs' Motion to Strike does not exceed the twenty-five (25) page limit set forth under the Local Rules, and Plaintiffs' argument to the contrary is factually inaccurate and legally unpersuasive.

### VI.   ALTERNATIVELY, MCCLELLAN SEEKS LEAVE TO EXCEED THE MAXIMUM PAGE LIMITATION SET FORTH UNDER LOCAL RULE 7.1(C)(1).

In the alternative, should this Court find that MCCLELLAN's Response has exceeded the twenty-five (25) page limit specified under Rule 7.1(C)(1) of the Local Rules of the Northern District of Florida, MCCLELLAN seeks leave to exceed the page limitation.

Rule 7.1(C)(1) of the Local Rules of the Northern District of Florida provides that a responsive memorandum may exceed 25 pages where good cause is shown.   Federal case law further provides that where a respondent files an oversized responsive memorandum and subsequently moves the court to accept the response as filed, the court may grant the respondent's request if good cause exists to grant the page enlargement. For example, in D'Aprile v. Unum Life Ins. Co. of America, 2010 WL 5209268 at *1 (M.D. Fla. Dec. 16, 2010), the federal court found that while the Defendant's responsive memorandum exceeded the applicable page limit, "the Defendant did file a Motion, albeit after the fact, seeking the Court's leave to enlarge the page limit," and the respondent's motion to exceed the maximum page limitation was ultimately granted by the court.

Should the Court find that MCCLELLAN's Response in Opposition to Plaintiffs' Motion to Strike has exceeded twenty-five (25) pages, MCCLELLAN respectfully

submits that good cause exists for MCCLELLAN to be permitted to exceed the twenty-five (25) page limitation.  The arguments incorporated by reference in MCCLELLAN's Response – which detail how MCCLELLAN has been fraudulently joined in the present action and why this fraudulent joinder does not defeat this Court's diversity jurisdiction over Plaintiffs' action – are entirely relevant to the issue of remand and the issues of fraudulent joinder.  Such arguments are also numerous and require detailed analyses and explanation that necessitate slightly more than the page limitation specified under Local Rule 7.1(C)(1).  Furthermore, the arguments set forth by Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings in their Response in Opposition to Plaintiffs' Motion to Remand to State Court which MCCLELLAN's Response has incorporated by reference are already being considered by the Court in its evaluation of Plaintiffs' Motion to Remand; therefore, to consider such arguments as required by MCCLELLAN places no additional burden on the Court and does not prejudice Plaintiffs.

WHEREFORE, MCCLELLAN respectfully requests that this Honorable Court will deny Plaintiffs' Motion to Strike a Portion of Defendant McClellan Logging, Inc.'s Response in Opposition to Plaintiffs' Motion to Remand to State Court; or, in the alternative, will grant MCCLELLAN's Alternative Motion Seeking Leave to Exceed the Maximum Page Limitation.

## CERTIFICATION UNDER RULE 7.1(B)

Pursuant to Rule 7.1(B) of the Northern District of Florida, the undersigned counsel hereby certifies conferral with counsel for the Plaintiffs via telephone on March 2, 2011, in a good faith effort to resolve by agreement the issues raised herein.  The

parties were not able to resolve these issues or come to any mutual agreement thereon.  If the parties are subsequently able to reach an agreeable resolution to any of the issues raised herein, the undersigned counsel will notify the Court accordingly.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of March, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

Dated this 16th day of March, 2011.

*/s/   Kelly L. Wilson-Timmins*
**RANDY FISCHER, ESQUIRE**
Florida Bar No. 0218456
*rfischer@boehmbrown.com*
Boehm, Brown, Fischer, Harwood,
   Kelly & Scheihing, P.A.
233 SW 3rd Street
Ocala, Florida 34471
Telephone      (352) 622-8162
Facsimile      (352) 732-8808
**KELLY L. WILSON-TIMMINS,
   ATTORNEY-AT-LAW**
Florida Bar No. 65121
*kwilson@boehmbrown.com*
Boehm, Brown, Fischer, Harwood,
   Kelly & Scheihing, P.A.
101 Southhall Lane, Suite 375
Maitland, Florida 32751
Telephone      (407) 660-0990
Facsimile      (407) 660-5052
**Attorneys for McClellan Logging, Inc.**

## SERVICE LIST
## LEE-BOLTON ET AL. V. MCCLELLAN LOGGING, INC. ET AL.

**United States District Court, Northern District of Florida, Gainesville Division**

**Paul Stuart Rothstein, Esquire**
psr@rothsteinforjustice.com
Paul S. Rothstein, P.A.
626 N.E. 1st Street
Gainesville, Florida 32601-3391
(352) 376-7650 Telephone
(453) 374-7133 Facsimile
Attorneys for Plaintiffs
CM/ECF

**Benjamin Harvey Hill, III, Esquire**
bhill@hwhlaw.com
Hill, Ward & Henderson P.A.
101 E. Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
(813) 221-3900 Telephone
(813) 221-2900 Facsimile
Attorneys for Defendants Koppers Inc., Beazer East, Inc. and Koppers Holdings, Inc.
CM/ECF

**Casey G. Reeder, Esquire**
creeder@hwhlaw.com
Hill, Ward & Henderson P.A.
101 E. Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
(813) 221-3900 Telephone
(813) 221-2900 Facsimile
Attorneys for Defendants Koppers Inc., Beazer East, Inc. and Koppers Holdings, Inc.
CM/ECF

**Dennis Parker Waggoner, Esquire**
dwaggoner@hwhlaw.com
Hill, Ward & Henderson P.A.
101 E. Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
(813) 221-3900 Telephone
(813) 221-2900 Facsimile
Attorneys for Defendants Koppers Inc., Beazer East, Inc. and Koppers Holdings, Inc.
CM/ECF

**David A. Kanter, Esquire**
kanter@wildman.com
Wildman, Harrold, Allen, et al.
225 W. Wacker Drive, Suite 2800
Chicago, Illinois 60606
(312) 201-2683 Telephone
(312) 416-4545 Facsimile
Attorneys for Defendants Koppers Inc., Beazer East, Inc. and Koppers Holdings, Inc.
CM/ECF

**Megan Colleen Millirons, Attorney at Law**
millirons@wildman.com
Wildman, Harrold, Allen, et al.
225 W. Wacker Drive, Suite 2800
Chicago, Illinois 60606
(312) 201-2874 Telephone
(312) 416-4811 Facsimile
Attorneys for Defendants Koppers Inc., Beazer East, Inc. and Koppers Holdings, Inc.
CM/ECF

**Paul Keller Freeborn, Esquire**
freeborn@wildman.com
Wildman, Harrold, Allen, et al.
225 W. Wacker Drive, Suite 2800
Chicago, Illinois 60606
(312) 201-2000 Telephone
(312) 201-2555 Facsimile
Attorneys for Defendants Koppers Inc., Beazer East, Inc. and Koppers Holdings, Inc.
CM/ECF