UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| LISA LEE-BOLTON and RICHARD BOLTON, on behalf of themselves and all others similarly situated, and ROY GEIERSBACH on behalf of himself, <br><br> Plaintiffs, <br><br> v. <br><br> KOPPERS INC. f/k/a KOPPERS INDUSTRIES, INC., a Pennsylvania corporation, BEAZER EAST, INC. f/k/a KOPPERS COMPANY, INC., a Delaware corporation, KOPPERS HOLDINGS, INC., a Pennsylvania corporation, HEIDELBERG CEMENT AG, a foreign corporation, MCCLELLAN LOGGING, INC., a Florida corporation, and UNNAMED TRUCKING COMPANIES, <br><br> Defendants. | Case No.: 1:10-cv-00253-SPM -GRJ |

**PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANT HEIDELBERG CEMENT, AG AND DEFENDANT UNNAMED TRUCKING COMPANIES**

Plaintiffs, Lisa Lee-Bolton and Richard Bolton, on behalf of themselves and all others similarly situated, and Plaintiff Roy Geiersbach, on behalf of himself (collectively "Plaintiffs"), by their attorney, hereby move this Court for an extension of time in which to serve process on Defendant Heidelberg Cement, AG and the defendant unnamed trucking companies, and in support thereof state:

1.      Defendant Koppers Inc. ("Koppers"), Beazer East, Inc. ("Beazer"), and Koppers Holdings, Inc. ("Koppers Holdings"), joined by McClellan Logging, Inc. ("McClellan"),

1

removed this case to federal court on December 23, 2010.  One hundred and twenty (120) days from December 23, 2010 is April 22, 2011.

    2.    Fed. R. Civ. P. 4(m) states:

**(m) Time Limit of Service**

If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

    3.    The period of 120 days for serving process on a defendant not served prior to removal begins to run on the date the case is removed and not on the date the action was originally filed in state court.  Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1137 (2002); *Kimbrough v. City of Cocoa*, 2006 WL 1643364, *1 (M.D. Fla. 2006); *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478-79 (N.D. Ga. 1997); *Eccles v. National Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D.Md. 1998); *Yaman v. D'Angelo*, 206 F.Supp.2d 394, 401 (W.D.N.Y. 2002); *Alber v. Illinois Dep. of Mental Health*, 786 F.Supp. 1340, 1376 (N.D.Ill. 1992); *Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D. 452, 454 (D.Colo. 1991); *Motsinger v. Flynt*, 119 F.R.D. 373, 377 (M.D.N.C. 1988).

    4.    Fed. R. Civ. P. 4(m) explicitly states Rule 4(f) service in a foreign country is not subject to the 120 day limit from Rule 4(m).  Fed. R. Civ. P. 4(m).  Courts and commentators have found that the 120-day service period does not apply to service in a foreign county, and the trend is to find that the 120 day limit does not apply even if the plaintiff makes no attempt to serve within the period.  *See* Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1134

(2001 Supp.); *In re S1 Corp. Securities Litigation*, 173 F.Supp.2d 1334, 1343 (N.D. Ga. 2001); *Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991), *cert. denied*, 502 U.S. 1073 (1992) (holding that the plain language of Rule 4(j) [the predecessor to Rule 4(m)] made the 120-day service provision inapplicable to service in a foreign country); *Cargill Ferrous Intern. v. M/V Elikon*, 154 F.R.D. 193, 195-96 (N.D. Ill. 1994).

5. Defendant Heidelberg Cement is a foreign corporation with its principal place of business in Germany. Thus, as a foreign corporation, Defendant Heidelberg Cement must be served under Fed. R. Civ. P. 4(f) and 4(h)(2). The exception to the 120-day rule for foreign service in Rule 4(m) applies equally to corporations. *In re Imperial Home Decor Group, Inc.*, 294 B.R. 607, 609 (Bkrtcy.D.Del. 2003). Plaintiff is in the process of researching service of Heidelberg Cement in Germany pursuant to the Hague Convention on Service Abroad of Judicial or Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention"). In Germany, foreign service must be effected through the Central Authority, and Plaintiffs must first have the Complaint translated into German.

6. Though the authority cited in paragraph 4 is clear that the 120-day limit does not apply to service in a foreign county, some courts have held that the foreign service exemption from the 120 day time period in Fed. R. Civ. P. 4(m) is conditioned upon good faith attempts to serve the defendant within 120 days. *See Maale v. Francis*, 258 F.R.D. 533, 535 (S.D. Fla. 2009). Thus, out of an abundance of caution, Plaintiffs file this motion for an extension of time regarding Heidelberg Cement.

7. The 120-day period from Fed. R. Civ. P. 4(m), starting from the date of removal

in a case removed to federal court, also applies to service on John Doe defendants, but where a plaintiff has not identified or served a John Doe defendant within the period, the proper remedy is for the court to set a date before which the plaintiff must serve the John Doe defendants. S*ee* cases and commentary from ¶ 3, *supra; see, e.g., Pete's Towing Co. v. City of Tampa, Fla.*, 2008 WL 4791821, *15 (M.D.Fla. 2008); *see also Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567-68 (N.D.Ill. 1995).

8. Plaintiffs' Motion to Remand, filed February 3, 2011, remains pending in this Court. Regarding Heidelberg Cement, it would not make sense for Plaintiffs to cause a federal summons to issue, and begin the process of serving Heidelberg Cement with that summons, only to have the case remanded to state court while service was still pending. Heidelberg Cement may then appear in federal court after the case has been remanded to state court, which could have adverse consequences for Plaintiffs. Plaintiffs are prepared to move forward with good faith efforts to serve Heidelberg Cement, however, Plaintiffs respectfully submit that it would be more efficient to grant Plaintiffs twenty-one (21) days from the Court's ruling on the Motion to Remand in which to have the summons for Heidelberg Cement issued in federal court (if the Court denies the Motion to Remand), and to grant Plaintiffs sixty (60) days after issuance of the summons to send the Request for Service to the appropriate German Central Authority pursuant to the Hague Service Convention, art. 3, 5.

9. Regarding the unnamed trucking companies, after a diligent search, Plaintiffs have not been able to identify any of those John Doe defendants. The other Defendants likely have the information necessary for Plaintiffs to identify and serve the unnamed trucking companies. Plaintiffs will seek to have such information disclosed during discovery, which has

not yet commenced.  Plaintiffs respectfully request that this Court grant them ninety (90) days after the commencement of the discovery period (as determined by any subsequent scheduling order) in which to identify and serve any of the unnamed trucking companies.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order:

A) Granting Plaintiffs twenty-one (21) days from the date of any Order entered by the Court denying Plaintiffs' Motion to Remand in which to have the summons for Heidelberg Cement issued in federal court;

B) Granting Plaintiffs sixty (60) days after the issuance of the summons for Heidelberg Cement to send the Request for Service to the appropriate German Central Authority;

C) Granting Plaintiffs ninety (90) days after the commencement of the discovery period, as determined by subsequent scheduling order, in which to identify and serve the unnamed trucking companies; and

D) Granting any other relief that this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned hereby certifies that counsel for Plaintiffs has conferred with counsel for Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc., and with counsel for McClellan Logging, Inc. in a good faith attempt to resolve by agreement the issues raised in the foregoing motion.  Koppers, Beazer and Koppers Holdings do not have a position on this motion because they believe that only Heidelberg Cement and the unnamed trucking companies would have standing to object.  McClellan Logging objects to this motion.

Respectfully submitted this 4th day of April, 2011.

/s/ Paul S. Rothstein
Paul S. Rothstein
Attorney for Plaintiffs
Florida Bar No.: 310123
626 N. E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ Paul S. Rothstein
Paul S. Rothstein