IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON and RICHARD                )
BOLTON, on behalf of themselves, and all   )
others similarly situated, and ROY         )
GEIERSBACH on behalf of himself,           )
                                           )
               Plaintiffs,                 )
                                           )
        v.                                 )   CASE NO. 1:10-cv-253-SPM-GRJ
                                           )
KOPPERS INC., f/k/a KOPPERS                )
INDUSTRIES, INC., BEAZER EAST, INC.,       )
f/k/a KOPPERS COMPANY, INC.,               )
KOPPERS HOLDINGS, INC.,                    )
HEIDELBERG CEMENT AG,                      )
MCCLELLAN LOGGING, INC., and               )
UNNAMED TRUCKING COMPANIES,                )
                                           )
               Defendants.                 )

**DEFENDANTS KOPPERS INC., BEAZER EAST, INC., AND KOPPERS
HOLDINGS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFFS LEAVE
TO REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND**

Defendants, KOPPERS INC., BEAZER EAST, INC. and KOPPERS

HOLDINGS, INC., by their counsel, submit their Response In Opposition to Plaintiffs'

Motion for Reconsideration as follows:

Plaintiffs argue that this Court erred in denying them leave to file a reply to

Defendants' Response in Opposition to Plaintiffs' Motion to Remand. However,

Plaintiffs' Motion for Reconsideration presents no factual or legal basis upon which this

Court should reconsider its order. Instead, Plaintiffs raise arguments that could have and

should have been presented as "good cause" in their original motion for leave to file a

reply brief. Neither re-argument nor presenting previously overlooked argument(s) for the first time are legitimate predicates supporting a motion to reconsider. Reconsideration is appropriate only where the movant has met its burden of bringing to the court's attention: (1) an intervening change in the controlling law; (b) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. Plaintiffs' Motion for Reconsideration fails to establish any one of these predicates, and it should be denied on that basis alone.

Moreover, Plaintiffs have still failed to meet their burden of showing that good cause existed at the time they originally sought leave to file a reply pursuant to Local Rule 7.1 (C)(2). The Court's order denying Plaintiffs leave to file a reply brief was correct, and Plaintiffs' motion should be denied.

## BACKGROUND

Plaintiffs initially filed this putative class action lawsuit on November 18, 2010 in the Circuit Court of the Eighth Judicial Circuit of Alachua County, Florida. Defendants removed this action on December 23, 2010. After obtaining an agreed-upon extension of time to assess Defendants' Notice of Removal, on February 3, 2011, Plaintiffs filed a Motion to Remand. (Doc. 30.) Defendants filed their response to Plaintiffs' Motion to Remand on February 25, 2011. (Doc. 39.) Defendants' response did not raise new legal theories or arguments that were not either: (1) previously set forth in the Notice of Removal or (2) a direct response to arguments raised in Plaintiffs' Motion to Remand.

Nonetheless, on March 3, 2011, Plaintiffs filed a Motion for Leave to File a Reply to Defendants' Responses to Plaintiffs' Motion to Remand ("Motion for Leave"). (Doc. 42.) Plaintiffs argued that good cause to reply existed for two purported reasons. First,

Plaintiffs sought leave to submit evidence that two additional putative class members, identified through Defendants' review of real property deeds, are allegedly deceased. (Doc. 42 at p. 2.) Defendants did not oppose or object to Plaintiffs submitting evidence on that limited issue. (Doc. 45.) Second, Plaintiffs requested leave to reply to "other arguments raised" in Defendants' Response to their Motion to Remand. (Doc. 42 at p. 2.) Plaintiffs did not specify what "other arguments" they wished to address, nor did they offer any basis for why *good cause* (the applicable standard) existed to respond to those unidentified "other arguments." Defendants opposed Plaintiffs' amorphous request because it lacked good cause. (*See* Doc. 45 at p. 2.)

On March 16, 2011, the Court granted Plaintiffs' Motion for Leave only to the limited extent that Plaintiffs were permitted to submit additional evidence regarding the putative class members who may be deceased (the "March 16 Order").[1]   (Doc. 47.) The Court denied the Motion for Leave in all other respects, correctly finding that "there is no compelling reason to file a reply" because "[t]he briefing by the parties on the motion to remand adequately presents the arguments of the parties and therefore additional briefing would not aid the Court." (*Id.*)

On March 25, 2011, Plaintiffs moved to reconsider the Court's March 16 Order. (Doc. 50.) Plaintiffs now belatedly argue that good cause exists for them to file a reply to address three issues – (1) the amount in controversy; (2) the number of putative class members; and (3) the fraudulent joinder of McClellan Logging. However, Plaintiffs have

---

[1] On March 25, 2011, Plaintiffs filed a "Notice of Filing Evidence that Putative Class Members John Patrick Boggs and William Forrester are Deceased." (Doc. 49.) Plaintiffs submitted a copy of the death certificate of John Patrick Boggs, and a copy of William Forrester's last will and testament. (Docs. 49-1 and 49-2.) Mr. Forrester's will is not evidence that he is deceased, and he should be counted as a putative class member.

not met their burden of establishing that reconsideration is appropriate in the first instance, let alone that the Court erred in determining that good cause for a reply brief did not exist. Plaintiffs' motion should be denied.

## ARGUMENT

## I.     Plaintiffs Fail to Meet Their Burden of Establishing that Reconsideration is Warranted.

Plaintiffs have failed to establish that reconsideration of the Court's March 16 Order denying them leave to file a reply brief is appropriate. Plaintiffs' Motion for Leave did not specify a single issue to which Plaintiffs wished to respond, nor did it attempt to demonstrate that good cause existed for them to file a reply. Plaintiffs' failure to articulate the basis for their Motion for Leave (other than the status of the allegedly deceased plaintiffs) deprived the Court and the defendants of the opportunity to assess whether good cause existed. Therefore, the Court correctly concluded that no good cause existed for a reply.

Having correctly been denied leave to file a reply brief, after passing up their opportunity to present all their arguments to the Court in their Motion for Leave, Plaintiffs now request that this Court revisit the same issue that it has already decided. In essence, Plaintiffs seek a "do-over," or the opportunity to present arguments they failed to raise in their Motion for Leave. Yet, Eleventh Circuit law is clear that re-argument is not a legitimate basis for reconsideration. *See Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11ᵗʰ Cir. 2009) (noting that a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Rather, reconsideration is appropriate only where the movant shows: (1) an intervening change in the controlling law; (b) the availability of

new evidence; or (3) the need to correct clear error or to prevent manifest injustice. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 591 (N.D. Fla. 2010); *Carson v. J. Curt, Inc.*, No. 1:06-cv-00098-MP-AK, 2008 WL 4274502, *1 (N.D. Fla. September 11, 2008).

Plaintiffs have not even acknowledged this standard, much less met it. Plaintiffs do not describe a change in law, new evidence, or errors in the Court's application of the law. Plaintiffs do not attempt to articulate a legitimate basis for reconsideration. Rather, Plaintiffs belatedly present arguments for why there allegedly is (or was) "good cause" for a reply. But these arguments are simply out of time. Plaintiffs had their opportunity to present these arguments to the Court in their Motion for Leave, and for whatever reason elected to pass on that opportunity. This alone justifies denying Plaintiffs' Motion for Reconsideration. *See Wilchombe*, 555 F.3d at 957-8.

In *Wilchombe*, the District Court granted summary judgment in defendants' favor on plaintiff Wilchombe's copyright infringement claim. *Wilchombe*, 555 F.3d at 955. Wilchombe filed a motion for reconsideration and raised two new arguments that had not been raised in the briefing on the motion for summary judgment – that he had revoked any implied license, and that one of the defendants (TVT) was never granted an implied license. *Id.* The District Court rejected Wilchombe's belated presentation because these were "new arguments that plaintiff could and should have made before the Court issued its judgment, and plaintiff has given no explanation as to why he failed to raise these arguments earlier." *Id.* Wilchombe appealed, raising the same arguments that he raised for the first time in his motion for reconsideration. *Id.*

The Court of Appeals for the Eleventh Circuit affirmed the judgment of the

5

District Court. With respect to Wilchombe's argument that he had revoked any implied license, the Court noted that "both the factual and legal bases for his revocation claim were known to Wilchombe at the time he responded to Appellees' motion for summary judgment....Wilchombe gave no reason in his motion for reconsideration, nor does he now, why he failed to raise this new legal theory before judgment was rendered." *Id.* at 957. Accordingly, the court affirmed the district court's denial of the motion for reconsideration as to the revocation issue. *Id.* For the same reason, the court affirmed the district court's denial of the motion for reconsideration on the issue of whether TVT was granted a license. The court stated:

> In his response opposing the motion for summary judgment, Wilchombe never argued, as he does now, that TVT did not have an implied license because it never requested creation of the song, Wilchombe never delivered the song to TVT, and Wilchombe never intended that TVT copy and distribute the song. **These arguments could and should have been presented to the district court for consideration prior to his decision on the summary judgment motion. The district court properly rejected these arguments for this reason, and we likewise refuse to give Wilchombe a "second bite at the apple."**

*Id.* at 958 (emphasis added).

Here, as in *Wilchombe*, Plaintiffs had the opportunity in their Motion for Leave to articulate the bases of the alleged "good cause" for a reply, but failed to do so. This failure does not warrant reconsideration of the Court's March 16 Order, and the Court should deny Plaintiffs' Motion.

## II. The Court Correctly Determined that No Good Cause Existed for the Filing of a Reply Brief.

Local Rule 7.1(C)(2) states: "No reply memoranda shall be filed absent a showing of good cause." N.D. Fla. Local Rule 7.1(C)(2). Plaintiffs bear the burden of showing good cause for the filing of a reply brief, and because they failed (and have still failed) to

6

meet that burden, the Court was correct in denying their Motion for Leave. *See Smith v. Psychiatric Solns., Inc.,* No. 3:08cv3/MCR/EMT, 2009 WL 903624, *4 (N.D. Fla. March 31, 2009) (overruling objection to magistrate judge's denial of plaintiff's motion for leave to file reply brief, because plaintiff did not show that good cause existed for the filing of a reply).

Plaintiffs now argue that good cause existed for them to file a reply to address three issues – (1) the amount in controversy; (2) the number of putative class members; and (3) the fraudulent joinder of McClellan Logging. However, Defendants' Response to the Motion to Remand did not raise any new substantive arguments (on these or any other issues) of which Plaintiffs were unaware or unable to address in their Motion to Remand. Indeed, all of the issues which Plaintiffs seek to raise in a reply could have been raised in their Motion to Remand. The Court was correct in determining that no good cause existed for a reply brief, and the March 16 Order should be affirmed.

If movants were permitted to file reply briefs dressed up as Motions for Reconsideration, then Local Rule 7.1(C)(2) would have no teeth. Every denial of a motion for leave to file a reply brief would simply be followed by a motion to reconsider incorporating (as Plaintiffs have done here) the arguments intended for the denied reply brief. The Plaintiffs' Motion for Reconsideration sets forth Plaintiffs' arguments regarding the amount in controversy, number of putative class members, and fraudulent joinder. In essence, the Motion for Reconsideration is the reply brief that Plaintiffs were explicitly denied leave to file. The Court should disregard or even strike the Motion for Reconsideration for this reason. *See Dahlgren v. Muldrow,* No. 1:06-cv-00065-MP-AK,

2008 WL 186641, *7 (N.D. Fla. Jan. 18, 2008) (granting defendants' motion to strike plaintiff's reply brief for failure to seek leave from the court to file it).

## A. There is no good cause for Plaintiffs to reply regarding the amount in controversy

Plaintiffs claim that, "[i]n their response, Defendants presented a substantially different argument regarding the amount in controversy under the Class Action Fairness Act ("CAFA") than they did in their Notice of Removal." (Doc. 50, ¶ 4.) Not so. Defendants' position on the amount in controversy issue has been unwavering since the filing of their Notice of Removal and was reiterated in their Response to Plaintiffs' Motion to Remand. In both briefs, Defendants assert that in determining the amount in controversy, the Court should first consider the assessed value of the properties located in the Class Affected Area. (*Compare* Doc. 1, ¶ 35 ("With regard to Plaintiffs' alleged diminution in property value, the ACPA annually assesses the value of the properties located in the Affected Area. This year, the ACPA valued those properties at $7,722,100 in the aggregate."); *with* Doc. 39, p. 11 ("In their Notice of Removal, Defendants demonstrated that the ACPA most recently assessed all properties located in the Affected Area at a value of $7,722,100.").)

Further, both the Notice of Removal and the Response to the Motion to Remand contain the same argument that, in addition to the aggregate assessed property values, the Court should consider Plaintiffs' alleged damages for loss of use and enjoyment, including annoyance, discomfort, inconvenience and sickness. (*Compare* Doc. 1, ¶ 39 ("Combined with the amount in controversy relating to Plaintiffs' alleged damages for diminution in property values, Plaintiffs' additional damages for loss of use and enjoyment, annoyance, inconvenience, diminished quality of life, and increased risk of

developing cancer and other serious latent diseases raise the total amount in controversy above $46,300 per class member on average, which satisfies CAFA's jurisdictional threshold."); *with* Doc. 39, pp. 13-14 ("[P]roperty owners may recover damages for (a) the lesser of diminution of the value or restoration costs, *and* (b) loss of use and enjoyment….Florida courts have broadly applied damages for loss of use and enjoyment, holding that such damages may be awarded for personal injuries in the form of annoyance, discomfort, inconvenience, or sickness.").)

In short, Defendants raised the same arguments in their Response to Plaintiffs' Motion to Remand as they did in their Notice of Removal, and Plaintiffs had ample opportunity to preemptively address Defendants' arguments in their Motion to Remand. Plaintiffs' decision not to present those arguments in their motion does not constitute "good cause" under Local Rule 7.1(C)(2) justifying a reply brief. Plaintiffs should not be permitted to submit a reply on the amount in controversy issue.

## B. There is no good cause for Plaintiffs to reply regarding the number of putative class members

Likewise, there is no good cause for a reply regarding the number of putative class members. Plaintiffs contend that certain arguments regarding this issue "have not been sufficiently addressed in the parties' filings." (Doc. 50, ¶ 6.) Specifically, Plaintiffs wish to further brief: (1) whether putative class members can opt out of the class prior to certification; (2) whether remaindermen of a life estate should be included in the putative class member count; (3) whether a tax reassessment is an "action" within the meaning of Plaintiffs' class definition; and (4) whether trustees should be included in the putative class member count. Plaintiffs already had a sufficient opportunity to develop each of

these arguments in their Motion to Remand, and their failure to do so is not "good cause" justifying the filing of a reply brief.

Defendants' Notice of Removal identified at least 108 putative class members and the method used to identify these individuals. (Doc. 1, ¶ 24; Doc. 1-3, ¶¶ 6-11.) Before Plaintiffs filed their Motion to Remand, Defendants voluntarily provided to Plaintiffs their list of putative class members, including addresses and parcel numbers. (*See* Doc. 30, ¶ 11; Doc. 30-2.) Plaintiffs were clearly cognizant of Defendants' method of computing the number of putative class members. In fact, Plaintiffs attempted to show in their Motion to Remand that some of the individuals on Defendants' list should not be counted as putative class members. Plaintiffs must have known that Defendants would respond to Plaintiffs' arguments, and likewise knew that Local Rule 7.1(C)(2) disfavored reply briefs. Plaintiffs could have developed and supported these arguments in their Motion to Remand. For example, if Plaintiffs had any case law to support the proposition that a putative class member can opt out of a class prior to certification, they should have included that authority in their Motion to Remand. Plaintiffs' election not to do so is not good cause for the filing of a reply brief.

## C. There is no good cause for Plaintiffs to reply regarding the fraudulent joinder of McClellan Logging

Finally, with respect to the fraudulent joinder of McClellan Logging, Plaintiffs contend that they must reply to respond to Defendants' citation of *Corbett v. Eastern Air Lines, Inc.*, 166 So.2d 196 (Fla. 1st DCA 1964). (Doc. 50, p. 7.) However, Plaintiffs were aware of the relevance of *Corbett* nearly one month before they filed their Motion to Remand, because McClellan cited and discussed that case in its Motion to Dismiss, which was filed on January 13, 2011. (*See* Doc. 24, pp. 17-21.) Given the Northern

District's disfavor towards reply briefs as set forth in Local Rule 7.1(C)(2), Plaintiffs should have addressed *Corbett* in their Motion to Remand. Any regret they may now have with the decision not to cite *Corbett* in the Motion to Remand is not "good cause" justifying a reply. *See Smith,* 2009 WL 903624, at \*4.

In *Smith,* plaintiff moved the District Court for leave to reopen discovery, and defendants responded. *Smith,* 2009 WL 903624, at \*3. Plaintiff moved for leave to file a reply brief, arguing that the requisite good cause existed because defendants attached "new" evidentiary materials to their opposition to her motion. *Id.* The magistrate judge denied plaintiff's motion for leave to file a reply, and plaintiff filed an objection with the District Court. *Id.* The District Court affirmed the magistrate's opinion denying plaintiff leave to file a reply, noting that: "except for [an affidavit from defendants' counsel], plaintiff's counsel had previously seen all of this material, and in fact had previously filed the full text of the depositions with the court." *Id.* at \*4. Here, as in *Smith,* Plaintiffs were made aware of *Corbett* before they filed their Motion to Remand, and therefore Defendants' discussion of that case is not "good cause" for Plaintiffs to file a reply brief. Plaintiffs' motion should be denied.

## CONCLUSION

Plaintiffs' Motion for Reconsideration does not set forth an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice. Instead, it raises arguments that could have and should have been presented to the Court as "good cause" in Plaintiffs' original motion for leave to file a reply brief. Re-argument is not a legitimate basis for a motion to reconsider, and Plaintiffs' motion should be denied on that basis alone. Moreover, Plaintiffs have still

failed to meet their burden of showing that good cause existed at the time they originally sought leave to file a reply pursuant to Local Rule 7.1 (C)(2). The Court's order denying Plaintiffs leave to file a reply brief was correct, and Plaintiffs' motion should be denied.

WHEREFORE, Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc., respectfully request that the Court deny Plaintiffs' Motion for Reconsideration of the Order Denying Plaintiffs Leave to Reply to Defendants' Responses in Opposition to Plaintiffs' Motion to Remand.

Date: April 8, 2011

Respectfully submitted,

s/ Megan C. Millirons

**OF COUNSEL:**
Robert L. Shuftan (ILBN 3124475)
*Northern District Bar application to be*
*submitted*
shuftan@wildman.com
David A. Kanter (ILBN 6187653)
*Admitted to Northern District Bar 9/30/10*
kanter@wildman.com
Brent R. Austin (ILBN 6220501)
*Admitted to Northern District Bar 9/29/10*
austin@wildman.com
Paul K. Freeborn (ILBN 6277489)
*Admitted to Northern District Bar 10/28/10*
freeborn@wildman.com
Megan C. Millirons (ILBN 6290249)
*Admitted to Northern District Bar 9/29/10*
millirons@wildman.com
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: 312-201-2000
Fax: 312-201-2555

Benjamin H. Hill, III (FBN 094585)
bhill@hwhlaw.com
Dennis P. Waggoner (FBN 509426)
dwaggoner@hwhlaw.com
Casey G. Reeder (FBN 041986)
creeder@hwhlaw.com
HILL, WARD & HENDERSON P.A.
101 East Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL 33602
Phone: (813) 221-3900
Fax: (813) 221-2900

**ATTORNEYS FOR DEFENDANTS**
**KOPPERS INC., BEAZER EAST, INC.**
**AND KOPPERS HOLDINGS INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

s/ Megan C. Millirons