IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON and RICHARD )
BOLTON, on behalf of themselves and all )
others similarly situated, and ROY )
GEIERSBACH on behalf of himself, )
  )
        Plaintiffs, )
  )
       v. )    CASE NO. 1:10-cv-253-SPM-GRJ
  )
KOPPERS INC., f/k/a KOPPERS )
INDUSTRIES, INC., BEAZER EAST, INC., )
f/k/a KOPPERS COMPANY, INC., )
KOPPERS HOLDINGS, INC., )
HEIDELBERG CEMENT AG, )
MCCLELLAN LOGGING, INC., and )
UNNAMED TRUCKING COMPANIES, )
  )
        Defendants. )

**DEFENDANTS KOPPERS INC., BEAZER EAST, INC., AND KOPPERS
HOLDINGS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SUPPLEMENTARY EXHIBITS IN SUPPORT OF
MOTION TO REMAND AND MOTION FOR LEAVE TO FILE ADDITIONAL
AFFIDAVITS IN SUPPORT OF MOTION TO REMAND IF DEFENDANTS'
MOTION TO STRIKE IS GRANTED**

Defendants, KOPPERS INC., BEAZER EAST, INC. and KOPPERS

HOLDINGS, INC., by their counsel, submit their Response In Opposition to Plaintiffs'

Motion for Leave to File Supplementary Exhibits in Support of Motion for Remand and

Motion for Leave to File Additional Affidavits in Support of Motion to Remand if

Defendants' Motion to Strike is Granted as follows:

Although styled as a "motion for leave to file supplementary exhibits" in support

of their Motion to Remand, Plaintiffs' motion is really one for reconsideration of the

Court's March 16, 2011 Order denying Plaintiffs leave to file a reply in support of their Motion to Remand. The four documents Plaintiffs seek to file reply directly to Defendants' arguments regarding the number of putative class members. Plaintiffs' motion should be denied because Plaintiffs have not established any of the predicate bases supporting reconsideration – an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice. On the contrary, all of the evidence Plaintiffs seek to file was available when Plaintiffs filed their Motion for Leave to File a Reply Brief. Therefore, Plaintiffs' motion should be denied.

Likewise, the Court should deny Plaintiffs' contingent request to file additional affidavits if the Court grants Defendants' Motion to Strike. The testimony that Plaintiffs wish to submit was available when Plaintiffs filed their Motion to Remand and should have been submitted at that time. If Plaintiffs believed this testimony was important, they should have submitted it at the appropriate time. There is no good cause for the submission of these affidavits now.

## BACKGROUND

Plaintiffs initially filed this putative class action on November 18, 2010 in the Circuit Court of the Eighth Judicial Circuit of Alachua County, Florida. Defendants removed this action on December 23, 2010. After obtaining an agreed-upon extension of time to assess Defendants' Notice of Removal, on February 3, 2011, Plaintiffs filed a Motion to Remand. (Doc. 30.) Defendants filed their response to Plaintiffs' Motion to Remand on February 25, 2011. (Doc. 39.) In addition, Defendants filed a motion to

strike certain paragraphs of two affidavits filed in support of Plaintiffs' Motion to Remand, on the grounds that the affidavits contain inadmissible hearsay. (Doc. 40.)[1]

On March 3, 2011, Plaintiffs filed a Motion for Leave to File a Reply to Defendants' Responses to Plaintiffs' Motion to Remand ("Motion for Leave to File a Reply"). (Doc. 42.) Plaintiffs argued that good cause existed for a reply for two reasons – to submit evidence that two members of the putative class are deceased, and to reply to "other arguments raised" in Defendants' Response to their Motion to Remand. (Doc. 42 at p. 2.) Plaintiffs did not specify what "other arguments" they wished to address, nor did they offer any basis for why good cause existed to respond to those unidentified arguments.

On March 16, 2011, this Court denied Plaintiffs' Motion for Leave to File a Reply, except to the extent that it permitted Plaintiffs to submit additional evidence regarding the putative class members who may be deceased. (Doc. 47.) These defendants did not oppose that specific aspect of Plaintiffs' motion. The Court denied Plaintiffs leave to file a reply brief on any other issues. (*Id.*)

Undeterred by the Court's ruling, on March 25, 2011, Plaintiffs filed their Motion for Leave to File Supplemental Exhibits (Doc. 51) and a Motion to Reconsider the Court's denial of Plaintiffs' Motion for Leave to File a Reply (Doc. 50).[2] In their Motion for Leave to File Supplemental Exhibits, Plaintiffs seek leave to submit four documents – (1) an amended affidavit of Dale Turlington; (2) an affidavit of Susan Turlington; (3) correspondence from Tanner Andrews regarding his representation of putative class

---

[1] Plaintiffs responded to Defendants' Motion to Strike on March 11, 2011. (Doc. 44.)

[2] Contemporaneous with the filing of the instant response, Defendants are filing a response in opposition to Plaintiffs' motion to reconsider.

members; and (4) a recommendation from the Special Magistrate to the Value Adjustment Board regarding petitions for tax reassessment allegedly filed by putative class members. (Doc. 51, ¶ 3.) Each of these four documents are offered in direct response to issues raised in Defendants' Response to Plaintiffs' Motion to Remand regarding the number of putative class members. Thus, although styled as a motion for leave to submit additional evidence, Plaintiffs' Motion for Leave to File Supplemental Exhibits is essentially a second motion to reconsider the Court's March 16, 2011 Order denying Plaintiffs' request to file a reply brief.

Where, as here, a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the Court should not grant the motion absent some showing that the evidence was not available when the party filed its original motion. *See, e.g., Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Because all of the evidence Plaintiffs seek leave to submit was available when Plaintiffs filed their Motion for Leave to File a Reply, Plaintiffs' belated request for leave to file these exhibits should be denied.

Plaintiffs' contingent request to file additional affidavits in support of the Motion to Remand if the Court grants Defendants' Motion to Strike should also be denied. The affidavits Plaintiffs now seek leave to submit could have been submitted with Plaintiffs' Motion to Remand in the first instance. Moreover, these affidavits would not cure the defects raised in Defendants' Response to the Motion to Remand, and, as such, the affidavits are not relevant to the Court's ruling on that motion. Thus, there is no good cause for Plaintiffs to submit additional affidavits if the Court grants Defendants' Motion to Strike, and their request to do so should be denied.

4

## ARGUMENT

**I.    Plaintiffs' "Motion for Leave to File Supplemental Exhibits" Should Be Treated as a Second Motion to Reconsider the Court's March 16, 2011 Order Denying Plaintiffs Leave to File a Reply Brief.**

Each of the four documents that Plaintiffs seek leave to submit replies directly to arguments raised in Defendants' Response to Plaintiffs' Motion to Remand regarding the number of putative class members. The second affidavit of Dale Turlington and the affidavit of Susan Turlington (Docs. 51-1 and 51-2) are offered in response to Defendants' argument that, even if the Turlingtons could "opt out" of a class prior to certification, the Turlingtons should be counted as putative class members because they apparently did not "opt out" until after Defendants removed this action on December 23, 2010 – and this Court's jurisdiction cannot be affected by post-removal events. (Doc. 39, pp. 10-11 ) These affidavits purport to show that the Turlingtons attempted to opt out of this putative class action "at some point before November 18, 2010." (Doc. 51-1, ¶4; Doc. 51-2, ¶4.) Plaintiffs admit that the Turlington affidavits are offered in reply to Defendants' Response to Plaintiffs' Motion to Remand. (Doc. 51, ¶4 ("In order to remedy the alleged problems with the Turlington Affidavit brought up in Defendants' response to Plaintiffs' Motion to Remand, Plaintiffs request leave to file the Amended Affidavit of Dale Turlington...and the Affidavit of Susan Turlington....").)

Likewise, the correspondence from Tanner Andrews regarding Karen Scott, Charles Mills and Danielle Devincenzo King (Doc. 51-3) and the recommendation from the Special Magistrate to the Value Adjustment Board regarding petitions for tax reassessment filed by these putative class members (Doc. 51-4) are offered in response to Defendants' arguments that Scott, Mills and King should be counted as putative class

5

members despite Plaintiffs' argument that they signed retainer agreements with other attorneys, because there was no evidence showing that they actually signed any such retainer agreements.  (Doc. 39, pp. 8-9.)  Although Defendants dispute that Plaintiffs' proffered evidence is proof that Scott, Mills and King have signed retainer agreements with other counsel, that is clearly what these documents are intended to establish.

In short, all four documents that Plaintiffs seek leave to file reply directly to issues raised in Defendants' Response to Plaintiffs' Motion to Remand.  Thus, the Court should treat Plaintiffs' "Motion for Leave to File Supplemental Exhibits" as a second motion to reconsider the Court's March 16, 2011 Order denying Plaintiffs' Motion for Leave to File a Reply.

## II.    Plaintiffs' Request to Submit Additional Evidence Should Be Denied Because the Evidence Was Available at the Time Plaintiffs Filed their Motion for Leave to File a Reply.

The Court correctly denied Plaintiffs' Motion for Leave to File a Reply, and Plaintiffs have not met their burden of establishing that reconsideration is warranted. Reconsideration is appropriate only where the movant has met its burden of bringing to the court's attention: (1) an intervening change in the controlling law; (b) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 591 (N.D. Fla. 2010); *Carson v. J. Curt, Inc.*, No. 1:06-cv-00098-MP-AK, 2008 WL 4274502, *1 (N.D. Fla. September 11, 2008).  Where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not

available during the pendency of the original motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).

Plaintiffs have not met their burden of establishing any of the prerequisites for reconsideration. Plaintiffs seek leave to submit four previously unsubmitted documents in support of their Motion to Remand. However, Plaintiffs have failed to allege, much less show, that these documents were unavailable when they filed their Motion for Leave to File a Reply. In fact, Exhibits C and D are dated October 3, 2010 and December 15, 2010, respectively – several months prior to Plaintiffs' filing of their Motion for Leave to File a Reply and their original Motion to Remand. (*See* Docs. 51-3 and 51-4.) Moreover, Plaintiffs obtained an affidavit from Dale Turlington to support their Motion to Remand (Doc. 30-9), but offer no explanation for why Plaintiffs failed to or could not have included information regarding the timing of the purported "opt out" in Mr. Turlington's original affidavit.

Because Plaintiffs have not shown that the evidence they now seek leave to file was unavailable during the pendency of the original motion, the Court should deny Plaintiffs' Motion for Leave to File Supplemental Exhibits. *See Mays,* 122 F.3d at 46. In *Mays,* the District Court granted summary judgment in favor of defendant and against plaintiff in an action under Title VII of the Civil Rights Act of 1964. *Id.* at 45. Plaintiff filed a motion to reconsider that attached several affidavits that plaintiff had not previously submitted to the court. *Id.* The District Court denied the motion to reconsider, and plaintiff appealed. *Id.* The Eleventh Circuit held that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not

7

available during the pendency of the original motion." *Id.* at 46. Because plaintiff "failed to allege, much less show, that she could not have submitted the affidavits attached to the motion for reconsideration any earlier," the Eleventh Circuit affirmed the district court's denial of plaintiff's motion to reconsider. *Id.*

Here, as in *Mays*, Plaintiffs have not shown that the evidence they now seek leave to file was unavailable during the pendency of their Motion for Leave to File a Reply. The Court should deny Plaintiffs' Motion for Leave to File Supplemental Exhibits.

## III. Plaintiffs' Request to File Additional Affidavits if the Court Grants Defendants' Motion to Strike Should Be Denied Because there is No Good Cause for the Filing of Additional Affidavits.

Plaintiffs also seek "leave to file additional affidavits in support of the Motion to Remand if the Court grants Defendants' motion to strike." (Doc. 51, ¶ 6.) Plaintiffs apparently would submit the second affidavit of Dale Turlington and the affidavit of Susan Turlington. (*See* Doc. 51 at ¶ 8.) Plaintiffs wish to submit these affidavits to "address[] the arguments raised by Defendants that the Turlington Affidavit did not indicate when Dale and Susan Turlington opted out of the above-styled action and that Dale Turlington did not have the authority to opt out on behalf of his wife, Susan Turlington." (*Id.*, *citing* Defendants' Response to Plaintiffs' Motion to Remand (Doc. 39) at pp. 10-11.) In other words, Plaintiffs are requesting leave to reply to Defendants' Response to Plaintiffs' Motion to Remand – a request that this Court has already denied. (*See* Doc. 47.) Plaintiffs' request for leave to reply should only be granted upon a showing of good cause. *See* N.D. Fla. Local Rule 7.1(C)(2) ("No reply memoranda shall be filed absent a showing of good cause.").

Case 1:10-cv-00253-SPM -GRJ Document 54 Filed 04/08/11 Page 9 of 11

Plaintiffs have failed to show that good cause exists justifying the filing of additional affidavits in support of their Motion to Remand. As discussed above, Plaintiffs do not explain why they failed to include information regarding the timing of the purported "opt out" in Mr. Turlington's original affidavit in support of the Motion to Remand, or why they failed to obtain an affidavit from Mrs. Turlington at that time. Moreover, these affidavits would not have cured the issue raised in Defendants' Response to Plaintiffs' Motion to Remand – that putative class members cannot "opt out" of a class prior to certification. The affidavits are not relevant to the Court's ruling on the Motion to Remand. Because Plaintiffs have not demonstrated that good cause exists for the filing of these affidavits in reply to Defendants' Response to Plaintiffs' Motion to Remand, Plaintiffs' Motion for leave to file them should be denied. *See Smith v. Psychiatric Solns., Inc.,* No. 3:08cv3/MCR/EMT, 2009 WL 903624, *4 (N.D. Fla. March 31, 2009) (overruling objection to magistrate judge's denial of plaintiff's motion for leave to file reply brief, because plaintiff did not show that good cause existed for the filing of a reply).

## CONCLUSION

Plaintiffs' "Motion for Leave to File Supplemental Exhibits" is in reality a second motion for reconsideration of the Court's March 16, 2011 order denying Plaintiffs leave to file a reply to Defendants' Response to Plaintiffs' Motion to Remand. All of the evidence that Plaintiffs seek leave to file was available at the time Plaintiffs filed their Motion for Leave to File a Reply Brief. Because Plaintiffs have not and cannot establish any of the legitimate bases supporting reconsideration – an intervening change in the

controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice – Plaintiffs' motion should be denied.

Likewise, the Court should deny Plaintiffs' contingent request to file additional affidavits if the Court grants Defendants' Motion to Strike. The affidavits that Plaintiffs wish to submit were available when Plaintiffs filed their Motion to Remand and should have been submitted at that time.    Therefore, there is no good cause justifying submission of these affidavits.

WHEREFORE, Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc., respectfully request that the Court deny Plaintiffs' Motion for Leave to File Supplementary Exhibits in Support of Motion for Remand and Motion for Leave to File Additional Affidavits in Support of Motion to Remand if Defendants' Motion to Strike is Granted.

Date:   April 8, 2011                                 Respectfully submitted,

<table>
<tr><td>

**OF COUNSEL:**

Robert L. Shuftan (ILBN 3124475)
*Northern District Bar application to be submitted*
shuftan@wildman.com
David A. Kanter (ILBN 6187653)
*Admitted to Northern District Bar 9/30/10*
kanter@wildman.com
Brent R. Austin (ILBN 6220501)
*Admitted to Northern District Bar 9/29/10*
austin@wildman.com
Paul K. Freeborn (ILBN 6277489)
*Admitted to Northern District Bar 10/28/10*
freeborn@wildman.com
Megan C. Millirons (ILBN 6290249)
*Admitted to Northern District Bar 9/29/10*
millirons@wildman.com
Wildman, Harrold, Allen & Dixon LLP
225 W. Wacker Drive, Suite 2800

</td><td>

s/ Megan C. Millirons

Benjamin H. Hill, III (FBN 094585)
bhill@hwhlaw.com
Dennis P. Waggoner (FBN 509426)
dwaggoner@hwhlaw.com
Casey G. Reeder (FBN 041986)
creeder@hwhlaw.com
HILL, WARD & HENDERSON P.A.
101 East Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL 33602
Phone: (813) 221-3900
Fax: (813) 221-2900

</td></tr>
</table>

10

Chicago, IL 60606
Phone: 312-201-2000
Fax: 312-201-2555

**ATTORNEYS FOR DEFENDANTS
KOPPERS INC., BEAZER EAST, INC.
AND KOPPERS HOLDINGS INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

s/ Megan C. Millirons