IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON and RICHARD
BOLTON, on behalf of themselves
and all others similarly situated,
and ROY GEIERSBACH
on behalf of himself,

    Plaintiffs,

v.                                CASE NO. 1:10-cv-00253-SPM-GRJ

KOPPERS INC.,
f/k/a/ KOPPERS INDUSTRIES, INC.,
BEAZER EAST, INC.,
f/k/a KOPPERS COMPANY, INC.,
KOPPERS HOLDINGS, INC.,
HEIDELBERG CEMENT AG,
MCCLELLAN LOGGING, INC.,
and UNNAMED TRUCKING COMPANIES,

    Defendants.
_____ /

## O R D E R

On June 6, 2011 the Court entered a report and recommendation denying Plaintiffs' Motion to Remand.  After the motion to remand was filed the parties filed other motions relevant to the motion to remand. These motions include: (1) Defendants Koppers Inc., Beazer East, Inc., And Koppers Holdings, Inc.'s Motion to Strike certain portions of the affidavits of Dale Torrington and Jamie Argonne (Doc. 40); (2) Plaintiffs Motion To Strike a Portion of Defendant McClellan Logging, Inc.'s Response in Opposition to Plaintiffs' Motion to Remand  (Doc. 43); (3) Plaintiffs' Motion For Reconsideration of the Order Denying Plaintiffs Leave to Reply to Defendants' Responses in Opposition to Plaintiffs' Motion to Remand (Doc. 50); and (4) Plaintiffs' Motion For Leave to File Supplementary Exhibits in Support of Motion To Remand and

Motion For Leave to File Additional Affidavits in Support of Motion to Remand if Defendants' Motion to Strike is Granted. (Doc. 51.)

With regard to (1) Defendants Koppers Inc., Beazer East, Inc., And Koppers Holdings, Inc.'s Motion to Strike certain portions of the affidavits of Dale Torrington and Jamie Argonne (Doc. 40) the motion is due to be denied because the Court has considered the affidavits in ruling upon Plaintiffs' Motion to Remand.

Further, with regard to Plaintiffs Motion To Strike a Portion of Defendant McClellan Logging, Inc.'s Response in Opposition to Plaintiffs' Motion to Remand (Doc. 43) the motion is due to be denied. The Court did not need to consider the arguments in McClellan's response, which incorporated McClellan's motion to dismiss, because the Court did not have to address fraudulent joinder in ruling upon Plaintiffs' Motion to Remand.

Plaintiffs' Motion for Reconsideration of the Order Denying Plaintiffs Leave to Reply to Defendants' Responses in Opposition to Plaintiffs' Motion to Remand (Doc. 50) is due to be denied because Plaintiffs fail to raise any new arguments not previously considered by the Court in determining that a reply brief was not necessary. As the Court previously stated the issues concerning the motion to remand were adequately briefed and a reply would not have provided any further assistance to the Court in resolving the motion.

Lastly, with regard to Plaintiffs' Motion For Leave to File Supplementary Exhibits in Support of Motion To Remand and Motion For Leave to File Additional Affidavits in Support of Motion to Remand if Defendants' Motion to Strike is Granted (Doc. 51) the motion is due to be granted to the extent that the Court considered Plaintiffs four

supplementary exhibits appended to this motion in ruling on the motion to remand.

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Defendants Koppers Inc., Beazer East, Inc., And Koppers Holdings, Inc.'s Motion to Strike certain portions of the affidavits of Dale Torrington and Jamie Argonne (Doc. 40) is **DENIED**.

(2) Plaintiffs Motion To Strike a Portion of Defendant McClellan Logging, Inc.'s Response in Opposition to Plaintiffs' Motion to Remand (Doc. 43) is **DENIED**.

(3) Plaintiffs' Motion For Reconsideration of the Order Denying Plaintiffs Leave to Reply to Defendants' Responses in Opposition to Plaintiffs' Motion to Remand (Doc. 50) is **DENIED.**

(4) Plaintiffs' Motion For Leave to File Supplementary Exhibits in Support of Motion To Remand and Motion For Leave to File Additional Affidavits in Support of Motion to Remand if Defendants' Motion to Strike is Granted (Doc. 51) is **GRANTED** to the extent that the supplementary exhibits attached to the motion were considered by the Court.

**DONE AND ORDERED** this 6th day of June, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge