IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON and RICHARD
BOLTON, on behalf of themselves
and all others similarly situated,
and ROY GEIERSBACH
on behalf of himself,

    Plaintiffs,

v.                                        CASE NO. 1:10-cv-253-SPM-GRJ

KOPPERS INC.,
f/k/a/ KOPPERS INDUSTRIES, INC.,
BEAZER EAST, INC.,
f/k/a KOPPERS COMPANY, INC.,
KOPPERS HOLDINGS, INC.,
HEIDELBERG CEMENT AG,
MCCLELLAN LOGGING, INC.,
and UNNAMED TRUCKING COMPANIES,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiffs' Motion For An Extension of Time to Serve Defendant Heidelberg Cement, AG And Defendant Unnamed Trucking Companies. (Doc. 52.) Defendant McCllellan Logging, Inc. filed a Response to Plaintiffs' motion (Doc. 57) and, therefore, the motion is ripe for review. Plaintiffs request the Court to enter an order extending the time in which Plaintiffs must serve process on Defendant Heidelberg Cement, AG ("Heidelberg") and serve process on the unnamed trucking companies.

As grounds Plaintiffs argue that it would be more efficient to wait for the Court to rule on Plaintiffs' Motion to Remand before Plaintiffs obtain an issued summons and

begin the process of serving Heidelberg, a German corporation, through the Convention On The Service Abroad of Judicial And Extrajudicial Documents In Civil or Commercial Matters (the "Hague Service Convention.") While the pendency of a motion to remand should not have any practical effect on the issue of service the Court already has issued its report and recommendation denying the motion to remand (Doc. 58) so there is no longer any practical reason to delay the process of serving Heidelberg.

    As Plaintiffs correctly point out the 120 time limit in Rule (m) of the Federal Rules of Civil Procedure does not apply to service, as here, in a foreign country. Rule 4(m) expressly provides that "This subdivision does not apply to service in a foreign country pursuant to subdivision(f) or (j)(1)." Although service on a foreign corporation outside the United States is specified in Rule 4(h)(2) because the Rule incorporates the methods of service prescribed in Rule 4(f) the 120 day time limit does not apply to service in a foreign country of a corporate defendant. <u>Flock v. Scripto-Tokai Corp.</u>, 2001 WL 34111630, no. Civ.A.H-00-3794 (S.D. Tex. 2001)("The Courts have consistently recognized that the 120 day time limit does not apply to service in foreign countries of ... corporate defendants.") Thus, the 120 day limit for service of process, which was triggered on December 23, 2010 – the date the notice of removal was filed – does not apply in this case.

    Nonetheless, because service of process will have to be made through the Hague Service Convention because Germany is a signatory to the Hague Service Convention –  and because the motion to remand has been addressed by the Court – Plaintiffs should begin the process of serving Heidelberg so that this case is not delayed

any further.[1] Accordingly, Plaintiffs should obtain an appropriate summons from this Court directed to Heidelberg and begin the process of perfecting service through the Hague Service Convention. Plaintiffs will be required to fill-out the required forms for service under the Hague Service Convention, copies of which are appended to Rule 4, obtain German translations of the Complaint and relevant documents to be served and then through the local authority transmit the documents to the Central Authority in Germany for service on Heidelberg. This process normally can be completed in approximately ninety to one hundred twenty days.

Accordingly, to the extent that Plaintiffs are requesting an extension of time to serve Heidelberg the request is due to be granted to the extent that Plaintiffs shall have until **October 17, 2011** – 120 days from the date of this order – within which to complete service of process upon Heidelberg pursuant to the Hague Service Convention.

Additionally, Plaintiffs request additional time to serve the unnamed trucking companies. According to Plaintiffs, despite a diligent search Plaintiffs have been unable to identify the John Doe unnamed trucking companies. Plaintiffs suggest that they will obtain the necessary information during discovery sufficient to identify and serve the unnamed trucking companies. Plaintiffs, therefore, request ninety days after the commencement of discovery to identify and serve any of the unnamed trucking companies. None of the parties have objected to this request and accordingly the request is due to be granted.

---

[1] The fact that service of process is made on Heidelberg now through the issuance of a federal summons from this court should not make any difference even if this case was remanded to state court. Service, if made in compliance with the Hague Service Convention, would be equally effective in state court.

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiffs' Motion For An Extension of Time to Serve Defendant Heidelberg Cement, AG And Defendant Unnamed Trucking Companies (Doc. 52) is **GRANTED** to the extent specified in this Order.

2. Plaintiffs shall complete service of process upon Defendant Heidelberg Cement, AG through the Hague Service Convention by **October 17, 2011**.

3. Plaintiffs shall complete service of process upon any unnamed John Doe defendants not later than **ninety (90) days** after discovery commences.

**DONE AND ORDERED** in Gainesville, Florida this 17th day of June 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge