UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| LISA LEE-BOLTON and RICHARD BOLTON, on behalf of themselves and all others similarly situated, and ROY GEIERSBACH on behalf of himself,<br><br>Plaintiffs,<br><br>v.<br><br>KOPPERS INC. f/k/a KOPPERS INDUSTRIES, INC., a Pennsylvania corporation, BEAZER EAST, INC. f/k/a KOPPERS COMPANY, INC., a Delaware corporation, KOPPERS HOLDINGS, INC., a Pennsylvania corporation, HEIDELBERG CEMENT AG, a foreign corporation, MCCLELLAN LOGGING, INC., a Florida corporation, and UNNAMED TRUCKING COMPANIES,<br><br>Defendants. | Case No.: 1:10-cv-00253-SPM -GRJ |

**PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME
TO SERVE HEIDELBERG CEMENT, AG**

Plaintiffs, LISA LEE-BOLTON and RICHARD BOLTON, on behalf of themselves and all others similarly situated, and Plaintiff ROY GEIERSBACH, on behalf of himself (collectively, "Plaintiffs"), by their attorney, move this Court for an extension of time in which to serve Defendant Heidelberg Cement, AG, and in support thereof state:

1. Though it is clear that the 120-day limit for service of process under Rule 4(m), Fed. R. Civ. does not apply to service in a foreign county, and the trend is to find that the 120 day limit does not apply even if the plaintiff makes no attempt to serve within the period (*See* Fed. R.

1

Civ. P. 4(m); Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1134 (2001 Supp.); *In re S1 Corp. Securities Litigation*, 173 F.Supp.2d 1334, 1343 (N.D. Ga. 2001)*; Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991), *cert. denied*, 502 U.S. 1073 (1992) (holding that the plain language of Rule 4(j) [the predecessor to Rule 4(m)] made the 120-day service provision inapplicable to service in a foreign country); *Cargill Ferrous Intern. v. M/V Elikon*, 154 F.R.D. 193, 195-96 (N.D. Ill. 1994)), some courts have held that the foreign service exemption from the 120 day time period in Fed. R. Civ. P. 4(m) is conditioned upon good faith attempts to serve the defendant within 120 days. *See Maale v. Francis*, 258 F.R.D. 533, 535 (S.D. Fla. 2009). Thus, on April 4, 2011, out of an abundance of caution, Plaintiffs moved for an extension of time to serve Heidelberg Cement, AG (Doc. 52). On June 17, 2011 this Court entered an Order (Doc. 61) granting Plaintiffs an extension of time until October 17, 2011 to serve Defendant Heidelberg Cement, AG.

     2.     As the Court noted in its June 17, 2011 Order, service of Heidelberg Cement, AG must be conducted through the Hague Service Convention, which requires the Plaintiffs to obtain German translations of the Complaint, as well as other relevant documents. Plaintiffs must complete documents required by the Hague Service Convention, such as the Request for Service Abroad Of Judicial Or Extrajudicial Documents and the Summary Of The Documents To Be Served.

     3.     Plaintiffs have initiated the process of serving Heidelberg Cement, AG. On September 8, 2011 the summons for Heidelberg Cement, AG was issued by the Clerk of Court. Plaintiffs have forwarded the summons to a company that assists with effecting service upon foreign defendants, which will prepare the relevant documents for service under the Hague

Service Convention.  Plaintiffs are currently seeking an appropriate translation service to translate the Complaint.  Plaintiffs respectfully submit that good cause exists for an extension of 120 days from October 17, 2011 to allow Plaintiffs to complete the necessary steps to serve Heidelberg Cement, AG under the Hague Service Convention.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs 120 days from October 17, 2011 in which to complete the document package, and transmit that package to the Central Authority in German for service upon Heidelberg Cement, AG, and granting all other relief this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned hereby certifies that counsel for Plaintiffs has conferred with counsel for Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc., and with counsel for McClellan Logging, Inc. in a good faith attempt to resolve by agreement the issues raised in the foregoing motion.  Defendants Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc. do not oppose this motion.  Defendant McClellan Logging, Inc. opposes this motion.

Respectfully submitted this 12th day of September, 2011.

    /s/ Paul S. Rothstein
Paul S. Rothstein
Attorney for Plaintiffs
Florida Bar No.: 310123
626 N. E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on September 12, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

                                          /s/ Paul S. Rothstein
                                          Paul S. Rothstein