UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON and RICHARD BOLTON, )
on behalf of themselves and all others similarly situated, )
and ROY GEIERSBACH on behalf of himself, )
)
    Plaintiffs, ) Case No.: 1:10-cv-00253-SPM -GRJ
)
v. )
)
KOPPERS INC. f/k/a KOPPERS )
INDUSTRIES, INC., a Pennsylvania corporation, )
BEAZER EAST, INC. f/k/a KOPPERS )
COMPANY, INC., a Delaware corporation, )
KOPPERS HOLDINGS, INC., a Pennsylvania )
corporation, HEIDELBERG CEMENT AG, )
a foreign corporation, MCCLELLAN LOGGING, INC., )
a Florida corporation, and UNNAMED )
TRUCKING COMPANIES, )
)
    Defendants. )
)

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION
## OF DEFENDANTS KOPPERS INC. AND BEAZER EAST, INC. TO DISMISS

Plaintiffs respectfully submit this memorandum in opposition to the motion (Doc. 9) filed by two of the Defendants (Koppers Inc. and Beazer East, Inc., collectively "Koppers/Beazer") to dismiss three Counts (I, II and V) in Plaintiffs' Class Action Complaint ("Complaint") (Doc. 1-1). For the reasons explained below, Koppers/Beazers' Motion to Dismiss should be denied.

### INTRODUCTION

In this proceeding, Representative Plaintiffs Lisa Lee-Bolton and Richard Bolton and Named Plaintiff Geiersbach (collectively "Plaintiffs") seek to present claims on their own behalf,

1

and Plaintiffs Bolton and Lee-Bolton seek to represent a class of their neighbors in pursuing claims against the Defendants arising from their liability regarding their ownership, operation, management, and/or activities upon and related to the Koppers Site, the location of a highly contaminated wood treatment operation.

Koppers/Beazer are far from strangers to claims that their wood treatment operations caused severe contamination. To the contrary, Beazer East, Inc. has been the subject of numerous investigations by state and federal environmental officials, and has been held liable in a variety of lawsuits for costs of remediating discharges of chemicals and waste in connection with its wood treatment operations. *See, e.g., Dent v. Beazer Materials and Services, Inc., and Beazer East, Inc.*, 133 F.3d 914, 1998 WL 24977 (4th Cir. 1998); *Chicago Bridge & Iron Co. v. Certain Underwriters at Llyod's, London*, 59 Mass. App. Ct. 646 (Mass. App. Ct. 2003) (summarizing investigations and litigation relating to sites for which Beazer or its successors in interest were required to remediate, in whole or in part, in Massachusetts, California, Louisiana, Missouri, and Florida). In connection with the *Dent* litigation, the trial court expressly found that "Beazer knew its waste handling practices were unsound," but "consciously" refused to upgrade its waste handling system. *Id.* at 4.

Nor are Koppers/Beazer unaware that their activities at the Gainesville, Florida site caused contamination to the Koppers Site. To the contrary, their wood treatment operations at the Koppers Site have been the target of federal and state investigations since 1983.

Nonetheless, according to Koppers/Beazer, the Complaint fails to give them fair notice of the grounds upon which Plaintiffs seek recovery for contamination caused to their properties. On this basis, Koppers/Beazer have moved under Rule 12(b)(6) of the Federal Rules of Civil

Procedure to dismiss the Complaint. As set forth below, Koppers/Beazers' arguments in support of their motion are baseless and unsupportable, and should be denied as such.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Standard for Motion to Dismiss

There is more guidance to be drawn from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and their progeny than is stated in Koppers/Beazers' motion to dismiss. As the Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89 (2007) (per curiam) (which was issued just two weeks after *Iqbal*), in applying the *Twombly* formulation of the Rule 12(b)(6) standard, a court must also take into account the standard under Rule 8(a)(2), which makes clear that "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* at 93.

As the Eleventh Circuit noted in overruling a dismissal under Rule 12(b)(6) in *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention,* 623 F.3d 1371, 1380 (11th Cir. 2010), in *Twombly,*

> The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."
>
> Subsequently, in *Iqbal* the Supreme Court clarified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949; *see also Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) ("The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary

3

element.") (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965).

Therefore, as the Eleventh Circuit emphasized in *Speaker,* a complaint will survive a motion to dismiss as long as the Plaintiff "has pleaded enough factual content to 'nudge his claims across the line from conceivable to plausible.'" *Speaker*, 623 F.3d at 1384, *citing Twombly,* 550 U.S. at 570.

The Eleventh Circuit also addressed the *Twombly* standard in *Young Apartments, Inc. v. Town of Jupiter,* 529 F.3d 1027 (11th Cir. 2008):

> All of the factual allegations in the complaint must be accepted and construed in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998). A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

The United States Middle District of Florida observed, in *Steiner-Out v. Lone Palm Golf Club, LLC,* 2010 WL 4366299 (M.D. Fla. 2010) that,

- "In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff." (citing *Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir.2000) and *Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir.1999));

- "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." (citing *Twombly*);

- "the Court must assume that all of the allegations in the complaint are true," and

- "The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations."

In sum, under *Twombly, Iqbal* and *Erickson,* this Court has been directed by the Supreme Court to deny Koppers/Beazers' motion to dismiss under Rule 12(b)6) if, considering all appropriate sources, accepting as true all allegations of fact presented by the Plaintiffs and reading all such allegations in the light most favorable to the Plaintiffs, and drawing all reasonable inferences therefrom, the Plaintiffs' claims are "nudged" across the line from "conceivable to plausible" and that it gives fair notice to Koppers/Beazer of what the claim is and the grounds upon which it rests. Plaintiffs submit that the Complaint amply meets this standard by a wide margin.

### B. Declaratory and Injunctive Relief (Count I)

Koppers/Beazer argue that Plaintiffs' claim for equitable and injunctive relief should be dismissed because Koppers/Beazer asserts, wrongly, that Plaintiffs have not alleged sufficient facts to support the elements of lack of an adequate remedy at law and irreparable harm. Koppers/Beazer Motion to Dismiss ("MTD"), Doc. 9, pp. 4-5.

In the case of *Burstein v. First Penn-Pacific Life Ins. Co.*, 2002 WL 34186960 (S.D. Fla. Feb. 11, 2002) the defendant argued in a motion to dismiss that the plaintiff failed to state a claim for injunctive relief because "she [had] a complete remedy at law and her injuries... have already occurred." *Burstein*, 2002 WL 34186960, *8. The court held that where the plaintiff alleged that the harm was ongoing and was seeking to enjoin a continuing violation, the plaintiff had sufficiently alleged no adequate legal remedy. *Id.* The court noted that "a party may pursue claims for both money damages and injunctive relief where it is alleged that defendant is likely to continue its tortious activities." *Id.*, *citing Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F.Supp.2d 1093, 1105-06 (S.D. Fla. 2000). Plaintiffs have alleged

not that Koppers/Beazer is *likely* to continue their tortious activities, but that they *actually are* continuing those activities. Complaint ¶¶ 55-57.

The case of *County of Monroe v. Priceline.com, Inc.*, cited by Koppers/Beazer to support its argument that Plaintiffs' claim for equitable and injunctive relief should be dismissed for failure to state a *prima facie* claim (MTD, p. 5), is easily distinguishable. There, the county of Monroe sought an injunction in furtherance of its taxing power, and had "a host of administrative, civil, and criminal enforcement remedies to ensure compliance with tax laws." *County of Monroe v. Priceline.com, Inc.*, 2009 WL 4890664, *6 (S.D. Fla. 2009). The county could not receive an injunction where it failed to explain the inadequacy of those remedies. *See id.* Furthermore, the court was concerned that the relief sought would "essentially require a federal district court to indefinitely oversee the administration of a municipal tax ordinance." *Id.* Plaintiffs, by contrast, do not have remedies other than civil litigation. The harm to Plaintiffs is continuing **not only** in the sense that the contamination persists on their properties – as long as activity continues on the Koppers Site without effective monitoring and mitigation measures, that activity will cause **additional contamination** to migrate onto Plaintiffs' properties. Even while this litigation progresses, Plaintiffs continue to be harmed anew.

Plaintiffs have alleged that there is continuing activity on the Koppers Site that is causing further and continuing contamination. Complaint ¶¶ 55-57. Plaintiffs have alleged that Koppers is currently conducting activities on the Koppers Site that are causing contamination of Plaintiffs' and Class members' properties. Complaint ¶ 57. Plaintiffs have alleged sufficient facts to support their claims of inadequate remedy at law and a serious risk of continuing irreparable harm if the relief is not granted.

## C. Water Quality Assurance Act, § 376.30, *et seq.*, Florida Statutes (Count II)

Florida's Water Quality Assurance Act ("WQAA"), Florida Statutes ("F.S.") § 376.313(3) provides that "nothing contained in ss. 376.30-376.317 prohibits any person from bringing a cause of action in a court of competent jurisdiction for all damages resulting from a discharge or other condition of pollution covered by ss. 376.30-376.317... in any such suit, it is not necessary for such person to plead or prove negligence in any form or manner. Such person need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred." F.S. § 376.313(3).

Koppers/Beazer argue that the SCTL is not a "standard" sufficient to establish a violation of the WQAA because the SCTL for dioxin has to do with soil and not air or water quality. MTD, p. 6 n. 3. However, Table II, Soil Cleanup Target Levels of Fla. Admin. Code R.62-777.170 (a portion of which is attached as Exhibit A), in addition to standards for residential exposure, also lists standards for "Leachability Based on Groundwater Criteria" and "Leachability Based on Freshwater Surface Water Criteria." (Exhibit A). The SCTL standard under surface water leachability for dioxin is 0.6 pg/g, actually lower than the SCTL for residential dioxin contamination. As evidenced by Exhibit A, the SCTL are clearly "relating to air and water quality," thereby meeting the definition of "standard" under F.S. 403.803(13).

Furthermore, the WQAA clearly contemplates liability for contamination of lands, thereby implicitly accepting that violations of standards for contamination of lands constitute violations of the WQAA. The WQAA provides that "It shall be a violation of this chapter and it shall be prohibited for any reason: (a) to discharge pollutants or hazardous substances into or upon the surface or ground waters of the state *or lands*, which discharge violates any

7

departmental "standard" as defined in s. 403.803(13)." F.S. § 376.302(1)(a) (emphasis added). F.S. 403.803(13) defines "standard" as "any rule of the Department of Environmental Protection relating to air and water quality..." F.S. § 403.803(13). Plaintiffs do reference the Soil Cleanup Target Level ("SCTL") for dioxin, and that contamination was found near Plaintiff Geiersbach's property in amounts exceeding the SCTL for dioxin. Complaint ¶ 28.

According to the WQAA, "discharge" "includes, *but is not limited to*, any spilling leaking, seeping, pouring, misapplying, emitting, emptying, releasing or dumping of any pollutant or hazardous substance which occurs and which affects *lands* and the surface and ground waters of the state..." F.S. § 376.301(13) (emphasis added). Regarding legislative intent, F.S. § 376.30 states: "The legislature finds and declares: (a) That certain *lands* and waters of Florida constitute unique and delicately balanced resources and that the protection of these resources is vital to the economy of this state..." F.S. § 376.30(1)(a) (emphasis added). There are at least *three* explicit references in the WQAA to contamination of lands being a violation of that statute. *See* F.S. §§ 376.302(1)(a), 376.301(13), and 376.30(1)(a). Thus, contrary to Koppers/Beazers' assertions, violations of the WQAA are not limited to contamination of water, but include the discharge of hazardous substances onto land as well. It defies logic to suggest that widespread dissemination of dust contaminated with hazardous substances onto lands would *not* threaten the integrity of Florida's water systems, which is likely why the legislature clearly expressed its intent for the discharge of hazardous substances onto lands to be a violation of the WQAA. *See* F.S. § 376.30(1)(a).

Plaintiffs have alleged that "various toxic substances discharged by Defendants have contaminated [Plaintiffs'] property. . . [Plaintiffs and Class members] have been and are exposed

8

to those toxins through contact with the soil on their properties, including airborne soil caused by wind and soil borne by storm water runoff, and through contact with the groundwater." (Complaint ¶ 26). Plaintiffs have alleged contamination of the groundwater as well, stating that the well on Named Plaintiff Geiersbach's property was so contaminated with hazardous substances from the Koppers Site that Beazer East threatened to obtain a court order to shut down the well if Named Plaintiff Geiersbach would not consent to shutting it down. Complaint ¶ 27.

Koppers/Beazers' reliance on *The St. Joe Co. v. Leslie*, 912 So.2d 21 (Fla. Dist. Ct. App. 2005) is inapplicable at this stage of the litigation. *St. Joe* was decided in the context of a motion for class certification. *St. Joe*, 912 So.2d at 24. The *St. Joe* court was concerned with a lack of evidence rather than the sufficiency of the pleadings. *Id.* at 24-25. Plaintiffs are not required to oppose Koppers/Beazers' Motion to Dismiss with evidence. Based on the pleadings, the proper purview of a Motion to Dismiss, Plaintiffs have sufficiently alleged a cause of action for violation of the WQAA.

Plaintiffs allege sufficient facts to establish a cause of action against Koppers/Beazer for violation of the WQAA. Plaintiffs allege that Koppers/Beazer discharged and released hazardous substances that contaminated Plaintiffs' properties. Complaint ¶¶ 21, 23. Plaintiffs allege that the contamination was present not only in airborne dust, but in surface water and groundwater. Complaint ¶¶ 24, 26. Clearly the contamination on and around Plaintiffs' properties entered any surface water flowing on or over Plaintiffs' properties, including rainwater runoff. Plaintiffs also reference the SCTL for dioxin, and allege that samples taken from near Named Plaintiff Geiersbach's property exceeded that SCTL. Complaint ¶ 28. As described,

above, the SCTL for dioxin is a standard as contemplated by the WQAA, and a discharge exceeding that standard is a violation of the WQAA. Thus, Plaintiffs have sufficiently pled a cause of action against Koppers/Beazer for violation of the WQAA.

### D. Negligence Per Se (Count IV)[1]

Count IV asserts a cause of action, under a negligence *per se* theory, based on violations of "the Florida Air and Water Pollution Control Act, §403.11 *et seq.*, Florida Statutes and/or Florida"s Water Quality Assurance Act, Fl. Stat. §376.30, *et seq.*, Florida Statutes." Complaint ¶ 82. According to Koppers/Beazer, this Count should be dismissed because "Plaintiffs' reliance on these statutes is dubious" because, in Koppers/Beazers' view, these statutes are not intended to protect a particular class of people, but only the general public at large. MTD, p. 7. Koppers/Beazer cite no authority for this proposition. In fact, one district court in Florida has held that the WQAA, § 376.30, *et seq.*, Florida Statutes met "[t]he negligence per se element requiring that the controlling statute be designed to protect a particular class of persons from a particular injury or type of injury" because it "provides for a private cause of action and is therefore intended to protect those damaged by discharges or other conditions of pollution. . ." *Italiano v. Jones Chemicals, Inc.*, 1997 WL 118426, *4 (M.D. Fla. 1997). And the statutory language invoked by Koppers/Beazer (MTD, p. 8) simply provides no support for this proposition since these passages merely indicate the reasons why the Legislature was enacting these statutes, not the actual scope, nature or effect of the other provisions enacted by the Legislature through these Acts.

---

[1]Count IV of the Complaint asserts two causes of action, one for negligence and one for negligence *per se*. Koppers/Beazer have not moved to dismiss Plaintiffs' cause of action for negligence. *See generally*, MTD, Doc. 9.

Moreover, Plaintiffs have properly pleaded that they "are members of the class of people that [these statutes] were designed to protect, and the harm suffered is of the type that the Acts were designed to prevent." Complaint ¶ 82. Recognizing that these allegations undermine their motion to dismiss this Count, Koppers/Beazer suggests that these allegations be ignored because they are "unsupported." MTD, p. 8. This is not the applicable standard. Plaintiffs are not required to provide support for their allegations. Rather, this Court is directed to accept Plaintiffs" allegations – whether supported or unsupported – as true and correct. *See*, *Steiner-Out, supra* ("the Court must assume that all of the allegations in the complaint are true"). Hence, Koppers/Beazers' attack on the applicability of the Florida statutes invoked in Count IV is simply baseless.

## CONCLUSION

For the foregoing reasons, Koppers/Beazers' Motion to Dismiss should be denied in its entirety. To the extent that any portion of Koppers/Beazers' Motion to Dismiss is granted, Plaintiffs request leave to amend the Complaint to address and remedy any alleged deficiency.

Respectfully submitted this 27th day of September 2011.

/s/ Paul S. Rothstein
Paul S. Rothstein
Attorney for Plaintiffs
Florida Bar No.: 310123
626 N. E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 27, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

                                                    /s/ Paul S. Rothstein
                                                    Paul S. Rothstein