IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON, et al.,

    Plaintiffs,

vs.                                                  CASE NO.: 1:10-CV-253-SPM/GRJ

KOPPERS INC., et al.,

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court for consideration of the Joint Motion for Entry of Stipulation and Protective Order (doc. 102).  Upon consideration, the motion is granted.  The stipulation and protective order follows.

DONE AND ORDERED this 13th day of January, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| LISA LEE-BOLTON and RICHARD BOLTON, on behalf of themselves and all others similarly situated, and ROY GEIERSBACH on behalf of himself, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:10-cv-253-SPM-GRJ |
| KOPPERS INC., f/k/a KOPPERS INDUSTRIES, INC., BEAZER EAST, INC., f/k/a KOPPERS COMPANY, INC., KOPPERS HOLDINGS, INC., HEIDELBERG CEMENT AG, MCCLELLAN LOGGING, INC., and UNNAMED TRUCKING COMPANIES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION AND TREATMENT OF PRIVILEGED MATERIALS

All parties to this action, by and through their respective undersigned counsel, hereby stipulate to and respectfully request that the Court enter the following Stipulation and Protective Order Governing the Exchange of Confidential Information and Treatment of Privileged Materials ("Order,") which the parties agree is necessary to safeguard the confidentiality of information and documents to be produced and disclosed in the course of discovery in this action.

1. **Discovery Material.** This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents and deposition testimony and any copies, excerpts or summaries thereof, obtained by any party from any other named party

pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories or subpoena ("Discovery Material").

2. **Confidential Discovery Material**. Discovery Material containing trade secrets, or other confidential or proprietary research, development, manufacturing or commercial or business information may be designated as confidential. Without prejudice to the right of a party to object to the production of the following information or of a party to seek production, the information subject to such designation shall include the designating party's ("Designating Party's"):

    (a)    non-public intellectual property;

    (b)    non-public proprietary information that is competitively or financially sensitive;

    (c)    personal medical information; and/or

    (d)    national security-related information.

3. **Requests to Designate Other Materials as Confidential**. If any party believes a document not falling within the scope of Paragraph 2 should nevertheless be considered confidential, the parties shall meet and confer, and absent an agreement the party seeking confidential treatment may apply to the Court for an Order designating such document as confidential. Such application shall only be granted for good cause shown.

4. **Use of Confidential Discovery Material.**

    (a)    Confidential Discovery Material may be used only for the litigation of *Lee-Bolton, et al., v. Koppers, Inc., et al.* and any related individual actions filed after the resolution of class certification proceedings in this litigation by plaintiffs who live within the same proposed class area, so long as -- prior to disclosure in connection with such individual actions -- a protective order is first entered that is identical to this Order. Confidential Discovery Material

may not be used in any other action. Confidential Discovery Material will not be disclosed except in accordance with Paragraph 7.

    (b)    Prior to being given access to confidential Discovery Material, any person falling within Paragraph 7 shall be provided with a copy of this Order and, except for counsel, Court personnel, jurors, deposition and trial reporters, videographers, mediators, court-appointed referees, magistrates, special masters, and support staff of any of these persons or entities, shall execute a copy of the Endorsement of Protective Order that is attached as Exhibit A. Counsel providing such access to Confidential Discovery Material shall maintain a copy of the executed Endorsement of Protective Order until the conclusion of this litigation.

    (c)    Confidential Discovery Material subject to the terms of this Order shall be used only in the prosecution or defense of this litigation. Confidential Discovery Material shall not be used for any business, competitive, governmental, or other purpose or function, and shall not be disclosed to anyone except as expressly permitted herein.

5.    **Designation of Confidential Discovery Material.**

    (a)    Confidential Discovery Material, if in writing, shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Such stamping or marking will take place prior to production by the producing person. The stamp shall be affixed in such a manner as not to obliterate or obscure any written matter.

    (b)    If the Designating Party designates a voluminous document as confidential pursuant to this Order, the receiving party ("Receiving Party") may make reasonable inquiries about what portion of the document is confidential.

(c)     In the case of deposition testimony or deposition exhibits containing confidential information entitled to protection pursuant to this Order, the portion of the transcript and/or exhibits in which confidential information is offered, identified, discussed, or contained therein shall also be designated as confidential.  However, if no confidential information was offered, identified, discussed, or contained therein, the deposition shall not be considered confidential. Designating counsel shall make all such confidentiality designations within twenty (20) calendar days after the final transcript has been received by counsel making the designation, and shall specify the testimony and/or exhibits being designated as confidential by page and line number(s) or by exhibit numbers.  Until the expiration of such twenty-day period, the entire text of the deposition, including exhibits, shall be treated as confidential under this Order.

(d)     If a third party's Discovery Material contains confidential information of a party (for example, if a party's doctor produces the party's medical file), then the party may designate portions of such third-party production as confidential by notifying all counsel in this case in writing of such designations within thirty (30) calendar days from the date the Designating Party has notice that the Discovery Material has been produced.  Until the thirty-day period expires, all third-party-produced Discovery Material shall be treated as confidential.  For purposes of this paragraph, third party Discovery Material does not include material obtained from third parties outside the course of discovery, or obtained from publicly available sources.

(e)     In the event that a person or party inadvertently fails to designate Discovery Material as confidential, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced and shall provide a replacement production of the Discovery Material in the same or similar production format containing the appropriate "CONFIDENTIAL" marking.  After receipt of such notification, the parties to whom production

has been made shall treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with Paragraph 8. The Receiving Party shall also, within five (5) calendar days, return or destroy the original production copy of the inadvertently unmarked Discovery Material and all other copies, including, but not limited to, hard (or paper) copies of the inadvertently unmarked Discovery Material. Inadvertent failure of a person or party to designate Discovery Material as confidential shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.

6.     **Consent to Jurisdiction.** All persons receiving or given access to confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violation thereof.

7.     **Disclosure of Confidential Discovery Material**.

(a)    Discovery Material designated as confidential ("Protected Material") shall not be disclosed to anyone other than the following categories of persons:

i.     Attorneys for a party who are working on this action (including in-house counsel who have oversight responsibility for this action) and their employed secretaries, paralegals, legal assistants, and inside and outside support services (including, without limitation, copy services, document management services, graphics services, and consulting services);

ii.    The named parties to this action;

iii.   The Court, court personnel, jurors, deposition and trial reporters, videographers, mediators, court-appointed referees, magistrates, or special masters, and support staff of any of these persons or entities;

iv.     Independent consultants or experts retained on behalf of any party who are expected to testify at trial or who are retained as consulting experts;

v.     Witnesses who may testify either in a deposition or in a court proceeding – provided, however, that such disclosure may only occur for the purpose of preparation or examination of the witness;

vi.     Any person who authored or previously received the confidential information, or who has personal knowledge of the specific facts identified in such materials; and

vii.     Any other person to whom the Designating Party agrees in writing.

(b)     Plaintiffs retain the right to file a motion requesting that consulting attorneys be added to the categories of persons identified in Paragraph 7(a) of this Order, and the other parties retain the right to oppose such a motion.  In the event that the Court grants such a motion and modifies Paragraph 7(a) of this Order, the modification shall retroactively apply to any Protected Material previously exchanged by the parties.

(c)     Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked "CONFIDENTIAL" and treated as Protected Material in accordance with this Order.

(d)     The categories of persons listed above shall not be used to preclude counsel for any party from asking any witness during the giving of testimony, whether during a properly noticed deposition or trial, regarding the contents of Protected Material.

(e)     All parties and their respective counsel, paralegals and the employees and assistants of all counsel receiving Protected Material shall take all steps reasonably necessary to prevent the disclosure of Protected Material other than in accordance with this Order.

(f) Each person who is permitted to see Protected Material shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality designation.

(g) Disclosure of Protected Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief and damages. However, a Designating Party may disclose its own Protected Material to a non-party without complying with the terms of this Order, and such disclosure shall not constitute a violation of this Order.

8. **Disputes Concerning Designation of Protected Material**.

(a) If at any time a party wishes for any reason to dispute a designation of Discovery Material as confidential hereunder, such party shall notify the Designating Party of such dispute in writing, specifying by exact document numbers the Protected Material in dispute and the precise nature of the dispute with regard to each such document or other Protected Material. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may file an appropriate application or motion with this Court within twenty (20) calendar days after serving its written objection upon the Designating Party, with the portions designated as Protected Material to be lodged or kept under seal, requesting that the disputed Protected Material be excluded from the provisions of this Order. In any such proceeding, the Designating Party shall bear the burden of demonstrating that the disputed designation is warranted pursuant to Paragraph 2. The objecting party's failure to make such an application or motion within the period provided above following the written objection shall constitute a waiver of the challenge to the confidentiality designation.

(b) All Discovery Material designated as confidential under this Order, whether or not such designation is in dispute pursuant to Subparagraph 8(a) above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

   i. the Designating Party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

   ii. the Court finds, upon application or motion, that the material shall not be entitled to confidential status.

(c) The parties shall negotiate in good faith before filing any motion relating to this Order.

9. **Good Faith in the Designation of Discovery Material as Confidential.**

(a) By designating Discovery Material as confidential, the Designating Party certifies that such party believes in good faith that the designated Discovery Material constitutes confidential information as set out in Paragraph 2 of this Order.

(b) The Court may exercise discretion in determining whether the prevailing party in a dispute over the propriety of confidentiality designations may recover costs, including reasonable attorneys' fees, incurred by it because of the bad faith of the non-prevailing party, and, if so, the amount to be awarded.

10. **Filing Under Seal.**

(a) **General Restrictions**. Protected Material may be filed under seal only upon entry of a further Court Order granting a motion to seal particular document(s), or portions thereof.

(b) **Filing a Document Containing Material Designated as Confidential by Another Party**. The party asserting confidentiality bears the burden of obtaining a Court Order

to file documents under seal. In order to effectuate this provision, should a party reference or attach any designated Protected Material in any filing with the Court, the party shall send a copy of the filing to the Designating Party prior to filing with the Clerk of the Court. However, if the filing has been assigned a specific due date under the Rules of Civil Procedure or this Court's Case Management Order, then (i) the filing shall be sent to the Designating Party by the assigned due date; and (ii) in addition, the filing party shall file a notice with the Clerk of the Court indicating that the filing was filed in accordance with the Rules of Civil Procedure or the Orders of this Court and provide the Court with a courtesy copy of the filing with the designated Protected Material in an envelope carrying the notation: "THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION AND IS SUBJECT TO A PROTECTIVE ORDER." The Designating Party shall then be afforded five (5) business days to file a motion to seal. The filing will be docketed as directed by the Court.

11. **Disclosure of Discovery Material.**

(a) Except as provided herein, nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as confidential.

(b) Nothing shall prevent disclosure beyond that permitted under this Order if the Designating Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

(c) No disclosure pursuant to this Paragraph shall waive any rights or privileges of any party granted by this Order.

(d) Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a party from disclosing a document designated as confidential to:

9

        i.      the person whom the document identifies as an author, addressee, or copy recipient of such document; and/or

        ii.     a representative of the party who designated the document as confidential.

(e)    Regardless of its designation as confidential under this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a third party or a person who is a potential witness, counsel may discuss such conduct or statements with such identified third party or witness, and such discussion shall not constitute disclosure of Protected Material within the terms of this Order.

12.    **No Effect on Other Obligations**.  This Order shall not enlarge or affect the proper scope of discovery in this litigation, nor shall this Order imply that confidential material is properly discoverable, relevant or admissible in this litigation.  Each party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Protected Material on any other ground it may deem appropriate.  Neither the entry of this Order, nor the designation of any Discovery Material as confidential, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation.

13.    **No Prejudice to Other Protections**.  The entry of this Order shall be without prejudice to the rights of the parties to assert or apply for additional or different protection.

14.    **Obligation of Good Faith**.  All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees and agents comply with this Order.  In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

15.     **Modifications/Continuing Effect**.  By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this litigation.  The parties shall take such reasonable measures as are necessary and appropriate to prevent the public disclosure of confidential material, through inadvertence or otherwise, after the conclusion of this litigation.

16.     **Return of Protected Material**.  Within sixty (60) calendar days after receiving notice of the entry of a final order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Protected Material hereunder shall at such persons' own option either return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party, or make commercially reasonable efforts to destroy all such material and copies thereof.  Counsel described in Paragraph 7(a)(i) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain Protected Material) provided that such counsel, and employees of such counsel, shall not disclose any such Protected Material contained in such court papers, transcripts, or attorney work product to any other person or entity at any time except pursuant to court order or a written agreement with the Designating Party.  All Protected Material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.  Protected Material shall not include material that has lost its protected status by any means that does not violate this Protective Order, e.g., through its use in a public hearing or trial in this action.

17.     **Responses to Subpoenas or Other Process**.  If a Receiving Party or its counsel or expert is served with a subpoena or other process or other legal compulsion issued in another action,

proceeding, or matter that would compel disclosure of any Protected Material (an "Other Demand,") such party must notify the Designating Party, in writing, immediately and in no event more than twenty (20) calendar days after receiving the Other Demand. Such party also must immediately inform in writing the party who caused the Other Demand to be issued that some or all of the material sought is subject to this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party that caused the Other Demand to be issued. If a party is otherwise required by law (for example, because of a court order in another proceeding) to disclose Protected Material (excluding information designated as such solely by the party itself), the Receiving Party must notify the Designating Party, in writing, immediately and in no event more than twenty (20) calendar days after receiving notice of such alleged duty.

18.     **Procedures Following Unauthorized Disclosure.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity or in any circumstances not authorized under this Order, such Receiving Party must immediately (a) notify the Designating Party of all such unauthorized disclosures or uses, (b) use reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Endorsement of Protective Order that is attached hereto as Exhibit A. Nothing in this Paragraph in any way limits the Designating Party's ability to seek immediate remedies and relief in the appropriate fashion, or in any way limits any Receiving Party's liability for unauthorized disclosure.

19.     **Use of Protected Material at Hearings or Trial**.  This Order does not cover the use of Protected Material at any hearing or trial during this litigation.  Each side retains the right to apply to the Court with respect to the procedures, if any, governing such use.

20.     **Discovery Material Not Subject to Confidentiality**.  This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this litigation (or any other litigation) in which such information was not designated as confidential or subject to a protective order.

21.     **Format of Privilege Log**.  Privilege logs will be produced in Excel format or a similar electronic format that allows text searching and organization of data.

22.     **Inadvertent Production of Privileged Information**.  All parties acknowledge that, while each party will make appropriate efforts to identify and withhold from production any documents that such party believes are privileged, there is a possibility that privileged material may be produced inadvertently (hereinafter "Inadvertent Production").  The parties understand and agree that, to the extent that Discovery Material inadvertently may include materials subject to the attorney-client privilege, work product doctrine, or other applicable privilege, the inadvertent production of such privileged Discovery Material is not intended to, and shall not, waive or diminish in any way its continued protection under the attorney-client privilege, work product doctrine or other applicable privilege.  No waiver of the privilege will be deemed to result from such inadvertent production, either as to the specific information therein or the same or similar subject matter.  Therefore, subject to paragraph 23(d) below, the parties agree to a "claw-back" provision that entitles a producing party ("Producing Party") to obtain the automatic return or destruction of inadvertently produced documents for which it asserts the attorney-client privilege, work product protection, or any other privilege recognized under applicable law.

23.     **Notice of Inadvertent Production**.  In the event a Producing Party determines that an inadvertent production has occurred, the following steps shall be taken:

(a)     The Producing Party shall provide a Notice of Inadvertent Production to the Receiving Parties identifying the inadvertently produced material(s) and the nature of the privilege or other protection asserted.

(b)     Upon receipt of a Notice of Inadvertent Production, the Receiving Parties shall immediately prohibit all paper or electronic access, review, or use of the Original Copy of the inadvertently produced material and shall also immediately destroy all subsequently made copies of the inadvertently produced material, including but not limited to hard (or paper) copies of the inadvertently produced material and any summaries or extracts thereof.

(c)     Within five (5) calendar days after the initial Notice of Inadvertent Production, the Producing Party shall provide a Replacement Copy of the inadvertently produced material in the same or similar format as it was initially produced, either redacting the inadvertently produced privileged material or providing a blank record as a replacement for the inadvertently produced privileged material.  The Replacement Copy shall not otherwise alter, affect, delete or in any way change any other data or documents (those not subject to the Notice of Inadvertent Production) contained on the media that provided the Original Copy of the inadvertently produced privileged material.

(d)     Upon receipt and successful implementation of the Replacement Copy, the Receiving Parties shall return the Original Copy of the inadvertently produced privileged material to the Producing Party unless a Receiving Party in good faith believes that the inadvertently produced privileged material is not privileged.  In that event, the Producing Party shall be so notified within five (5) calendar days; the Receiving Party shall sequester the inadvertently produced privileged material, and within a reasonable period of time serve a motion to compel production of the disputed produced privileged material.  If the Receiving

Party chooses to return such materials, such return shall not preclude a Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by a Receiving Party that the materials were in fact privileged or protected from disclosure in any way. Under either circumstance, the Receiving Party must not use or disclose the information until the claim is resolved except that the information may be promptly presented to the court, under seal, for determination of the claim.

24. **Redactions**. Each side may redact documents (or portions of documents) that are non-responsive or that contain information that is subject to a claim of privilege (whether based on the attorney-client privilege, work product doctrine or other applicable privilege), provided that all redactions must be marked with a label identifying the material that has been redacted as "REDACTED - NON-RESPONSIVE" or "REDACTED - PRIVILEGED." All redactions for privilege, and the specific reason for the redaction, must be identified on a properly produced privilege log.

25. Each side retains the right to move to compel production of information redacted as non-responsive or privileged, and the other side retains the right to object.

Date:   January 12, 2012

| s/ Paul S. Rothstein | s/ Dennis P. Waggoner |
|---|---|
| Paul S. Rothstein (FBN 310123) | Benjamin H. Hill, III (FBN 094585) |
| psr@rothsteinforjustice.com | bhill@hwhlaw.com |
| Paul S. Rothstein, P.A. | Dennis P. Waggoner (FBN 509426) |
| 626 N.E. 1st Street | dwaggoner@hwhlaw.com |
| Gainesville, FL 32601-3391 | Casey G. Reeder      (FBN 041986) |
| Phone: (352) 376-7650 | creeder@hwhlaw.com |
| Fax: (453) 374-7133 | HILL, WARD & HENDERSON P.A. |
| *Attorneys for Plaintiffs* | 101 East Kennedy Blvd., Suite 3700 |
| | P.O. Box 2231 |
| | Tampa, FL 33602 |

15

s/ Randy Fischer
Randy Fischer (FBN 0218456)
rfisher@boehmbrown.com
BOEHM, BROWN, FISCHER, HARWOOD, KELLY & SCHEIHING, P.A.
233 SW 3rd Street
Ocala, FL 34471
Phone: (352) 622-8162
Fax: (352) 732-8808

Kelly L. Wilson-Timmins (FBN 65121)
kwilson@boehmbrown.com
BOEHM, BROWN, FISCHER, HARWOOD, KELLY & SCHEIHING, P.A.
101 Southhall Lane, Suite 375
Maitland, FL 32751
Phone: (407) 660-0990
Fax: (407) 660-5052

*Attorneys for Defendant*
*McClellan Logging, Inc.*

Phone: (813) 221-3900
Fax: (813) 221-2900

Brent R. Austin (ILBN 6220501)
*Admitted to Northern District Bar 9/29/10*
David A. Kanter (ILBN 6187653)
*Admitted to Northern District Bar 9/30/10*
Paul K. Freeborn (ILBN 6277489)
*Admitted to Northern District Bar 10/28/10*
Megan C. Millirons (ILBN 6290249)
*Admitted to Northern District Bar 9/29/10*
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois  60606
Telephone:  312-201-2000
Facsimile:  312-201-2555

*Attorneys for Defendants*
*Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| LISA LEE-BOLTON and RICHARD BOLTON, on behalf of themselves and all others similarly situated, and ROY GEIERSBACH on behalf of himself, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:10-cv-253-SPM-GRJ |
| KOPPERS INC., f/k/a KOPPERS INDUSTRIES, INC., BEAZER EAST, INC., f/k/a KOPPERS COMPANY, INC., KOPPERS HOLDINGS, INC., HEIDELBERG CEMENT AG, MCCLELLAN LOGGING, INC., and UNNAMED TRUCKING COMPANIES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### EXHIBIT A:   ENDORSEMENT OF PROTECTIVE ORDER

I, _____, who am employed by _____, hereby acknowledge that:

I have read the Stipulation and Protective Order Governing the Exchange of Confidential Information in this action ("Protective Order"), and agree to be bound by its terms;

I will not disclose Confidential material to any person not expressly entitled to receive it under the terms of the Protective Order;

I will not use Confidential material for any purpose other than that authorized by the Protective Order; and

I agree to submit to the jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.

DATE: _____   SIGNATURE: _____

ADDRESS:   _____
_____
_____