**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

LISA LEE-BOLTON, JAMES DUNCAN,
CATHERINE MCMAHON, and NANCY KAREN DAY,
on behalf of themselves and all others similarly situated,
and RICHARD BOLTON and ROY GEIERSBACH,
on behalf of themselves,

        Plaintiffs,                       Case No.:  1:10-cv-00253-SPM-GRJ

vs.

KOPPERS INC. f/k/a KOPPERSINDUSTRIES, INC.,
a Pennsylvania corporation, BEAZER EAST, INC. f/k/a KOPPERS
COMPANY, INC., a Delaware corporation, KOPPERS
HOLDINGS, INC., a Pennsylvania corporation,
BEAZER LIMITED, a foreign corporation, HANSON PLC,
a foreign corporation, HEIDELBERG CEMENT AG, a foreign corporation,
MCCLELLAN LOGGING, INC., a Florida corporation,
 A.L. BAXLEY AND SONS, INC. a Florida corporation,
CALLAHAN TIMBER COMPANY, INC., a Florida
corporation, CREMER WOOD, INC., a Florida corporation,
CREMER WOOD PROCUREMENT, INC., a Florida corporation,
GEORGIA-PACIFIC LLC, a Delaware limited liability company,
GEORGIA-PACIFIC TREATED LUMBER LLC, a Delaware
limited liability company, GEORGIA-PACIFIC WOOD
PRODUCTS LLC, a Delaware limited liability company,
GREAT SOUTH TIMBER & LUMBER, INC., a Florida
corporation, GREENVILLE TIMBER CORPORATION,
a Florida corporation, HARDEE TIMBER, INC., a Florida
corporation, J. FAIRCLOTH INC., a Florida corporation,
JOHN L. SHADD TRUCKING, INC., a Florida corporation,
JOHNS & CONNOR, INC., a Florida corporation, LEWIS
TIMBER CO., INC., a Florida corporation, M & L TIMBER, INC.,
a Florida corporation, MILLS WOOD PRODUCTS, INC., a Florida
corporation, PLUM CREEK TIMBER I, L.L.C., a Delaware limited
liability company, PLUM CREEK TIMBER OPERATIONS I, L.L.C.,
a Delaware limited liability company, PLUM CREEK TIMBERLANDS,
L.P., a Delaware limited partnership, RYDER SYSTEM, INC., a Florida

1

corporation, SOUTHERN TIMBERCO, INC., a Florida corporation, SUWANNEE LUMBER CO., a Florida corporation, TIMBER HARVESTERS, LLC, a Florida limited liability company, and WILLISTON TIMBER COMPANY, INC., a Florida corporation,

      Defendants.

_____/

## **SUBSTITUTED FIRST AMENDED CLASS ACTION COMPLAINT**

COME NOW the Representative Plaintiffs, Lisa Lee-Bolton ("Representative Plaintiff Lee-Bolton"), James Duncan ("Representative Plaintiff Duncan"), Catherine McMahon ("Representative Plaintiff McMahon"), and Nancy Karen Day ("Representative Plaintiff Day") (collectively "Representative Plaintiffs"), on behalf of themselves and all others similarly situated, and the Named Plaintiffs Richard Bolton ("Named Plaintiff Bolton") and Roy Geiersbach ("Named Plaintiff Geiersbach"), on behalf of themselves, and sue the Defendants, KOPPERS INC. f/k/a KOPPERS INDUSTRIES, INC.; BEAZER EAST, INC. f/k/a KOPPERS COMPANY, INC.; KOPPERS HOLDINGS INC.; BEAZER LIMITED (KOPPERS INC., BEAZER EAST, KOPPERS HOLDINGS, and BEAZER LIMITED will be referred to collectively as "KOPPERS/BEAZER"); HANSON PLC;  HEIDELBERG CEMENT AG; MCCLELLAN LOGGING, INC.; A.L. BAXLEY AND SONS, INC.; CALLAHAN TIMBER COMPANY, INC.; CREMER WOOD, INC.; CREMER WOOD PROCUREMENT, INC.; GEORGIA-PACIFIC LLC; GEORGIA-PACIFIC TREATED LUMBER LLC; GEORGIA-PACIFIC WOOD PRODUCTS LLC; GREAT SOUTH TIMBER & LUMBER, INC.; GREENVILLE TIMBER CORPORATION; HARDEE TIMBER, INC.; J. FAIRCLOTH INC.; JOHN L. SHADD TRUCKING, INC.; JOHNS & CONNOR, INC.; LEWIS TIMBER CO., INC.; M & L TIMBER, INC.; MILLS WOOD PRODUCTS, INC.; PLUM CREEK TIMBER I, L.L.C.;

PLUM CREEK TIMBER OPERATIONS I, L.L.C.; PLUM CREEK TIMBERLANDS, L.P.;

RYDER SYSTEM, INC.; SOUTHERN TIMBERCO, INC.; SUWANNEE LUMBER CO.;

TIMBER HARVESTERS, LLC; and WILLISTON TIMBER COMPANY, INC. (collectively

"Defendants") and allege:

## INTRODUCTION

1.      This class action arises from the activities of Defendants and/or their predecessor

entities whose conduct in connection with a longstanding toxic wood treatment facility, to be

referred to as the "Koppers Site", caused the contamination of properties surrounding the

Koppers Site (in an area further defined below, and referred to as the "Affected Area") and the

exposure of Representative Plaintiffs and Named Plaintiffs and Class members to that

contamination.

2.      The Koppers Site is located on NW 23rd Avenue in the City of Gainesville, in

Alachua County, Florida, and at all material times has been the location of a wood treatment

facility owned and/or operated by all Defendants except MCCLELLAN LOGGING, INC. and

A.L. BAXLEY AND SONS, INC., CALLAHAN TIMBER COMPANY, INC, CREMER

WOOD, INC., CREMER WOOD PROCUREMENT, INC., GEORGIA-PACIFIC LLC,

GEORGIA-PACIFIC TREATED LUMBER LLC, GEORGIA-PACIFIC WOOD PRODUCTS

LLC, GREAT SOUTH TIMBER & LUMBER, INC., GREENVILLE TIMBER

CORPORATION, HARDEE TIMBER, INC., J. FAIRCLOTH INC., JOHN L. SHADD

TRUCKING, INC., JOHNS & CONNOR, INC., LEWIS TIMBER CO., INC., M & L TIMBER,

INC., MILLS WOOD PRODUCTS, INC., PLUM CREEK TIMBER I, L.L.C., PLUM CREEK

TIMBER OPERATIONS I, L.L.C., PLUM CREEK TIMBERLANDS, L.P., RYDER SYSTEM,

INC., SOUTHERN TIMBERCO, INC, SUWANNEE LUMBER CO., TIMBER HARVESTERS, LLC, and WILLISTON TIMBER COMPANY, INC. (collectively referred to as the "TRUCKING/LOGGING COMPANIES").  The Koppers Site has been at all material times frequented by Defendant MCCLELLAN LOGGING, INC. and the  TRUCKING/LOGGING COMPANIES in the course and scope of their business.

3.      The Affected Area is defined as: that area in the City of Gainesville, Florida west of N. Main Street, east of NW 13th Street, north of NW 16th  Avenue, and south of NW 39th Avenue.

**PARTIES**

4.      Representative Plaintiff Lee-Bolton is a resident of Alachua County. Representative Plaintiff Lee-Bolton resides in and owns the property located at 550 NW 26th Avenue, Gainesville, Florida 32609, which is in close proximity to the Koppers Site. Representative Plaintiff Lee-Bolton's property is within the Affected Area.

5.      Representative Plaintiff Duncan is a resident of Alachua County, Florida. Representative Plaintiff Duncan resides in and owns the property located at 441 NW 28th Avenue, Gainesville, Florida 32609, which is in close proximity to the Koppers Site. Representative Plaintiff Duncan's property is within the Affected Area.

6.      Representative Plaintiff McMahon is a resident of Alachua County, Florida. Representative Plaintiff McMahon resides in and owns the property located at 3242 NW 12th Street, Gainesville, Florida 32609, which is in close proximity to the Koppers Site. Representative Plaintiff McMahon's property is within the Affected Area.

7.      Representative Plaintiff Day is a resident of Alachua County, Florida.

4

Representative Plaintiff Day owns the property located at 3119 NW 4th Street, Gainesville, Florida 32609, which is in close proximity to the Koppers Site.  Representative Plaintiff Day's property is within the Affected Area.

8.      Named Plaintiff Bolton is a resident of Alachua County.  Named Plaintiff Bolton resides in and owns the property located at 550 NW 26th Avenue, Gainesville, Florida 32609, which is in close proximity to the Koppers Site.  Named Plaintiff Bolton's property is within the Affected Area.

9.       Named Plaintiff Geiersbach is a resident of Alachua County.  Named Plaintiff Geiersbach resides in and owns the property located at 410 Northwest 26th Avenue, Gainesville, Florida 32609, which property borders the Koppers Site.  Named Plaintiff Geiersbach's property is within the Affected Area.

10.      Defendant KOPPERS INC. f/k/a KOPPERS INDUSTRIES, INC. ("KOPPERS INC.") is a Pennsylvania corporation with its principal place of business located at 1750 Koppers Bldg., 436 7th Avenue, Pittsburgh, PA 15219-1800.  At all times relevant hereto, KOPPERS INC. owned and/or operated the wood treatment operations at the Site and is responsible for the contamination of the Site and the Affected Area.

11.      Defendant BEAZER EAST, INC. f/k/a Koppers Company, Inc. ("BEAZER EAST"), is a Delaware corporation with its principal place of business located at One Oxford Centre 3000, Pittsburgh, PA 15219.  BEAZER EAST obtained ownership of the Koppers Site on or about March 30, 2010.  Before March 30, 2010, BEAZER EAST undertook the duty to clean up the contamination of the Koppers Site.  BEAZER EAST assumed liability for and indemnified KOPPERS HOLDINGS for certain clean-up liabilities for contamination on the

Koppers Site, including contamination in the Affected Area.  BEAZER EAST is responsible for all previous liability for environmental contamination that occurred as a result of the wood treatment operations on the Koppers Site.

12.    Defendant KOPPERS HOLDINGS INC. ("KOPPERS HOLDINGS"), is a Pennsylvania corporation with its principal place of business located at 436 7th Avenue, Pittsburgh, PA 15219.  KOPPERS HOLDINGS was formed in 2004 as a holding company for KOPPERS INC.  KOPPERS HOLDINGS does not have any operations independent of KOPPERS INC., except as to certain administrative matters.  KOPPERS HOLDINGS acquired the assets and liabilities of Defendant KOPPERS INC., and/or KOPPERS INC. is the agent of KOPPERS HOLDINGS and/or KOPPERS INC. and KOPPERS HOLDINGS engaged in a conspiracy regarding the operation of the Koppers Site such that  KOPPERS HOLDINGS is therefore responsible for all liability imposed on KOPPERS INC. as a result of the claims made in this complaint.

13.    Defendant BEAZER LIMITED is a foreign corporation with its principal place of business in England.  BEAZER LIMITED is and/or was BEAZER EAST'S parent company. BEAZER LIMITED unconditionally guaranteed BEAZER EAST'S performance of that indemnity for environmental and other liabilities relating to KOPPERS COMPANY INC.'S (BEAZER EAST'S) operations, environmental and other liabilities, purchased from BEAZER EAST by KOPPERS HOLDINGS.  Upon information and belief, the guarantee of indemnity by BEAZER LIMITED includes the liabilities relating the Affected Area and the Koppers Site.

14.    Defendant HANSON PLC is a foreign corporation with its principal place of business in England.  HANSON PLC acquired BEAZER LIMITED as a wholly owned indirect

subsidiary in 1991.  In 1998, HANSON PLC purchased an insurance policy that insured the

funding and risk of certain environmental liabilities relating to the former KOPPERS

COMPANY, INC. (now BEAZER EAST) and BEAZER EAST.

15.     Defendant HEIDELBERG CEMENT AG is a foreign corporation with its

principal place of business in Germany.  HEIDELBERG CEMENT AG is the parent company of

BEAZER EAST.  In 1988, when KOPPERS INC. was formed, BEAZER EAST assumed

liability for and agreed to indemnify KOPPERS INC. for liabilities under and costs to comply

with environmental laws.  BEAZER LIMITED unconditionally guaranteed BEAZER EAST'S

performance of that indemnity for environmental and other liabilities relating to KOPPERS

COMPANY INC.'S (BEAZER EAST'S) operations, environmental and other liabilities,

purchased from BEAZER EAST by KOPPERS HOLDINGS.  Upon information and belief, the

guarantee of indemnity by BEAZER LIMITED includes the liabilities relating to the Affected

Area and the Koppers Site. In 1991, BEAZER LIMITED became a wholly owned indirect

subsidiary of HANSON  PLC.  In 2007, HANSON  PLC was acquired by HEIDELBERG

CEMENT AG.  Both BEAZER EAST and BEAZER LIMTIED are indirect subsidiaries of

HEIDELBERG CEMENT AG.

16.     Defendant MCCLELLAN LOGGING, INC. ("MCCLELLAN") is a Florida

corporation with its principal place of business located at 7822 SE CR 325, Hampton, Florida

32044.  At all material times, MCCLELLAN delivered materials to the Koppers Site and in the

process of those activities stirred up contaminated dust that was deposited in and around

Plaintiffs' and Class Members' homes and properties.

17.     Defendant A.L. BAXLEY AND SONS, INC. is a Florida corporation with its

principal place of business located at 1542 E. Hwy 329, Citra, FL 32113.  At all material times A.L. BAXLEY AND SONS, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

18.     Defendant CALLAHAN TIMBER COMPANY, INC. is a Florida corporation with its principal place of business located at 450038 State Road 200, Callahan, FL 32011.  At all material times CALLAHAN TIMBER COMPANY, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

19.     Defendant CREMER WOOD, INC. is a Florida corporation with its principal place of business located at 2508 Reid St., Palatka, FL 32177.  At all material times, CREMER WOOD, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

20.     Defendant CREMER WOOD PROCUREMENT, INC. is a Florida corporation with its principal place of business located at 222 North Third Street, Palatka, FL 32177.  At all material times, CREMER WOOD PROCUREMENT, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

21.     Defendant GEORGIA-PACIFIC LLC is a Delaware limited liability company

with its principal place of business located at 133 Peachtree St. NE, Atlanta, GA 30303.  At all material times, GEORGIA-PACIFIC LLC delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

22.     Defendant GEORGIA-PACIFIC TREATED LUMBER LLC is a Delaware limited liability company with its principal place of business located at 133 Peachtree St. NE, Atlanta, GA 30303.  At all material times, GEORGIA-PACIFIC TREATED LUMBER LLC delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

23.     Defendant GEORGIA-PACIFIC WOOD PRODUCTS LLC is a Delaware limited liability company with its principal place of business located at 133 Peachtree St. NE, Atlanta, GA 30303.  At all material times, GEORGIA-PACIFIC WOOD PRODUCTS LLC delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

24.     Defendant GREAT SOUTH TIMBER & LUMBER, INC. is a Florida corporation with its principal place of business located at 517 S.E. Baya Dr., Lake City, FL 32025.  At all material times, GREAT SOUTH TIMBER & LUMBER, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes

and properties.

25.     Defendant GREENVILLE TIMBER CORPORATION is a Florida corporation with its principal place of business located at 360 SW Range Ave., Madison, FL 32430.  At all material times, GREENVILLE TIMBER CORPORATION. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

26.     Defendant HARDEE TIMBER, INC. is a Florida corporation with its principal place of business located at 426 Northeast 264th Street, Lawtey, FL 32058.  At all material times, HARDEE TIMBER, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

27.     Defendant J. FAIRCLOTH INC. is a Florida corporation with its principal place of business located at 9950 NW 10th Ave, US 27, Chiefland, FL 32626.  At all material times, J. FAIRCLOTH, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

28.     Defendant JOHN L. SHADD TRUCKING, INC. is a Florida corporation with its principal place of business located at 9678 SW SR 121, Lake Butler, FL 32054.  At all material times, JOHN L. SHADD TRUCKING, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and

properties.

29.     Defendant JOHNS & CONNOR, INC. is a Florida corporation with its principal place of business located at 15924 CR 108, Hilliard, FL 32046.  At all material times, JOHNS & CONNOR, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

30.     Defendant LEWIS TIMBER CO., INC. is a Florida corporation with its principal place of business located at 1471 US Hwy 301 South, Starke, FL 32091.  At all material times, LEWIS TIMBER CO., INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

31.     Defendant M & L TIMBER, INC. is a Florida corporation with its principal place of business located at 11646 Hwy 11, Bunnell, FL 32110.  At all material times, M & L TIMBER, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

32.     Defendant MILLS WOOD PRODUCTS, INC. is a Florida corporation with its principal place of business located at 170 Hwy 20 West, Palatka, FL 32177.  At all material times, MILLS WOOD PRODUCTS, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

33.     Defendant PLUM CREEK TIMBER I, L.L.C. is a Delaware limited liability company with its principal place of business located at 999 Third Ave., Suite 4300, Seattle, WA 98104.  At all material times, PLUM CREEK TIMBER I, L.L.C. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

34.     Defendant PLUM CREEK TIMBER OPERATIONS I, L.L.C. is a Delaware limited liability company with its principal place of business located at 999 Third Ave., Suite 4300, Seattle, WA 98104.  At all material times, PLUM CREEK TIMBER OPERATIONS I, L.L.C. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

35.     Defendant PLUM CREEK TIMBERLANDS, L.P. is a Delaware limited partnership with its principal place of business located at 999 Third Avenue, Suite 4300, Seattle, WA 98104.  At all material times, PLUM CREEK TIMBERLANDS, L.P. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

36.     Defendant RYDER SYSTEM, INC. is a Florida corporation with its principal place of business located at 11690 NW 105 St., Miami, FL 33178.  At all material times, RYDER SYSTEM, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was

12

deposited in and around Plaintiffs' and Class Members' homes and properties.

37.     Defendant SOUTHERN TIMBERCO, INC. is a Florida corporation with its principal place of business located at 9757 SW 118th Lane, Brooker, FL 32622.  At all material times, SOUTHERN TIMBERCO, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

38.     Defendant SUWANNEE LUMBER CO. is a Florida corporation with its principal place of business located at 40 AW 10th Street, Cross City, FL 32628.  At all material times, SUWANNEE LUMBER CO. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

39.     Defendant TIMBER HARVESTERS, LLC is a Florida limited liability company with its principal place of business located at 12166 North State Road 53, Madison, FL 32340.  At all material times, TIMBER HARVESTERS, LLC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes and properties.

40.     Defendant WILLISTON TIMBER COMPANY, INC. is a Florida corporation with its principal place of business located at 20991 NW Hwy 27, Williston, FL 32696.  At all material times, WILLISTON TIMBER COMPANY, INC. delivered materials to the Koppers Site and/or removed materials from the Koppers Site, and in the process of those activities stirred up contaminated dust that was deposited in and around Plaintiffs' and Class Members' homes

13

and properties.

## JURISDICTION AND VENUE

41.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332(d), in that (i) there is minimal diversity (Plaintiffs are citizens of Florida and

numerous Defendants are not domiciled in Florida, *e.g.*, KOPPERS/BEAZER, HANSON PLC,

HEIDELBERG CEMENT AG); (ii) the amount in controversy exceeds $5,000,000.00 (Five

Million Dollars) exclusive of interests and costs; and (iii) there are 100 or more members of the

proposed Plaintiff class.

42.     This Court has jurisdiction over this action because Representative Plaintiffs and

Named Plaintiffs are all residents of this District, and, as described above, Defendants either

conduct or conducted substantial activities in Florida and have sufficient minimum contacts in

Florida, and/or have assumed responsibility for the actions of an entity that has conducted the

tortious acts described in this complaint, and/or are otherwise subject to this Court's jurisdiction

pursuant to Florida's Long Arm Statute.

43.     This Court has personal jurisdiction over Defendant BEAZER LIMITED pursuant

to Florida's Long-Arm Statute and due process because BEAZER LIMITED engaged in

substantial and non-isolated activity in Florida and Alachua County by entering into a contract to

unconditionally guarantee BEAZER EAST'S performance of an indemnity for environmental

and other liabilities relating to KOPPERS COMPANY INC.'S (BEAZER EAST'S) operations,

environmental and other liabilities in the State of Florida and Alachua County.  This Court has

personal jurisdiction over Defendant HANSON PLC  pursuant to Florida's Long-Arm Statute

and due process because various subsidiaries of HANSON PLC, including but not limited to

14

BEAZER EAST and BEAZER LIMITED engaged in substantial and not isolated activity in Florida and Alachua County by various acts and omissions, including but not limited to BEAZER LIMITED entering into a contract to unconditionally guarantee BEAZER EAST'S performance of an indemnity for environmental and other liabilities relating to KOPPERS COMPANY INC.'S (BEAZER EAST'S) operations, environmental and other liabilities in the State of Florida and Alachua County.  All of the activities sufficient to establish this Court's personal jurisdiction over each of the above-named subsidiaries of HANSON PLC, as described in this complaint, are imputed to HANSON PLC, which establishes this Court's personal jurisdiction over HANSON PLC.  This Court has personal jurisdiction over Defendant HEIDELBERG CEMENT AG  pursuant to Florida's Long-Arm Statute and due process because various subsidiaries of HEIDELBERG CEMENT AG, including but not limited toBEAZER EAST, BEAZER LIMITED, and/or HANSON  PLC engaged in substantial and not isolated activity in Florida and Alachua County by various acts and omissions, including but not limited to BEAZER LIMITED entering into a contract to unconditionally guarantee BEAZER EAST'S performance of an indemnity for environmental and other liabilities relating to KOPPERS COMPANY INC.'S (BEAZER EAST'S) operations, environmental and other liabilities in the State of Florida and Alachua County.  All of the activities sufficient to establish this Court's personal jurisdiction over each of the above-named subsidiaries of HEIDELBERG CEMENT AG, as described in this complaint, are imputed to HEIDELBERG CEMENT AG, which establishes this Court's personal jurisdiction over HEIDELBERG CEMENT AG.

44.     Venue lies in this District, pursuant to 28 U.S.C. § 1391, because Plaintiffs reside in this Judicial District and/or own real property located in this Judicial District, and a substantial

part of the conduct and events giving rise to Plaintiffs' and Class Members' claims occurred in this Judicial District.

## GENERAL ALLEGATIONS

45.    Defendants' discharge of toxic chemicals into the soil and groundwater has caused the presence of dangerous and undesirable levels of toxic and dangerous chemicals and hazardous substances in the soil and groundwater of the Representative Plaintiffs' and Named Plaintiffs' and Class members' property, and has caused the diminution in market value of properties in the Affected Area, perhaps as much as rendering the properties worthless. Defendants' actions have exposed numerous people to toxic chemicals which has led or will likely lead to various serious health problems in residents living in the Affected Area.

46.    At all material times, Defendant BEAZER EAST, and/or its predecessors or other entities for whose conduct in relation to the Koppers Site BEAZER EAST is liable, owned, managed and/or operated the wood treatment facility and related operations at the Koppers Site. At all material times, Defendant KOPPERS INC., and/or its predecessors or other entities for whose conduct in relation to the Koppers Site KOPPERS INC. is liable, owned, managed and/or operated the wood treatment facility and related operations at the Koppers Site.

47.    Upon information and belief, BEAZER EAST has assumed responsibility and liability for the contamination with toxic and dangerous chemicals and hazardous substances of the Koppers Site and the Affected Area.

48.    At all material times, Defendants have caused and/or allowed toxic and dangerous chemicals and hazardous substances to leave the Koppers Site and contaminate properties in the Affected Area.  Those toxic and dangerous chemicals and hazardous substances include, but are

16

not limited to: dioxins, which are associated with pentachlorophenol, a wood preservative employed at relevant times on the Koppers Site, and which are associated with numerous adverse health effects, including but not limited to cancer, endocrine disruption, nervous system damage, developmental delays in children, and diabetes; chromated copper arsenic ("CCA"), which was employed in Defendants' wood treatment operation and is associated with cancer; polycyclic aromatic hydrocarbons ("PAH"), which were used in the wood treatment operation and are associated with cancer, reproductive problems, and damage to organ systems; and creosote, which was used in the wood treatment operation and which is associated with adverse health effects.

49.     The wood treatment operations at the Koppers Site involved and utilized materials and processes that contained and/or generated the toxic and dangerous chemicals and hazardous substances described in this complaint.

50.     The wood treatment operations and related conduct and activities conducted at the Koppers Site by Defendants caused and/or allowed the toxic and dangerous chemicals and hazardous substances described in this complaint to leave the Koppers Site and enter the Affected Area, resulting in past, current, and (if not remedied), future injurious contamination of real property from, and exposure of residents within the Affected Area to, those toxic and dangerous chemicals and hazardous substances.

51.     The mechanisms of release and dispersion of hazardous substances from the Koppers Site include, but are not limited to: airborne transport of contaminated particulate, waterborne transport of contamination through surface water runoff, and waterborne transport through groundwater contamination and migration.

17

52.     One of the activities that stirred up a significant amount of the toxic dust was the coming and going of trucks hauling untreated logs into the site, chemicals used in the treatment into the site, and treated logs out of the site.  Defendant MCCLELLAN owns and operates a logging company in north central Florida.  Defendant MCCLELLAN sold untreated logs to KOPPERS.  Defendant MCCLELLAN used its own trucks to deliver untreated logs to KOPPERS.  In the process of delivering logs to KOPPERS, Defendant MCCLELLAN'S trucks stirred up significant quantities of dust containing toxic chemicals.  This toxic dust settled in and around Representative Plaintiffs' and Named Plaintiffs' and Class members' property, contaminating their property with toxic substances and significantly diminishing the value of their property, perhaps to the degree that the properties are rendered worthless.  This toxic dust also exposed Representative Plaintiffs and Named Plaintiffs and Class members to toxic chemicals which put Representative Plaintiffs and Named Plaintiffs and Class members at a higher risk for certain diseases.   The TRUCKING/LOGGING COMPANIES operated logging and/or trucking operations that delivered materials to and/or removed materials from the Koppers Site.  The TRUCKING/LOGGING COMPANIES also stirred up significant quantities of dust containing toxic chemicals.  This toxic dust settled in and around Representative Plaintiffs' and Named Plaintiffs' and Class members' property, contaminating their property with toxic substances and significantly diminishing the value of their property, perhaps to the degree that the properties are rendered worthless.  This toxic dust also exposed Representative Plaintiffs and Named Plaintiffs and Class members to toxic chemicals which put Representative Plaintiffs and Named Plaintiffs and Class members at a higher risk for certain diseases.

53.     Named Plaintiff Geiersbach's property contains a private well for irrigation, upon

information and belief similar to many others in the neighborhood, that Named Plaintiff

Geiersbach was forced to abandon due to contamination discharged by Defendants. Named

Plaintiff Geiersbach used the well to irrigate his property, thereby being exposed to the

contamination discharged by Defendants. Various toxic substances discharged by Defendants

have contaminated Named Plaintiff Geiersbach's property, including the soil and groundwater.

Upon information and belief, various toxic substances discharged by Defendants have

contaminated Representative Plaintiff Lee-Bolton's, Representative Plaintiff Duncan's,

Representative Plaintiff McMahon's, Representative Plaintiff Day's and Named Plaintiff

Bolton's property. Representative Plaintiffs and Named Plaintiffs and Class members have been

and are exposed to those toxins through contact with the soil on their properties, including

airborne soil caused by wind and soil borne by storm water runoff, and through contact with the

groundwater.

54.     Sometime before the filing of this complaint, a representative of BEAZER EAST,

who asked Named Plaintiff Geiersbach to allow them to close off and cap a well on his property,

stated that contaminants had leaked into the groundwater and that the well was unsafe. Named

Plaintiff Geiersbach's well was found to have elevated levels of contaminants, including phenols

and naphthalene, associated with the wood treatment operations on the Koppers Site. The

representative informed him that if he would not voluntarily consent to shutting down the well,

BEAZER EAST would obtain a court order to shut down the well. Named Plaintiff Geiersbach

agreed to allow BEAZER EAST to shut down the well and BEAZER EAST'S representatives

capped off and sealed the well with concrete.

55.     Tests in the area of Named Plaintiff Geiersbach's residence revealed the presence

of dioxin.  Samples taken within approximately 2 to 10 feet of Named Plaintiff Geiersbach's

property line showed that the dioxin Toxic Equivalent ("TEQ") was 54.0 pg/g and 54.2 pg/g.

The "Soil Cleanup Target Level" for dioxin is 7 pg/g for residential properties as referenced in

the table which accompanies § 62-777.100 *et. seq.*, Florida Statutes.  Dioxins are associated with

the wood treatment operations conducted on the Koppers Site.

56.    The contamination in the Affected Area and exposure of Representative Plaintiffs

and Named Plaintiffs and Class members has proximately caused and created, and in the future

will create (unless corrected and abated), a significantly elevated risk of contracting serious latent

diseases, disorders, and harm to the physical health and well-being of Representative Plaintiffs

and Named Plaintiffs and Class members.

57.    The contamination in the Affected Area has proximately caused and/or in the

future will cause (unless corrected and abated) injury and harm to Representative Plaintiffs' and

Named Plaintiffs' and Class members' interests in the market value, use value, and/or beneficial

enjoyment value of their residences and/or owned real property, and consequent annoyance,

inconvenience, diminished quality of life, and stigma.

58.    As a result of Defendants' discharge of toxic chemicals onto the lands and into the

groundwater, including the introduction of toxic dust stirred up by trucks and deposited onto

Representative Plaintiffs' and Named Plaintiffs' and Class members' property, and Defendants'

failure to contain and clean up the contamination on the land and in the groundwater;

Representative Plaintiffs and Named Plaintiffs and Class members have suffered diminution of

their property value, perhaps as much as rendering the value of their property worthless.

59.    Upon information and belief, there has been in the recent past activity occurring

on the Koppers Site that has stirred up large amounts of contaminated dust that has been

deposited upon Representative Plaintiffs' and Named Plaintiffs' and Class members' properties.

Upon information and belief, based on the anticipated future remediation activities on the

Koppers Site, there will likely be in the near future activity occurring on the Koppers Site that

will stir up large amounts of contaminated dust which will likely be deposited on Representative

Plaintiffs' and Named Plaintiffs' and Class Members' properties.  Upon information and belief,

that activity has not been and likely will not be sufficiently monitored to ensure that

Representative Plaintiffs' and Named Plaintiffs' and Class members' properties are not further

contaminated.  Upon information and belief, KOPPERS/BEAZER have been in the recent past

engaged in and/or responsible for that activity, and the deposition on Representative Plaintiffs'

and Named Plaintiffs' and Class members' properties of contaminated dust and other

contamination, and will in the future be engaged in such activity and responsible for the further

contamination of Plaintiffs' and Class Members' properties.  As a result of that activity,

Representative Plaintiffs' and Named Plaintiffs' and Class members' properties will likely

continue to be contaminated.  Any future activity on the Koppers Site should be enjoined until

effective environmental monitoring is in place on the Koppers Site and in the Affected Area

sufficient to detect, document and minimize emissions from the Koppers Site and contamination

of the Affected Area by those emissions.

      60.     There exist reasonable and feasible methodologies of property remediation that to

a meaningful extent can detect, alleviate, remove, and/or render substantially less dangerous and

harmful the injurious contamination caused by Defendants in the Affected Area.  Representative

Plaintiffs' and Named Plaintiffs' and Class members' exposure to toxic and dangerous chemicals

and hazardous substances has been and is at greater then normal background levels as a result of tortious, negligent, unlawful and otherwise culpable conduct for which Defendants are liable.  As a proximate result of such exposure, Representative Plaintiffs and Named Plaintiffs and Class members experience a significantly increased risk of suffering adverse health effects.

61.     Upon information and belief, each Defendant (except for MCCLELLAN and the TRUCKING/LOGGING COMPANIES), currently has or in the relevant past had a legal, managerial, operational, ownership, financial, and/or controlling relationship with, interest in, responsibility for, and/or involvement with the Koppers Site and/or operations at the Koppers Site, in such a fashion and to such a degree as to render each Defendant (except for MCCLELLAN and  the TRUCKING/LOGGING COMPANIES), legally responsible, liable, and accountable for all or a portion of the claims, injuries, damages, remedies, and relief that are asserted, alleged and sought by Representative Plaintiffs and Named Plaintiffs and Class members in this action.  Defendant MCCLELLAN and the TRUCKING/LOGGING COMPANIES are liable for the damages to Representative Plaintiffs and Named Plaintiffs and Class members due to their activities in relation to the Koppers Site.

62.     Defendants, and/or persons or entities for whose conduct and circumstances created thereby Defendants are legally liable and responsible, failed to take effective action to prevent, reduce, alleviate, investigate, monitor, evaluate, assess, measure, correct, compensate for, repair, and/or remediate the contamination of the Affected Area.

63.     Defendants' conduct as described in this complaint, and/or the conduct of their predecessors or other persons or entities whose conduct in connection with the Koppers Site created conditions or circumstances for which Defendants are legally liable and responsible, was

undertaken with conscious disregard or indifference to the rights, welfare, and safety of persons and property within the Affected Area, and was reckless, grossly negligent, and/or intentional.

64.     Defendants and/or persons or entities for whose conduct and circumstances created thereby Defendants are legally liable and responsible knew or should have known that a high degree of risk existed in the creation, use, management, storage, and/or disposal of toxic and dangerous chemicals and hazardous substances, and/or any interaction with a site containing such toxic and dangerous chemicals and hazardous substances, and knew or should have known that a substantial likelihood existed that harm might occur should any such substances and materials escape from the Koppers Site into the Affected Area.

65.     As a direct and proximate result of the actions and omissions of Defendants, as described in this complaint, Representative Plaintiffs and Named Plaintiffs and Class members have suffered damages, including but not limited to: loss of the use and enjoyment of their homes and properties, loss of value of their homes and properties due to the stigma from the presence of hazardous substances in their homes and properties, permanent diminution of the value of their homes and properties, perhaps as much as rendering their properties worthless, and increased risk of adverse health effects due to the acts and/or omissions of Defendants that caused or allowed the contamination of Representative Plaintiffs' and Named Plaintiffs' and Class members' properties, homes and groundwater.

## CLASS REPRESENTATION ALLEGATIONS

66.     Representative Plaintiffs bring this suit as a class action on behalf of a Class pursuant to Rule 23, Federal Rules of Civil Procedure defined as follows:

All persons and legal entities that are owners, as of February 16, 2012 , of real

23

property that:

     i.    Is located  in the Affected Area;
    ii.    Is zoned for residential use; and
   iii.    Is or has been affected by toxic and dangerous chemicals and/or hazardous substances from the Koppers Site.

67.    Excluded from the Class are the following:

A.    The Defendants, and any parent, subsidiary, or affiliate organizations, and the officers, directors, agents, servants, or employees of same and the members of the immediate family of any such person;

B.    All persons and entities who timely opt out of this proceeding.

C.    All persons who have given valid releases releasing the Defendants from the claims asserted in this complaint;

D.    All persons who, prior to the date of filing this Complaint, have filed a non-class action claim against the Defendants for claims asserted in this complaint;

E.    All persons who have signed a retainer agreement with an attorney other than the undersigned counsel to maintain an individual action and/or a class action based in whole or in part on the claims contained in this complaint;

F.    The undersigned counsel, Paul S. Rothstein, and any employees of Paul S. Rothstein; and

G.    All Judges of the United States District Court for the Northern District of Florida  who reside in Alachua County, Florida, as well as all employees

of those Judges, including law clerks.

68.     Representative Plaintiffs bring this action  under Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b)(1), Rule 23(b)(2), and Rule 23(b)(3) as a class action on behalf of themselves and all others similarly situated.  The Class members are so numerous as to make it impractical to bring them all before this Court.

69.     The claims of Representative Plaintiffs raise questions of law and fact common to the questions of law and fact raised by the claims of Class members

70.     The questions of fact that are common to the claims of Representative Plaintiffs and the claims of each member of the Class include, but are not limited to, the following:

A.     Whether Defendants, and/or those persons or entities for whose conduct and circumstances created thereby Defendants are legally liable and responsible, caused and allowed, and/or failed to take effective action to prevent, reduce, alleviate, investigate, monitor, evaluate, assess, measure, correct, compensate for, repair and/or remediate the contamination in the Affected Area as described in this complaint;

B.     Whether the substances utilized by KOPPERS/BEAZER as part of their wood treatment operation at the Koppers Site are toxic and/or hazardous;

C.     Whether the substances utilized by KOPPERS/BEAZER as part of their wood treatment operation at the Koppers Site would contribute to an increased risk of persons exposed to those substances developing a disease;

D.     Whether hazardous substances migrated from the Koppers Site onto

25

properties in the Affected Area;

    E.    Whether the actions or omissions of Defendants have caused and/or allowed the discharge of hazardous substances onto the Koppers Site and properties in the Affected Area;

    F.    Whether contamination has migrated from the Koppers Site via air deposition of contaminated dust, via surface water runoff, and/or via the groundwater.

    G.    Whether the pattern of hazardous substances found on properties in the Affected Area matches the pattern of hazardous substances used on the Koppers Site;

    H.    Whether the contamination on properties in the Affected Area is greater than the normal background levels; and

    I.    Whether property values in the Affected Area have decreased as a result of contamination from the Koppers Site.

71.    The questions of law that are common to the claims of Representative Plaintiffs and the claims of each member of the Class include, but are not limited to, the following:

    A.    Whether Defendants' activities in relation to the Koppers Site were negligent and/or reckless;

    B.    Whether contamination from the Koppers Site constitutes a nuisance and/or trespass;

    C.    Whether Defendants' activities in relation to the Koppers Site violated the Florida Air and Water Pollution Control Act, § 403.011, *et seq.*, Florida

Statutes, and/or Florida's Water Quality Assurance Act, § 376.30, *et seq.*, Florida Statutes;

D.      Whether Defendants' activities in relation to the Koppers Site constituted ultrahazardous activities;

E.      Whether Defendant HEIDELBERG CEMENT AG and HANSON PLC are liable for the activities of KOPPERS/BEAZER in relation to the Koppers Site; and

F.      Whether Defendants' actions and omission have entitled Representative Plaintiffs and Class members to the relief requested in this complaint.

72.     The claims advanced by the Representative Plaintiffs are typical of the claims of each member of the Class in that:

A.      The Representative Plaintiffs' claims arise from the same course of conduct of  Defendants giving rise to the claims of other Class members;

B.      The claims of the Representative Plaintiffs and each member of the Class are based upon the same legal theories;

C.      The Representative Plaintiffs and each member of the Class have an interest in prevailing on the same legal claims;

D.      The types of damages incurred by the Representative Plaintiffs are similar to those incurred by the other Class members;

E.      The defenses asserted by Defendant will be very similar, if not identical, as to all Representative Plaintiffs and Class members.

73.     The Representative Plaintiffs will fairly and adequately protect the interests of the

Class.  The Representative Plaintiffs are members of the Class they seek to represent.
The interests of the Representative Plaintiffs are coincident with and not antagonistic to those of
the other members of the Class they seek to represent, and the Representative Plaintiffs will fairly
and adequately protect the interests of the Class.  The Representative Plaintiffs and all Class
members have a similar, if not identical, interest in obtaining the relief sought.  Proof of the
claims of the Representative Plaintiffs will also prove the claims of the Class.

74.     The claims in this complaint are maintainable on behalf of a Class pursuant to
Rule 23(b)(1), Fed. R. Civ. P., in that the prosecution of separate claims or defenses by or against
individual members of the Class would create a risk of either: (a) inconsistent or varying
adjudication concerning individual members of the Class which would establish incompatible
standards of conduct for the party opposing the Class; or (b) adjudications concerning individual
members of the Class that, as a practical matter, would be dispositive of the interests of other
members of the Class who are not parties to the individual adjudications, or substantially impair
or impede the ability of other members of the Class who are not parties to the individual
adjudication to protect their interests.

75.     The claims in this complaint are maintainable on behalf of a Class pursuant to
Rule 23(b)(2), Fed. R. Civ. P., in that Defendants have acted or refused to act on grounds that
apply generally to the Class, so that final injunctive relief and/or corresponding declaratory relief
is appropriate respecting the Class as a whole.

76.     In the alternative, if the claims in this complaint are found by the Court to be not
maintainable pursuant to Rule 23(b)(1) or (b)(2), Fed. R. Civ. P., the claims are maintainable on
behalf of a Class pursuant to Rule 23(b)(3), Fed. R. Civ. P., in that the questions of law or fact

common to Class Members predominate over any questions affecting only individual members of the Class, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy in that: (i) neither the size of the Class nor any other factor make it likely that difficulties will be encountered in the management of this class action, (ii) the prosecution of separate actions by individual Class members, or the individual joinder of all Class members, is impractical and would create a massive and unnecessary burden on the Court's resources, (iii) the disparity between the resources of Defendants and Class members would make prosecution of individual actions a financial hardship on Class members; (iv) all of the properties affected are within this Judicial District, and the injuries complained of occurred in this Judicial Forum, making it desirable to concentrate the litigation of the claims in this particular forum; and (v) currently the undersigned counsel is unaware of any other pending litigation regarding this controversy.

77.     The Representative Plaintiffs have retained counsel experienced in class action litigation and who will adequately represent the interests of the Class.  The Representative Plaintiffs and their counsel have or can acquire sufficient financial resources to ensure that the interests of the Class are not harmed.

78.     Representative Plaintiffs' and Named Plaintiffs' counsel at the time of filing this First Amended Class Action Complaint consists of:

> Attorney Paul S. Rothstein
> 626 N. E. First Street
> Gainesville, Florida 32601

79.     Representative Plaintiffs and Named Plaintiffs have retained the above counsel to represent them in this lawsuit, and are obligated to pay said counsel reasonable attorneys' fees

provided recovery is obtained.

80.     Upon information and belief, there are no pending certified class actions concerning the controversy at issue or the claims asserted in this complaint applicable to Representative Plaintiffs or Named Plaintiffs or Class members.

## COUNT I AS TO KOPPERS/BEAZER - EQUITABLE AND INJUNCTIVE RELIEF

81.     Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

82.     Upon information and belief, there has been in the recent past activity occurring on the Koppers Site that has stirred up large amounts of contaminated dust that has been deposited upon Representative Plaintiffs' and Named Plaintiffs' and Class members' properties. Upon information and belief, based on the anticipated future remediation activities on the Koppers Site, there will likely be in the near future activity occurring on the Koppers Site that will stir up large amounts of contaminated dust which will likely be deposited on Representative Plaintiffs' and Named Plaintiffs' and Class Members' properties.

83.     Upon information and belief, that activity has not been and will not be sufficiently monitored to ensure that Representative Plaintiffs' and Named Plaintiffs' and Class members' properties are not further contaminated.

84.     Upon information and belief, KOPPERS/BEAZER have been in the recent past engaged in and/or responsible for that activity, and the deposition on Representative Plaintiffs' and Named Plaintiffs' and Class members' properties of contaminated dust and other contamination, and will in the future be engaged in such activity and will be responsible for the likely further contamination of Plaintiffs' and Class Members' properties.

85.     Representative Plaintiffs and Named Plaintiffs and Class members are without adequate remedy at law, making injunctive and other equitable relief appropriate.

86.     Representative Plaintiffs and Named Plaintiffs and Class members will suffer irreparable harm if the Court does not grant the injunctive and other equitable relief requested in this count.

87.     All future activity should be enjoined on the Koppers Site until effective environmental monitoring is in place on the Koppers Site and in the Affected Area sufficient to detect, document and minimize emissions from the Koppers Site and contamination of the Affected Area by those emissions.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against KOPPERS/BEAZER for:

      a.     An order certifying the case as a class action;

      b.     An order appointing Representative Plaintiffs as the Class representatives of the Class;

      c.     An order appointing undersigned counsel as lead counsel for the Class;

      d.     An order enjoining all future activity on the Koppers Site until effective environmental monitoring is in place on the Koppers Site and in the Affected Area sufficient to detect, document and minimize emissions from the Koppers Site and contamination of the Affected Area by those emissions;

      g.     Reasonable attorney's fees, costs and expenses; and

> h.      Such other relief as this Court deems just, necessary or appropriate.

## COUNT II AS TO KOPPERS/BEAZER - VIOLATION OF FLORIDA'S WATER QUALITY ASSURANCE ACT, § 376.30, *ET SEQ.*, FLORIDA STATUTES

88.      Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

89.      KOPPERS/BEAZER'S acts and omissions on the Site caused discharge of hazardous substances into the Site and the surrounding properties, and have caused discharge of hazardous substances into or upon the surface or ground waters of the State of Florida, and upon the lands of the State of Florida, specifically, the land of the Site and the groundwater beneath it, as well as the land surrounding the site and the groundwater beneath it. "Discharge" is defined by F.S. § 376.30, *et seq*. as including, but not limited to "any spilling, leaking, seeping, pouring, misapplying, emitting, emptying, releasing, or dumping of any... hazardous substance which occurs and which affects lands and the surface and ground waters of the state..." F.S. § 376.301(13).

90.      Those hazardous substances have migrated, through surface and groundwater and through the air, onto Representative Plaintiffs' and Named Plaintiffs' and Class members' properties, causing damages.

91.      The chemicals and other compounds used by KOPPERS/BEAZER'S in the wood treatment facility and discharged by KOPPERS/BEAZER are hazardous substances as defined by Florida Statutes § 376.301(21), and/or are pollutants as defined by Florida Statutes § 376.301(36), and the current condition of those chemicals and compounds (that is, their presence on the Site and on the surrounding properties) constitutes pollution as defined in Florida Statutes

32

§ 376.301(37).

92.     Pursuant to F.S. § 376.313(3), Representative Plaintiffs and Named Plaintiffs and Class members have a private cause of action against KOPPERS/BEAZER for the actions and omissions described in this complaint.  *See Curd v. Mosaic Fertilizer, LLC*, 39 So.2d 1216 (Fla. 2010).

93.     Representative Plaintiffs and Named Plaintiffs and Class members are persons as defined by F.S. § 376.301(28).

94.     KOPPERS/BEAZER'S discharge of hazardous substances to the properties around the Site constitutes "discharge or other condition of pollution."

95.     The Site and the properties around the Site are within the territorial limits of the State of Florida and include waters within the territorial limits of the State of Florida.

96.     As a direct and proximate result of KOPPERS/BEAZER violating Florida Statutes § 376.30, *et seq.*, Representative Plaintiffs and Named Plaintiffs and Class members have suffered damages.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against KOPPERS/BEAZER for:

        a.      An order certifying the case as a class action;

        b.      An order appointing Representative Plaintiffs as the Class representatives of the Class;

        c.      An order appointing undersigned counsel as lead counsel for the Class;

        d.      Compensatory damages ;

33

  e.  Post-judgment interest;

  f.  Reasonable attorney's fees, costs and expenses; and

  g.  Such other relief as this Court deems just, necessary or appropriate.

## COUNT III AS TO MCCLELLAN AND THE TRUCKING/LOGGING COMPANIES - VIOLATION OF FLORIDA'S WATER QUALITY ASSURANCE ACT, § 376.30, *ET SEQ.*, FLORIDA STATUTES

  97.  Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

  98.  MCCLELLAN'S and the TRUCKING/LOGGING COMPANIES' acts and omissions on the Site caused discharge of hazardous substances into the Site and the surrounding properties, and have caused discharge of hazardous substances into or upon the surface or ground waters of the State of Florida, and upon the lands of the State of Florida, specifically, the land of the Site and the groundwater beneath it, as well as the land surrounding the site and the groundwater beneath it.  "Discharge" is defined by F.S. § 376.30, *et seq*. as including, but not limited to "any spilling, leaking, seeping, pouring, misapplying, emitting, emptying, releasing, or dumping of any... hazardous substance which occurs and which affects lands and the surface and ground waters of the state..."  F.S. § 376.301(13).

  99.  Those hazardous substances have migrated, through surface and groundwater and through the air, onto Representative Plaintiffs' and Named Plaintiffs' and Class members' properties, causing damages.  MCCLELLAN'S and the TRUCKING/LOGGING COMPANIES' acts and omissions have contributed significantly to that migration.

  100.  The chemicals and other compounds used on the Site and discharged by MCCLELLAN and the TRUCKING/LOGGING COMPANIES are hazardous substances as

defined by Florida Statutes § 376.301(21), and/or are pollutants as defined by Florida Statutes § 376.301(36), and the current condition of those chemicals and compounds (that is, their presence on the Site and on the surrounding properties) constitutes pollution as defined in Florida Statutes § 376.301(37).

101.    Pursuant to F.S. § 376.313(3), Representative Plaintiffs and Named Plaintiffs and Class members have a private cause of action against MCCLELLAN and  the TRUCKING/LOGGING COMPANIES for the actions and omissions described in this complaint.  *See Curd v. Mosaic Fertilizer, LLC*, 39 So.2d 1216 (Fla. 2010).

102.    Representative Plaintiffs and Named Plaintiffs and Class members are persons as defined by F.S. § 376.301(28).

103.    MCCLELLAN'S and  the TRUCKING/LOGGING COMPANIES' discharge of hazardous substances to the properties around the Site constitutes "discharge or other condition of pollution."

104.    The Site and the properties around the Site are within the territorial limits of the State of Florida and include waters within the territorial limits of the State of Florida.

105.    As a direct and proximate result of MCCLELLAN and the TRUCKING/LOGGING COMPANIES violating Florida Statutes § 376.30, *et seq*., Representative Plaintiffs and Named Plaintiffs and Class members have suffered damages.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against MCCLELLAN and the TRUCKING/LOGGING COMPANIES for:

a.    An order certifying the case as a class action;

35

b.      An order appointing Representative Plaintiffs as the Class representatives
         of the Class;

c.      An order appointing undersigned counsel as lead counsel for the Class;

d.      Compensatory damages,;

e.      Post-judgment interest;

f.      Reasonable attorney's fees, costs and expenses; and

g.      Such other relief as this Court deems just, necessary or appropriate.

## COUNT IV AS TO KOPPERS/BEAZER - NEGLIGENCE AND NEGLIGENCE PER SE

106.   Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in
Paragraphs 1 through 80 as if fully set forth in this count.

107.   KOPPERS/BEAZER owed a duty to Representative Plaintiffs and Named
Plaintiffs and Class members to take appropriate precautions and to possess and exercise the
degree of care that an ordinarily prudent person would under the same or similar circumstances
to avoid contamination of Representative Plaintiffs' and Named Plaintiffs' and Class members'
property with hazardous substances.

108.   KOPPERS/BEAZER breached their duty by failing to take appropriate
precautions to avoid the escape of toxic and dangerous substances, contaminants and hazardous
materials from the Site; by failing to adequately train and supervise their employees and agents
with regard to proper procedures to prevent the release and spread of toxic and dangerous
chemicals and hazardous substances into Representative Plaintiffs' and Named Plaintiffs' and
Class members' property; by failing to adequately warn of the escape of toxic and dangerous

36

chemicals and hazardous substances from the Koppers Site into the Affected Area; and otherwise failing to exercise reasonable care in the operation of the Koppers Site to prevent the escape of toxic and dangerous chemicals and hazardous substances from the Koppers Site into the Affected Area.  As a result of such breach, Representative Plaintiffs and Named Plaintiffs and Class members were harmed and have suffered damages.

109.    In addition, the conduct of KOPPERS/BEAZER, in allowing and causing contamination of Representative Plaintiffs' and Named Plaintiffs' and Class members' property by dangerous and toxic chemicals and hazardous substances constitutes violations of the Florida Air and Water Pollution Control Act, § 403.011, *et seq*., Florida Statutes, and/or Florida's Water Quality Assurance Act, § 376.30, *et seq.*, Florida Statutes.  Representative Plaintiffs and Named Plaintiffs and Class members are members of the class of people that the Acts were designed to protect, and the harm suffered is of the type that the Acts were designed to prevent.  Violations of said Acts constitute negligence *per se.*

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against KOPPERS/BEAZER for:

a.    An order certifying the case as a class action;

b.    An order appointing Representative Plaintiffs as the Class representatives of the Class;

c.    An order appointing undersigned counsel as lead counsel for the Class;

d.    Compensatory damages,;

e.    Post-judgment interest;

f.  Reasonable attorney's fees, costs and expenses; and

g.  Such other relief as this Court deems just, necessary or appropriate.

## COUNT V AS TO MCCLELLAN AND  THE TRUCKING/LOGGING COMPANIES - NEGLIGENCE AND NEGLIGENCE PER SE

110.  Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

111.  Defendant MCCLELLAN and  the TRUCKING/LOGGING COMPANIES owed a duty to Representative Plaintiffs and Named Plaintiffs and Class members to take appropriate precautions and to possess and exercise the degree of care that an ordinarily prudent person would under the same or similar circumstances to avoid contamination of Representative Plaintiffs' and Named Plaintiffs' and Class members' property with hazardous substances.

112.  Defendant MCCLELLAN and  the TRUCKING/LOGGING COMPANIES breached their duty by failing to take appropriate precautions to avoid the escape of toxic dust stirred up by Defendant MCCLELLAN'S and  the TRUCKING/LOGGING COMPANIES' trucks on the Site, and by failing to adequately train and supervise their employees and agents with regard to proper procedures to prevent the release and spread of toxic dust from the Site and Defendant MCCLELLAN'S and  the TRUCKING/LOGGING COMPANIES' trucks into the Representative Plaintiffs' and Named Plaintiffs' and Class members' property. As a result of such breach, Representative Plaintiffs and Named Plaintiffs and Class members were harmed and have suffered damages.

113.  In addition, the conduct of MCCLELLAN and  the TRUCKING/LOGGING COMPANIES, in allowing and causing contamination of the Representative Plaintiffs' and

38

Named Plaintiffs' and Class members' property by dangerous and toxic substances constitutes violations of the Florida Air and Water Pollution Control Act, § 403.011, *et seq.*, Florida Statutes, and/or Florida's Water Quality Assurance Act, § 376.30, *et seq.*, Florida Statutes. Representative Plaintiffs and Named Plaintiffs and Class members are members of the class of people that the Acts were designed to protect, and the harm suffered is of the type that the Acts were designed to prevent.  Violations of said Acts constitute negligence *per se.*

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against MCCLELLAN and the TRUCKING/LOGGING COMPANIES for:

    a.    An order certifying the case as a class action;

    b.    An order appointing Representative Plaintiffs as the Class representatives of the Class;

    c.    An order appointing undersigned counsel as lead counsel for the Class;

    d.    Compensatory damages;

    e.    Post-judgment interest;

    f.    Reasonable attorney's fees, costs and expenses; and

    g.    Such other relief as this Court deems just, necessary or appropriate.

## COUNT VI AS TO KOPPERS/BEAZER -
## STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY

114.    Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

115.    The conduct of KOPPERS/BEAZER in connection with the Site created

conditions and circumstances for which KOPPERS/BEAZER is legally accountable and responsible.  The conduct of KOPPERS/BEAZER constituted an ultrahazardous activity, because the conduct utilized and/or created ultrahazardous toxic and dangerous substances, contaminants and hazardous materials, and because said hazardous substances were not contained or otherwise kept from entering Representative Plaintiffs' and Named Plaintiffs' and Class members' property.

116.    KOPPERS/BEAZER had a duty to exercise due care in the ownership and operation of a facility using, storing, and containing hazardous materials and was under a duty to comply with all laws and regulations relating to the treatment, storage, and disposal of the hazardous materials so as to ensure that the treatment, storage and disposal did not harm Representative Plaintiffs and Named Plaintiffs and Class members in the Affected Area. KOPPERS/BEAZER breached their duties described above by:

  a.    preventing the escape of toxic and dangerous chemicals and hazardous substances from the Koppers Site to the Affected Area;

  b.    failing to adequately train and supervise their employees and agents with regard to proper procedures to prevent the release and spread of toxic and dangerous chemicals and hazardous substances from the Koppers Site into the Affected Area;

  c.    failing to adequately warn of the escape of toxic and dangerous chemicals and hazardous substances from the Koppers Site into the Affected Area; and

  d.    otherwise failing to use reasonable care in the operation of the Koppers

40

Site to prevent the escape of toxic and dangerous chemicals and hazardous substances from the Koppers Site to the Affected Area.

117.    The conduct of KOPPERS/BEAZER as described above also violated the Florida Air and Water Pollution Control Act, § 403.011, *et seq.*, Florida Statutes, and/or Florida's Water Quality Assurance Act, § 376.30, *et seq.*, Florida Statutes.

118.    As a direct and proximate result of KOPPERS/BEAZER'S acts and omissions, the hazardous substances being used, stored, and/or disposed of at the Koppers Site leaked, seeped or were carried onto and into Representative Plaintiffs' and Named Plaintiffs and Class members' property, homes and groundwater in the Affected Area, causing serious contamination.

119.    Because KOPPERS/BEAZER engaged in ultrahazardous activity that caused resulting injury to Representative Plaintiffs and Named Plaintiffs and Class members, KOPPERS/BEAZER are strictly liable to Representative Plaintiffs and Named Plaintiffs and Class members for their damages.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against KOPPERS/BEAZER for:

    a.    An order certifying the case as a class action;

    b.    An order appointing Representative Plaintiffs as the Class representatives of the Class;

    c.    An order appointing undersigned counsel as lead counsel for the Class;

    d.    Compensatory damages;

    e.    Post-judgment interest;

41

f.      Reasonable attorney's fees, costs and expenses; and

g.      Such other relief as this Court deems just, necessary or appropriate.

### COUNT VII AS TO KOPPERS/BEAZER - TRESPASS

120.    Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

121.    Representative Plaintiffs and Named Plaintiffs and Class members own homes and real property within the Affected Area.

122.    KOPPERS/BEAZER'S actions in the operations of the Koppers Site were intentional, negligent, reckless, or as the result of an ultrahazardous activity, and were proximately responsible for the contamination in the Affected Area.

123.    KOPPERS/BEAZER, without the consent or authority and against the will of Representative Plaintiffs and Named Plaintiffs and Class members, caused hazardous substances to enter and contaminate Representative Plaintiffs' and Named Plaintiffs' and Class members' homes and properties in the Affected Area.

124.    As a direct and proximate result of KOPPERS/BEAZER'S actions, Representative Plaintiffs and Named Plaintiffs and Class members have suffered and will continue to suffer damages.

125.    KOPPERS/BEAZER'S trespass was the direct, proximate, and foreseeable cause of Representative Plaintiffs' and Named Plaintiffs' and Class members' damages.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against KOPPERS/BEAZER for:

42

a.      An order certifying the case as a class action;

b.      An order appointing Representative Plaintiffs as the Class representatives
of the Class;

c.      An order appointing undersigned counsel as lead counsel for the Class;

d.      Compensatory damages;

e.      Post-judgment interest;

f.      Reasonable attorney's fees, costs and expenses; and

g.      Such other relief as this Court deems just, necessary or appropriate.

## COUNT VIII AS TO MCCLELLAN AND  THE TRUCKING/LOGGING COMPANIES - TRESPASS

126.    Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

127.    Representative Plaintiffs and Named Plaintiffs and Class members own homes and real property within the Affected Area.

128.    MCCLELLAN and  THE TRUCKING/LOGGING COMPANIES, without the consent or authority and against the will of Representative Plaintiffs and Named Plaintiffs and Class members, caused or permitted hazardous substances to enter and contaminate Representative Plaintiffs' and Named Plaintiffs' and Class members' homes and properties in the Affected Area.

129.    As a direct and proximate result of MCCLELLAN'S and  the TRUCKING/LOGGING COMPANIES' actions, Representative Plaintiffs and Named Plaintiffs and Class members have suffered and will continue to suffer damages.

43

130.     MCCLELLAN'S and  the TRUCKING/LOGGING COMPANIES' trespass was the direct, proximate, and foreseeable cause of Representative Plaintiffs' and Named Plaintiffs' and Class members' damages.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against MCCLELLAN and the TRUCKING/LOGGING COMPANIES for:

a.     An order certifying the case as a class action;

b.     An order appointing Representative Plaintiffs as the Class representatives of the Class;

c.     An order appointing undersigned counsel as lead counsel for the Class;

d.     Compensatory damages;

e.     Post-judgment interest;

f.     Reasonable attorney's fees, costs and expenses; and

g.     Such other relief as this Court deems just, necessary or appropriate.

## COUNT IX AS TO KOPPERS/BEAZER - NUISANCE

131.     Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

132.     At all times material hereto, Defendants KOPPERS/BEAZER have used on the Koppers Site dangerous chemicals and hazardous substances, including but not limited to CCA, creosote, pentachlorophenol, dioxins, and PAHs in close proximity to Representative Plaintiffs' and Named Plaintiffs' and Class members' properties.  These chemicals and hazardous substances have leaked into the soil and groundwater and have contaminated Representative

Plaintiffs' and Named Plaintiffs' and Class members' property.  The resulting condition has created an extreme health hazard, dangerous to Representative Plaintiffs and Representative Plaintiffs' properties, and to Named Plaintiffs and Named Plaintiffs' property, and to Class members and Class members' properties.

133.    This extreme health hazard is an obstruction to the free use of Representative Plaintiffs' and Named Plaintiffs' and Class members' properties, interferes with Representative Plaintiffs' and Named Plaintiffs' and Class members' comfortable enjoyment of life and property, and therefore constitutes a nuisance under Section 386.01, Florida Statutes.

134.    Defendants KOPPERS/BEAZER have received notice of this nuisance on many occasions, including but not limited to when KOPPERS INC. settled a $500,000 civil penalty with the EPA for both self-disclosed civil violations since 2003 and a site inspection in 2005 of several KOPPERS facilities showing storm water prevention deficiencies.   Despite this notice, Defendants KOPPERS/BEAZER refused, and continue to refuse, to abate the nuisance.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against KOPPERS/BEAZER for:

    a.  An order certifying the case as a class action;

    b.  An order appointing Representative Plaintiffs as the Class representatives of the Class;

    c.  An order appointing undersigned counsel as lead counsel for the Class;

    d.  Compensatory damages;

    e.  Post-judgment interest;

45

    f.   Reasonable attorney's fees, costs and expenses; and

    g.   Such other relief as this Court deems just, necessary or appropriate.

## <u>COUNT X AS TO MCCLELLAN AND THE TRUCKING/LOGGING COMPANIES - NUISANCE</u>

135.    Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

136.    At all times material hereto, Defendant MCCLELLAN owned and operated a logging company that sold, transported, and delivered untreated logs to KOPPERS for treatment on the Site.  Defendant MCCLELLAN'S trucks operated upon the property that KOPPERS/BEAZER had contaminated with toxic and dangerous chemicals and hazardous substances.

137.    At all times material hereto  the TRUCKING/LOGGING COMPANIES delivered materials to and removed materials from the Koppers Site, and operated trucks upon the property that KOPPERS/BEAZER had contaminated with toxic and dangerous chemicals and hazardous substances.

138.    Defendant MCCLELLAN and  the TRUCKING/LOGGING COMPANIES stirred up significant quantities of dust on the Koppers Site, which dust was contaminated with toxic chemicals and hazardous substances leaked into the ground by KOPPERS/BEAZER.

139.    That dust settled on Representative Plaintiffs' and Named Plaintiffs' and Class members' property, creating an extreme health hazard, dangerous to Representative Plaintiffs and Representative Plaintiffs' properties, and to Named Plaintiffs and Named Plaintiffs' property, and to Class members and Class members' properties.

46

140.     This extreme health hazard is an obstruction to the free use of Representative

Plaintiffs' and Named Plaintiffs' and Class members' properties, interferes with Representative

Plaintiffs' and Named Plaintiffs' and Class members' comfortable enjoyment of life and

property, and therefore constitutes a nuisance under Section 386.01, Florida Statutes.

WHEREFORE, Representative Plaintiffs, individually and as putative Class

representatives, and Named Plaintiffs individually, demand judgment against MCCLELLAN and

the TRUCKING/LOGGING COMPANIES for:

       a.     An order certifying the case as a class action;

       b.     An order appointing Representative Plaintiffs as the Class representatives
of the Class;

       c.     An order appointing undersigned counsel as lead counsel for the Class;

       d.     Compensatory damages;

       e.     Post-judgment interest;

       f.     Reasonable attorney's fees, costs and expenses; and

       g.     Such other relief as this Court deems just, necessary or appropriate.

**COUNT XI AS TO HANSON PLC - LIABILITY FOR VIOLATION
OF FLORIDA'S WATER QUALITY ASSURANCE ACT, § 376.30, *ET SEQ.*,
FLORIDA STATUTES, NEGLIGENCE, NEGLIGENCE PER SE, STRICT LIABILITY
FOR ULTRAHAZARDOUS ACTIVITY, TRESPASS, AND NUISANCE**

141.     Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in

Paragraphs 1 through 80 as if fully set forth in this count.

142.     BEAZER EAST and BEAZER LIMITED are subsidiaries of HANSON

PLC.

143.    Upon information and belief, the actions and omissions of KOPPERS/BEAZER, and the allegations against KOPPERS/BEAZER, set forth in Paragraphs 1 through 80, and Counts II (Paragraphs 88 through 96), IV (Paragraphs 106 through 109), VI (Paragraphs 114 through 119), VII (Paragraphs 120 through 125), and IX (Paragraphs 131 through 134) are imputed to HANSON PLC, and HANSON PLC should bear all liability stemming from the above-referenced actions, omissions and allegations.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against HANSON PLC for:

  a.    An order certifying the case as a class action;

  b.    An order appointing Representative Plaintiffs as the Class representatives of the Class;

  c.    An order appointing undersigned counsel as lead counsel for the Class;

  d.    Compensatory damages;

  e.    Post-judgment interest;

  f.    Reasonable attorney's fees, costs and expenses; and

  g.    Such other relief as this Court deems just, necessary or appropriate.

**COUNT XII AS TO HEIDELBERG CEMENT AG - LIABILITY FOR VIOLATION OF FLORIDA'S WATER QUALITY ASSURANCE ACT, § 376.30, *ET SEQ.*, FLORIDA STATUTES, NEGLIGENCE, NEGLIGENCE PER SE, STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY, TRESPASS, AND NUISANCE**

144.    Representative Plaintiffs and Named Plaintiffs reallege the allegations set forth in Paragraphs 1 through 80 as if fully set forth in this count.

145.    BEAZER EAST and BEAZER LIMITED are indirect subsidiaries of

48

HEIDELBERG CEMENT AG.

146.    Upon information and belief, the actions and omissions of KOPPERS/BEAZER, and the allegations against KOPPERS/BEAZER, set forth in Paragraphs 1 through 80, and Counts II (Paragraphs 88 through 96), IV (Paragraphs 106 through 109), VI (Paragraphs 114 through 119), VII (Paragraphs 120 through 125), and IX (Paragraphs 131 through 134), are imputed to HEIDELBERG CEMENT AG, and HEIDELBERG CEMENT AG should bear all liability stemming from the above-referenced actions, omissions and allegations.

WHEREFORE, Representative Plaintiffs, individually and as putative Class representatives, and Named Plaintiffs individually, demand judgment against HEIDELBERG CEMENT AG for:

        a.        An order certifying the case as a class action;

        b.        An order appointing Representative Plaintiffs as the Class representatives of the Class;

        c.        An order appointing undersigned counsel as lead counsel for the Class;

        d.        Compensatory damages;

        e.        Post-judgment interest;

        f.        Reasonable attorney's fees, costs and expenses; and

        g.        Such other relief as this Court deems just, necessary or appropriate.

## DEMAND FOR JURY TRIAL

Representative Plaintiffs and Named Plaintiffs demand a trial by jury on all issues so triable.

DATED this 8th day of March, 2012.

_____/s/ Paul S. Rothstein_____
Paul S. Rothstein
Attorney for Representative Plaintiffs and Named Plaintiffs
Florida Bar No.: 310123
626 N.E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2012 I electronically filed the foregoing SUBSTITUTED FIRST AMENDED CLASS ACTION COMPLAINT with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_____/s/ Paul S. Rothstein_____
Paul S. Rothstein