**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| LISA LEE-BOLTON, JAMES DUNCAN, CATHERINE MCMAHON, and NANCY KAREN DAY, on behalf of themselves and all others similarly situated, and RICHARD BOLTON and ROY GEIERSBACH, on behalf of themselves, <br><br> Plaintiffs, <br><br> v. <br><br> KOPPERS INC., f/k/a KOPPERS INDUSTRIES, INC., *et al.*, <br><br> Defendants. | CASE NO. 1:10-cv-253-SPM-GRJ |

### JOINT SUPPLEMENTAL RULE 26 CONFERENCE REPORT

Preliminary Statement

The parties participated in a supplemental Rule 26(f) conference after the stay expired on January 8, 2013. This supplemental Case Management Report sets out a specific and detailed structure for the progress of this case. Under the proposed approach, the case will proceed in an orderly sequence. The parties believe that discovery should, in the initial stages, be focused on preparing the evidentiary record for briefing and argument on class certification. Once the issue of class certification is decided, the parties and the Court will know the size and scope of this case and be in a far better position to assess the remaining discovery and pretrial activities in the case on the merits.

The purpose of this approach is to promote judicial economy and the orderly and timely resolution of this case. This approach appropriately balances the need for sufficient time for factual development and briefing in a case of this size and complexity, with the parties' and the Court's interest in prompt resolution of this dispute.

1.   <u>Meeting of the Parties</u>:  The following persons participated in a supplemental Rule 26(f) conference on February 12, 2013 by telephone conference:

| Name | Counsel for |
|---|---|
| William J. Dubanevich | Plaintiffs |
| Stuart Calwell | Plaintiffs |
| David A. Kanter | Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc. |
| E. Tim Walker | Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc. |

2.   <u>Initial Disclosures:</u>  All parties that have been served with the Second Amended Complaint will complete the initial disclosures required by Rule 26(a)(1) by March 30, 2013.  Any parties that have not been served with any version of the complaint by March 30, 2013 will complete their Rule 26(a)(1) disclosures within 21 days after filing an answer.

3.   <u>Discovery Plan</u>: The parties propose the following discovery plan:[1]

   a.   <u>Discovery Issues and Timing – Rule 26(f)(3)(B)</u>:

      i.   <u>Subjects on Which Class-Certification Discovery Will Be Needed:</u> Class certification discovery will focus on whether or not alleged common issues among putative class members or property-specific issues would be the focus of a class trial on the merits, and whether the named Plaintiffs would be adequate class representatives.  At a minimum, such issues are relevant to Rule 23's commonality, typicality, adequacy, predominance, and superiority requirements.  Discovery may include, but is not limited to, the following: (1) whether and to what extent any plaintiff's property has elevated levels of chemicals of concern; (2) if so, whether the alleged "Site" or some other source is the cause of the elevation; (3) whether the concentrations of any chemicals of concern are at levels that pose a potential risk to human health; and (4) whether the value of any plaintiff's property has been impacted by any elevated levels of chemicals of concern in light of the use of the property (*i.e.*, residential versus commercial).  <u>Sequencing of Class Certification Issues Before Merits Issues:</u>  The parties propose sequencing

---

[1] Defendant Koppers Holdings, Inc. has filed a motion to dismiss as to lack of personal jurisdiction, which is still pending before the Court.  Defendant Koppers Holdings, Inc. maintains that the Court lacks personal jurisdiction over it, and objects to any further discovery against it.  Koppers Holdings, Inc. reserves all rights in that regard.

discovery to focus on class certification issues before merits issues, consistent with the Manual for Complex Litigation, Fourth, §21.14 and the Eleventh Circuit's decision in *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992), using the schedule set forth below in Section 3(a)(iii).

The parties will endeavor to agree on what constitutes "class discovery" and what constitutes "merits discovery." Recognizing that there may be reasonable differences in opinion on the scope of "class discovery," the parties will seek the Court's assistance on this issue only after attempting to resolve their differences.

Upon stipulation of the parties or for good cause shown, limited merits witness discovery unrelated to class discovery may be taken if the future testimony or availability of a witness due to age or infirmity creates a reasonable concern as to a party's ability to subsequently obtain that witness's testimony.

ii. Proposed Schedule:  The parties propose the following schedule:

(1) Pleadings:  On November 28, 2010, Plaintiffs filed their original Class Action Complaint, which Defendants removed to this Court on December 23, 2010. [D.E. 1.] On December 29, 2010, Koppers Inc. and Beazer East, Inc., filed a Motion to Dismiss Plaintiffs' Claims for Equitable and Injunctive Relief, Violation of the Water Quality Assurance Act and Negligence Per Se [D.E. 9.]  On the same day, Koppers Holdings, Inc., filed a Motion to Dismiss for Lack of Personal Jurisdiction [D.E. 10.]  On January 13, 2011, McClellan Logging, Inc. filed its Motion to Dismiss. [D.E. 24.]

On June 6, 2011, Magistrate Judge Jones issued his Report and Recommendation denying Plaintiffs' Motion to Remand. [D.E. 58.]  Plaintiffs filed objections to the Report and Recommendation on August 5, 2011, which the Court denied. [D.E. 64, 75.]

The parties submitted a Joint Rule 26 Conference Report calling for staged discovery (merits discovery does not proceed unless and until a class is certified). [D.E. 81.] Thereafter, the Court denied Koppers Inc., Beazer East, Inc., and McClellan Logging, Inc.'s Motions to Dismiss. [D.E. 110, 111.]  Koppers Holding, Inc.'s Motion to

3

> Dismiss based on lack of personal jurisdiction is fully briefed and remains pending.
>
> On March 8, 2012, plaintiffs filed their Substituted First Amended Complaint, which expanded the class allegations and added additional defendants. [D.E. 126.] To date, only Koppers Inc., Beazer East, Inc., Koppers Holdings, Inc., and McClellan Logging, Inc. have been served, although Koppers Holdings, Inc. maintains its objections to personal jurisdiction. On March 13, 2012, the parties filed their Joint Motion to Stay the proceedings. [D.E. 129.] On March 27, 2012, Judge Mickle granted the parties' Joint Motion for the Entry of a Stay and deferred ruling on Koppers Holdings, Inc.'s pending motion to dismiss. [D.E. 134.] The stay was extended several times and eventually expired on January 8, 2013. [D.E. 189.]
>
> On February 19, 2013, Plaintiffs filed their Second Amended Complaint. Plaintiffs shall serve any Defendants that have not been served in the case within 60 days of the filing of the Second Amended Complaint. All Defendants Koppers Inc., Beazer East, Inc., and McClellan Logging, Inc. filed answers to the Second Amended Complaint on March 5, 2013. McClellan Logging, Inc. also filed a counterclaim against the Plaintiffs, and cross-claims against Koppers Inc. and Beazer East, Inc. All other Defendants shall file any response to the Second Amended Complaint, whether by answer or through a motion to dismiss, on or before fourteen (14) days after the filing of the Second Amended Complaint, or twenty one (21) days after being served, whichever is later.
>
> Depositions as set forth in Section 3(a)(iii)(2) shall not commence until Defendants have all answered the Second Amended Complaint or all motions to dismiss as to that Second Amended Complaint have been resolved.

All Defendants shall file any response, whether by answer or through a motion to dismiss, on or before fourteen (14) days after the filing of the Second Amended Complaint, or twenty one (21) days after being served, whichever is later.

### (2) Class Certification Discovery and Briefing Schedule:

    a. The final date for filing motions for leave to join parties shall be thirty (30) days after all Defendants

4

      file answers to Plaintiffs' Second Amended Complaint.

  b. Fact Discovery. The parties shall complete written discovery and depositions of Class Representatives, Defendants' and non-party fact witnesses, without priority, on class certification issues (*e.g.*, individual plaintiffs and class representatives) within one hundred and eighty (180) days after all Defendants have filed their answers.

  c. <u>Expert Discovery. Expert discovery will be completed in accordance with Fed. R. Civ. Pro. 26.</u>

      i. <u>Expert Disclosure. Within twenty (20) days after the deadline for fact discovery, Plaintiffs will file with the Court and serve on all other parties a notice containing the names, addresses, and telephone numbers of each expert witness who will issue an expert report and who will testify at the class certification hearing. No later than twenty (20) days after receipt of such Notice, Defendants shall file with the Court and serve on all parties a notice containing the names, addresses, and telephone numbers of each expert witness who will issue an expert report and who will testify at the class certification hearing.</u>

     ii. <u>Expert Reports. Plaintiffs shall serve expert reports within ninety (90) days after the completion of Fact Discovery. Defendants shall serve expert reports sixty (60) days after service of Plaintiffs' expert reports.</u>

    iii. <u>Expert Depositions. All expert depositions shall be completed within ninety (90) days after the service of Defendants' expert reports.</u>

5

    d. The parties jointly stipulate to an extension of time for filing the Motion for Class Certification until sixty (60) days after the Close of Expert Discovery.

    e. Defendants' Opposition to Class Certification, all motions to exclude any expert designated by any party under *Daubert* and its progeny and any other potentially dispositive motions (including motions for summary judgment)shall be filed  sixty (60) days after the filing of Plaintiffs' Motion for Class Certification.

    f. Plaintiffs' Reply in Support of Their Motion for Class Certification shall be filed within sixty (60) days after the filing of Defendants' Opposition to Class Certification.

    g. Any response in opposition to a motion to exclude under *Daubert* and its progeny and any other potentially dispositive motions shall be filed within 60 days after the filing of Defendants' Opposition to Class Certification or thirty (30) days after the motion to which it responds is served, whichever date is later.

    h. Hearing on motions to exclude under *Daubert* and its progeny and any other potentially dispositive motions to be set by the Court.

    i. Hearing on Plaintiffs' Motion for Class Certification, if necessary, to be set by the Court after resolution of all motions to exclude under *Daubert* and its progeny and any other potentially dispositive motions.

(3) <u>Merits Discovery:</u>  All discovery other than that related to class certification issues shall be stayed pending a final decision on Plaintiffs' Motion for Class Certification. The Court shall schedule a status conference to schedule further pre-trial proceedings in this matter following: (1) its final ruling on Plaintiffs' Motion for Class Certification and (2) the exhaustion of all Rule 23(f) appellate rights and proceedings.

b. <u>Electronically Stored Information and Claims of Privilege or Protection – Rule 26(f)(3)(C) and (D):</u>

   i. The parties have negotiated the terms of a protective order governing the handling of information sought during discovery that may be competitively sensitive, financially sensitive, or a trade secret, or that is otherwise appropriate for submission under seal. [D.E. 103.]

   ii. The parties will likely request and produce information from electronic or computer-based media. Disclosure and production will be limited to data reasonably available to the parties in the ordinary course of business as provided by the Federal Rules of Civil Procedure. The parties agree that electronically stored information may be produced as agreed by the parties. In the absence of such agreement, electronically stored information may be produced in (1) TIFF format, and (2) to the extent possible native format. To the extent that any dispute arises between parties with respect to the form of production of any electronically stored information, any such issue shall be decided upon motion of the requesting party. After receiving a production of electronically stored information, if the requesting party seeks production of metadata associated with the electronically stored information, it will demonstrate to the producing party a reasonable basis for requesting the metadata. Plaintiffs must identify those documents for which it seeks metadata by bates number or other reasonably identifying feature, and specify the fields of metadata that it wants produced. Upon such a showing, the producing party shall produce reasonably available metadata that may be associated with the electronically stored information. If the parties cannot agree on the production of metadata, the production of metadata will be decided upon motion of the requesting party.

   The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. In particular, Defendants have had litigation holds in place since the inception of this litigation. The "claw-back" provision described the Protective Order [D.E. 103] shall apply to any electronic production

      c. <u>Limits on Discovery – Rule 26(f)(3)(E):</u>

          i. <u>Number of Written Interrogatories:</u>  The plaintiffs shall have forty five (45) class interrogatories per defendant.  Each defendant shall have forty five (45) class interrogatories.

          ii. <u>Requests for Admission:</u>  Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for admission.

          iii. <u>Requests for Production:</u>   Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for production.

          iv. <u>Oral Depositions:</u>

              (3) <u>Total Number Permitted:</u> The parties agree that they cannot, at this time, determine whether there shall be a limit on the number of depositions permitted.

              (4) <u>Time Limit:</u> The limit set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure shall be enlarged from seven (7) to fourteen (14) hours.

      d. <u>Any Other Orders - Rule 26(f)(3)(F):</u>  At this time, the parties do not anticipate any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), other than those discussed herein.

4. <u>Consent to Magistrate Judge Jurisdiction:</u>  In accordance with Rule 73.1(A) of the Local Rules, the parties have conferred regarding their willingness to consent to magistrate judge jurisdiction.

5. <u>Nature and Basis of Claims and Defenses:</u>  Plaintiffs assert claims for statutory violations, nuisance, trespass, negligence, negligence per se, strict liability, and medical monitoring based on the alleged emission of chemicals and dust during and after commercial wood treatment operations conducted at a Superfund site ("the Site") in Gainesville, Florida.  Certain Defendants owned the Site at different times and conducted different operations at various times.  Other defendants transported materials to and from the Site during various times.  Plaintiffs seek damages for one or more of the following: Diminished property value, loss of use and enjoyment of property, annoyance and inconvenience, stigma, cost or remediation and medical monitoring.  Plaintiffs have recently amended their complaint.  Accordingly, the exact nature of the relevant defenses is under investigation.  It is anticipated that Defendants will deny the material allegations of Plaintiffs' Complaint and raise various affirmative defenses

        including statute of limitations.  Defendants will also oppose any Motion for Class Certification.

6. <u>Settlement and Alternative Dispute Resolution:</u>  During the Stay, the parties were unsuccessful in reaching an agreement on a framework for resolving this case. Based on discussions conducted during the Stay, at this time the parties believe that it would not be productive to schedule court-ordered mediation.

7. <u>Supplementation of Disclosures and Responses:</u>  Supplementation under Fed. R. Civ. P. 26(e) shall be provided within thirty days of the event giving rise to the need to supplement.

8. <u>Joinder of Parties, Amendments to the Pleadings, and the Filing of Motions and Responses</u>:  In order for the Court to make a meaningful analysis of class certification issues, joinder of parties shall be completed before the hearing on Plaintiff's Motion for Class Certification, pursuant to the schedule set forth in Section 3(a)(iii)(2) above.  The final date for filing motions for leave to amend pleadings or join third parties, motions for summary judgment, and all other potentially dispositive motions shall be determined at the status conference referenced in Section 3(a)(iii)(3) above.

9. <u>Trial:</u>  The length of time required to position the case for trial and the length of the trial are dependent upon the Court's ruling on Plaintiffs' Motion for Class Certification, and can best be estimated following that decision.

10. <u>Other Items:</u>

    a. <u>Privilege Log:</u>  The parties agree that they will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data.  A party will produce a privilege log within sixty (60) days after its first production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions.

    b. <u>Costs of Production:</u>  While each party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents and reasonably accessible electronic documents, initially each party will bear the costs to process, review and produce its own documents and reasonably accessible electronically stored information. Where a requesting party properly demands documents and/or information obtained by another party pursuant to Public Information Act ("PIA"), Freedom of Information Law ("FOIL") and or/ Freedom of Information Act ("FOIA") requests the demanding party shall share the cost of the production on a pro rata basis.

Date:   March 11, 2013

s/ Paul S. Rothstein

Paul S. Rothstein (FBN 310123)
psr@rothsteinforjustice.com
626 N.E. First Street
Gainesville, FL 32601
Phone: (352) 376-7650
Fax: (352) 374-7133

W. Stuart Calwell, Jr. (WVSBN 595)
scalwell@calwelllaw.com
The Calwell Practice, PLLC
Law & Arts Center West
500 Randolph Street
Charleston, WV  25302
*Admitted to Northern District Bar*

William J. Dubanevich (NYSBN 4096319)
wdubanevich@yourlawyer.com
Parker, Waichman, LLP
6 Harbor Park Drive
Port Washington, NY 11050-4647
*Admitted to Northern District Bar*
*Attorney for Plaintiffs*

Peter J. Cambs, Sr. (FBN 84063)
pcambs@yourlawyer.com
Parker Waichman LLP
3301 Bonita Beach Road
Bonita Springs, FL. 34134
*Attorney for Plaintiffs*

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

s/ PAUL S. ROTHSTEIN