**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| LISA LEE-BOLTON, JAMES DUNCAN, CATHERINE MCMAHON, and NANCY KAREN DAY, on behalf of themselves and all others similarly situated, and RICHARD BOLTON and ROY GEIERSBACH, on behalf of themselves, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | CASE NO. 1:10-cv-253-SPM-GRJ |
| v. ) ) | |
| KOPPERS INC., f/k/a KOPPERS INDUSTRIES, INC., *et al*., ) ) ) | |
| Defendants. ) | |

**DEFENDANTS KOPPERS INC., BEAZER EAST, INC. AND MCCLELLAN LOGGING, INC.'S SUPPLEMENTAL RULE 26 CONFERENCE REPORT**

Preliminary Statement

The parties participated in a supplemental Rule 26(f) conference after the stay expired on January 8, 2013. [*See, e.g*., D.E. 81.] This supplemental Case Management Report sets out a specific and detailed structure for the progress of this case. Under the proposed approach, the case will proceed in an orderly sequence. Defendants Koppers, Inc., Beazer East, Inc., and McClellan Logging, Inc. (collectively, "Defendants") believe that discovery should, in the initial stages, be focused on preparing the evidentiary record for briefing and argument on class certification. Once the issue of class certification is decided, the parties and the Court will know the size and scope of this case and be in a far better position to assess the remaining discovery and pretrial activities in the case on the merits.

The purpose of this approach is to promote judicial economy and the orderly and timely resolution of this case. This approach appropriately balances the need for sufficient time for factual development and briefing in a case of this size and complexity, with the parties' and the Court's interest in prompt resolution of this dispute.

Where possible, the parties have endeavored to reach agreement as to the categories set forth in Rule 26(f) of the Federal Rules of Civil Procedure. However, Plaintiffs and Defendants disagree about the following four issues: (1) the sequencing of expert discovery as to class certification (section 3(a)(iii)(2) below); (2) whether, at this stage of the proceedings, Defendants' representatives are categorically appropriate and relevant witnesses as to class certification (section 3(a)(iii)(2)(b) below); (3) whether the time limits for all depositions should be automatically enlarged beyond the seven-hour time limit set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure (section 3(c)(iv)(4) below); and (4) the number of interrogatories for class-related discovery ((section 3(c)(i) below). With respect to these disputes, Defendants are filing, concurrently with this Report, a notice that sets forth their positions on the issues in dispute. Defendants are available should the Court seek to hold a case management conference after the Plaintiffs serve the remaining defendants in this case and if the Court requires further details.

With respect to the remaining items in this Rule 26 Conference Report, Defendants believe the Plaintiffs and these Defendants have reached agreement. Accordingly, Defendants have detailed below the positions of both the Plaintiffs and Defendants as to those remaining issues.

1. <u>Meeting of the Parties:</u>  The following persons participated in supplemental Rule 26(f) conferences on January 22, 2013, February 12, 2013, March 6, 2013, and March 8, 2013 by telephone conference:

    | <u>Name</u> | <u>Counsel for</u> |
    |---|---|
    | William J. Dubanevich | Plaintiffs |
    | Stuart Calwell | Plaintiffs |
    | Paul Rothstein | Plaintiffs |
    | David A. Kanter | Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc. |
    | E. Tim Walker | Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc. |
    | Dennis Waggoner | Koppers Inc., Beazer East, Inc., and Koppers Holdings, Inc. |

2. <u>Initial Disclosures:</u>  All parties that have been served with the Second Amended Complaint will complete the initial disclosures required by Rule 26(a)(1) by March 30, 2013, to the extent necessary. Any parties that have not been served with any version of the complaint by March 30, 2013 will complete their Rule 26(a)(1) disclosures within 21 days after filing an answer.

3. <u>Discovery Plan:</u>  Defendants propose the following discovery plan:[1]

    a. <u>Discovery Issues and Timing – Rule 26(f)(3)(B):</u>

        i. <u>Subjects on Which Class-Certification Discovery Will Be Needed:</u> Class certification discovery will focus on whether or not alleged common issues among putative class members or property-specific issues would be the focus of a class trial on the merits, and whether the named Plaintiffs would be adequate class representatives. At a minimum, such issues are relevant to Rule 23's commonality, typicality, adequacy, predominance, and superiority requirements. Thus, discovery may include, but is not necessarily limited to, (1) whether and to what extent any plaintiff's property has elevated levels of chemicals of concern; (2) if so, whether the alleged "Site" or some other source is the cause of the elevation; (3) whether the concentrations of any chemicals of concern are at levels that pose a potential risk to human health; and (4) whether the value of any plaintiff's property has been impacted by any elevated levels of chemicals of concern in light of the use of the property (*i.e.*, residential versus commercial).

        ii. <u>Sequencing of Class Certification Issues Before Merits Issues:</u> Defendants propose sequencing discovery to focus on class certification issues before merits issues, consistent with the Manual for Complex Litigation, Fourth, §21.14 and the Eleventh Circuit's decision in *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992), using the schedule set forth below in Section 3(a)(iii).

The parties have agreed to proceed with class certification issues before merits discovery, but disagree with the sequencing of expert discovery. Plaintiffs propose to have separate expert discovery deadlines set *before* plaintiffs' deadline for filing their motion for class certification. However, in light of the scope of the allegations of the Second Amended Complaint, Defendants' proposed schedule set forth in section 3(a)(iii) links the disclosure of expert opinions and related depositions to class certification briefing. Defendants believe their proposed schedule would avoid multiple depositions of expert witnesses, would conserve the

---

[1] Defendant Koppers Holdings, Inc. has filed a motion to dismiss as to lack of personal jurisdiction, which is still pending before the Court. Defendant Koppers Holdings, Inc. maintains that the Court lacks personal jurisdiction over it, and objects to any further discovery against it. Koppers Holdings, Inc. reserves all rights in that regard.

3

parties' resources, and would provide a more efficient and timely resolution to plaintiffs' request for class certification.

The parties will endeavor to agree on what constitutes "class discovery" and what constitutes "merits discovery." Recognizing that there may be reasonable differences in opinion on the scope of "class discovery," the parties will seek the Court's assistance on this issue only after attempting to resolve their differences.

Upon stipulation of the parties or for good cause shown, limited merits witness discovery unrelated to class discovery may be taken if the future testimony or availability of a witness due to age or infirmity creates a reasonable concern as to a party's ability to subsequently obtain that witness's testimony.

iii. <u>Proposed Schedule:</u>  Defendants propose the following schedule:

(1) <u>Pleadings:</u>   On November 28, 2010, Plaintiffs filed their original Class Action Complaint, which Defendants removed to this Court on December 23, 2010.  [D.E. 1.]  On December 29, 2010, Koppers Inc. and Beazer East, Inc., filed a Motion to Dismiss Plaintiffs' Claims for Equitable and Injunctive Relief, Violation of the Water Quality Assurance Act and Negligence Per Se [D.E. 9.]  On the same day, Koppers Holdings, Inc., filed a Motion to Dismiss for Lack of Personal Jurisdiction [D.E. 10.]  On January 13, 2011, McClellan Logging, Inc. filed its Motion to Dismiss.  [D.E. 24.]

On June 6, 2011, Magistrate Judge Jones issued his Report and Recommendation denying Plaintiffs' Motion to Remand.  [D.E. 58.]  Plaintiffs filed objections to the Report and Recommendation on August 5, 2011, which the Court denied.  [D.E. 64, 75.]

The parties submitted a Joint Rule 26 Conference Report calling for staged discovery (merits discovery does not proceed unless and until a class is certified).  [D.E. 81.]  Thereafter, the Court denied Koppers Inc., Beazer East, Inc., and McClellan Logging, Inc.'s Motions to Dismiss.  [D.E. 110, 111.]  Koppers Holding, Inc.'s Motion to Dismiss based on lack of personal jurisdiction is fully briefed and remains pending.

4

On March 8, 2012, plaintiffs filed their Substituted First Amended Complaint, which expanded the class allegations and added additional defendants. [D.E. 126.] To date, only Koppers Inc., Beazer East, Inc., Koppers Holdings, Inc., and McClellan Logging, Inc. have been served, although Koppers Holdings, Inc. maintains its objections to personal jurisdiction. On March 13, 2012, the parties filed their Joint Motion to Stay the proceedings. [D.E. 129.] On March 27, 2012, Judge Mickle granted the parties' Joint Motion for the Entry of a Stay and deferred ruling on Koppers Holdings, Inc.'s pending motion to dismiss. [D.E. 134.] The stay was extended several times and eventually expired on January 8, 2013. [D.E. 189.]

On February 19, 2013, Plaintiffs filed their Second Amended Complaint. Plaintiffs shall serve any Defendants that have not been served in the case within 60 days of the filing of the Second Amended Complaint. Defendants Koppers Inc., Beazer East, Inc., and McClellan Logging, Inc. filed answers to the Second Amended Complaint on March 5, 2013. McClellan Logging, Inc. also filed a counterclaim against the Plaintiffs, and cross-claims against Koppers Inc. and Beazer East, Inc. All other Defendants shall file any response to the Second Amended Complaint, whether by answer or through a motion to dismiss 21 days after being served.

Depositions as set forth in Section 3(a)(iii)(2) shall not commence until Defendants have all answered the Second Amended Complaint or all motions to dismiss as to that Second Amended Complaint have been resolved.

(2) <u>Defendants' Proposed Class Certification Discovery and Briefing Schedule:</u>

    a. The final date for filing motions for leave to join parties shall be 30 days after all Defendants in the case file answers to Plaintiffs' Second Amended Complaint.

    b. Fact Discovery. The parties agree to complete written discovery and depositions of Class Representatives and non-party fact witnesses, without priority, on class certification issues (*e.g.*, individual plaintiffs and class representatives)

5

   within 180 days after all Defendants in the case have filed their answers.

c. The parties would jointly stipulate to an extension of time for filing the Motion for Class Certification until 60 days after the Close of Fact Discovery. Plaintiffs shall file all legal memoranda, all supporting evidence and any supporting expert affidavits or reports regarding the Motion for Class Certification, designate experts for class certification hearing on class certification issues with their Motion.

d. Defendants shall complete depositions of Plaintiffs' expert witnesses within 60 days after the filing of Plaintiffs' Motion for Class Certification.

e. Defendants' Opposition to Class Certification shall be filed 90 days after the filing of Plaintiffs' Motion for Class Certification.

f. Plaintiffs shall complete depositions of Defendants' expert witnesses within 60 days after the filing of Defendants' Opposition to Class Certification.

g. Plaintiffs' Reply in Support of their Motion for Class Certification shall be filed within 75 days after the filing of Defendants' Opposition to Class Certification.

h. Any motion(s) to exclude under *Daubert* and its progeny and any potentially dispositive motions (including motions for summary judgment) shall be filed within 30 days after the filing of Plaintiffs' Reply to Class Certification. Any responses to such motions shall be filed 30 days after they are served.

i. Hearing on motions to exclude under *Daubert* and its progeny and any other potentially dispositive motions to be set by the Court.

j. Hearing on Plaintiffs' Motion for Class Certification, if necessary, to be set by the Court after resolution of all motions to exclude under

*Daubert* and its progeny and any other potentially dispositive motions.

(3) <u>Merits Discovery:</u>  The parties have agreed that all discovery other than that related to class certification issues shall be stayed pending a final decision on Plaintiffs' Motion for Class Certification.  The Court shall schedule a status conference to schedule further pre-trial proceedings in this matter following: (1) its final ruling on Plaintiffs' Motion for Class Certification and (2) the exhaustion of all Rule 23(f) appellate rights and proceedings.

b. <u>Electronically Stored Information and Claims of Privilege or Protection – Rule 26(f)(3)(C) and (D):</u>

   i. The parties have negotiated the terms of a protective order governing the handling of information sought during discovery that may be competitively sensitive, financially sensitive, or a trade secret, or that is otherwise appropriate for submission under seal. [D.E. 103.]

   ii. The parties will likely request and produce information from electronic or computer-based media.  Disclosure and production will be limited to data reasonably available to the parties in the ordinary course of business as provided by the Federal Rules of Civil Procedure.  The parties agree that electronically stored information may be produced as agreed by the parties.  In the absence of such agreement, electronically stored information may be produced in (1) either TIFF or PDF format, and (2) to the extent possible native format.  To the extent that any dispute arises between parties with respect to the form of production of any electronically stored information, any such issue shall be decided upon motion of the requesting party.  After receiving a production of electronically stored information, if the requesting party seeks production of metadata associated with the electronically stored information, it will demonstrate to the producing party a reasonable basis for requesting the metadata.  Plaintiffs must identify those documents for which it seeks metadata by bates number or other reasonably identifying feature, and specify the fields of metadata that it wants produced.  Upon such a showing, the producing party shall produce reasonably available metadata that may be associated with the electronically stored information.  If the parties cannot agree on the production of metadata, the

        production of metadata will be decided upon motion of the requesting party.

        The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. In particular, Defendants have had litigation holds in place since the inception of this litigation. The "claw-back" provision described the Protective Order [D.E. 103] shall apply to any electronic production.

c. <u>Limits on Discovery – Rule 26(f)(3)(E)</u>:

   i. <u>Defendants' Proposed Number of Written Interrogatories</u>: The Plaintiffs shall have 25 class interrogatories and 25 merits interrogatories per Defendant. Each Defendant shall have 25 class interrogatories and 25 merits interrogatories. Merits interrogatories shall not be served until permitted as set forth in paragraph 3(a)(iii)(3) above.

   ii. <u>Requests for Admission</u>: Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for admission.

   iii. <u>Requests for Production</u>: Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for production.

   iv. <u>Oral Depositions</u>:

      (1) <u>Total Number Permitted</u>: The parties agree that they cannot, at this time, determine whether there shall be a limit on the number of depositions permitted.

      (2) <u>Defendants' Proposed Time Limit</u>: Defendants agree to adhere to the seven-hour time limit set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure unless a different time limit is stipulated by the parties or ordered by the Court. Notwithstanding the foregoing, Defendants propose that, at least five (5) days prior to any scheduled deposition, the parties meet and confer in an attempt to reach agreement on the time limit for that deposition.

d. <u>Any Other Orders - Rule 26(f)(3)(F)</u>: At this time, the parties do not anticipate any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), other than those discussed herein.

4. <u>Consent to Magistrate Judge Jurisdiction:</u>  In accordance with Rule 73.1(A) of the Local Rules, the parties have conferred regarding their willingness to consent to magistrate judge jurisdiction.  Defendants are willing to have the magistrate judge manage and oversee any discovery issues.

5. <u>Nature and Basis of Claims and Defenses:</u>  Plaintiffs assert claims for statutory violations, nuisance, trespass, negligence, negligence per se, strict liability, and medical monitoring based on the alleged emission of chemicals and dust during and after commercial wood treatment operations conducted at a Superfund site ("the Site") in Gainesville, Florida.  Certain Defendants owned the Site at different times and conducted different operations at various times.  Other defendants transported materials to and from the Site during various times.  Plaintiffs seek damages for one or more of the following: Diminished property value, loss of use and enjoyment of property, annoyance and inconvenience, stigma, cost or remediation and medical monitoring.  Plaintiffs have recently amended their complaint.  Defendants have denied the material allegations of Plaintiffs' Complaint and raised various defenses, including the statute of limitations.  [*See* D.E. 240-242.]  Defendants will also oppose any Motion for Class Certification.

6. <u>Settlement and Alternative Dispute Resolution:</u>  During the Stay, the parties were unsuccessful in reaching an agreement on a framework for resolving this case.  Based on discussions conducted during the Stay, at this time the parties believe that it would not be productive to schedule court-ordered mediation.

7. <u>Supplementation of Disclosures and Responses:</u>  Supplementation under Fed. R. Civ. P. 26(e) shall be provided within thirty days of the event giving rise to the need to supplement.

8. <u>Joinder of Parties, Amendments to the Pleadings, and the Filing of Motions and Responses:</u>  In order for the Court to make a meaningful analysis of class certification issues, joinder of parties shall be completed before the hearing on Plaintiff's Motion for Class Certification, pursuant to the schedule set forth in Section 3(a)(iii)(2) above.  The final date for filing motions for leave to amend pleadings or join third parties, motions for summary judgment, and all other potentially dispositive motions shall be determined at the status conference referenced in Section 3(a)(iii)(3) above.

9. <u>Trial:</u>  The length of time required to position the case for trial and the length of the trial are dependent upon the Court's ruling on Plaintiffs' Motion for Class Certification, and can best be estimated following that decision.

10. Other Items:

    a. <u>Privilege Log:</u> The parties agree that they will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. A party will produce a privilege log within sixty (60) days after its first production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions.

    b. <u>Costs of Production:</u>  While each party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents and reasonably accessible electronic documents, initially each party will bear the costs to process, review and produce its own documents and reasonably accessible electronically stored information. Where a requesting party properly demands documents and/or information obtained by another party pursuant to Public Information Act ("PIA"), Freedom of Information Law ("FOIL") and or/ Freedom of Information Act ("FOIA") requests, the demanding party shall share the cost of the production on a pro rata basis.

Date:   March 11, 2013                                  Respectfully submitted,


                                                            /s/ E. Tim Walker

Benjamin H. Hill, III (FBN 094585)
bhill@hwhlaw.com
Dennis P. Waggoner (FBN 509426)
dwaggoner@hwhlaw.com
HILL, WARD & HENDERSON P.A.
101 East Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL 33602
Phone: (813) 221-3900
Fax: (813) 221-2900

and

David A. Kanter (ILBN 6187653)
*Admitted to Northern District Bar 9/30/10*
dkanter@edwardswildman.com
Brent R. Austin (ILBN 6220501)
*Admitted to Northern District Bar 9/29/10*
baustin@edwardswildman.com

E. Tim Walker (ILBN 6294608)
*Admitted to Northern District Bar 9/20/12*
twalker@edwardswildman.com
Megan C. Millirons (ILBN 6290249)
*Admitted to Northern District Bar 9/29/10*
mmillirons@edwardswildman.com
Edwards Wildman Palmer LLP
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: 312-201-2000
Fax: 312-201-2555

**ATTORNEYS FOR DEFENDANTS KOPPERS INC., BEAZER EAST, INC., AND KOPPERS HOLDINGS, INC.**

Date:   March 11, 2013

 /s/  Ronald E. Reed

Ronald E. Reed (FBN 376981)
rreed@reedlawgroupjax.com
Reed Law Group P.A.
2119 Riverside Avenue, Third Floor
Jacksonville, FL  32204
Phone: (904) 619-9050
Fax: (904) 240-1677

**ATTORNEYS FOR DEFENDANT MCCLELLAN LOGGING, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ E. Tim Walker