IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LE-BOLTON, JAMES DUNCAN.
CATHERINE McMAHON, and NANCY
KAREN DAY, on behalf of themselves
and all others similarly situated, and
RICHARD BOLTON and ROY
GEIERSBACH, on behalf of themselves,

     Plaintiffs,

v.                              CASE NO. 1:10-cv-253-MCR-GRJ

KOPPERS INC. f/k/a KOPPERS
INDUSTRIES, INC., a Pennsylvania
corporation, BEAZER EAST, INC. f/k/a
KOPPERS COMPANY, INC., a
Delaware corporation, et al.,

     Defendants.

_____/

## O R D E R

This matter is before the Court on (1) Plaintiff's Motion To Compel Jurisdictional

Discovery On Defendant Beazer Limited (Doc. 412); (2) Plaintiff's Motion To Compel

Jurisdictional Discovery On Defendant Hanson Limited (Doc. 413); and (3) Plaintiff's

Motion To Compel Jurisdictional Discovery On Defendant Heidelbergcement AG. (Doc.

414.)  Defendants Heidelbercement AG, Hanson Limited and Beazer Limited have filed

a joint response. (Doc. 419.) The Court conducted a hearing on October 4, 2013 to

resolve these motions.  For the reasons discussed by the Court at the hearing, which

are fully incorporated into this Order, and as summarized below, Plaintiffs' Motions to

Compel Jurisdictional Discovery are due to be denied.

## <u>BACKGROUND</u>

This case involves claims by various property owners, who allege that their property was contaminated as a result of emissions from a wood treatment facility located in Gainesville, Florida. Plaintiff's motions to compel relate to discovery Plaintiff has initiated against three European business entities: HeidelbergCement AG, Hanson Limited, and Beazer Limited. Each of these defendants has filed a motion to dismiss on the grounds that the Court does not have personal jurisdiction. Plaintiffs have been authorized to conduct discovery limited to information relating to personal jurisdiction. The Court granted Plaintiffs an extension of time to file their responses to the motions to dismiss so that Plaintiffs could complete their jurisdictional discovery. Resolution of the three pending motions to compel are the only outstanding discovery issues that need to be resolved before Plaintiffs must file their responses to the motions to dismiss.

This case was filed in December 2010. The claims against HeidelbergCement AG, Hanson Limited and Beazer Limited were first filed on February 13, 2013 when Plaintiffs filed their Second Amended Complaint.

The discovery requests relevant to the pending motions to compel are Plaintiffs' request for production, interrogatories and deposition notices served on June 13, 2013. Docs. 412-1. 413-1 and 414-1. Plaintiffs seek a broad category of documents, covering information that may be in the possession of HeidelbergCement AG, Hanson Limited, and Beazer Limited, as well as a host of other related business entities, none of which

are named as defendants in this case. The discovery requests cover a period of time dating from January 1, 1987 to the present. In response to the discovery requests Defendants provided documents and information limited to the three named defendants for the period of time from December 2010 to present. The Defendants lodged objections to the time frame and scope of the discovery requests on the grounds that discovery covering a 26 year time period is not relevant to the issue of personal jurisdiction and that discovery concerning the activities of these defendants with others – which have no connection to Florida – are beyond the scope of permissible discovery and need not be produced.

## DISCUSSION

Although, a party may obtain discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure "[r]egarding any nonprivileged matter that is relevant to any party's claim or defense ... " the scope of discovery as to these three defendants is limited to jurisdictional issues. Until the Court determines whether any of these three defendants is subject to personal jurisdiction Plaintiffs are not authorized to conduct discovery on the merits or to support any of their theories of liability. Rather, Plaintiffs are limited to obtaining information directly relevant to demonstrating that these defendants are subject to personal jurisdiction.

The scope of jurisdictional discovery is further circumscribed by the grounds Plaintiffs have plead for exercising personal jurisdiction over these defendants. This limitation is particularly important here because each of the Defendants has filed a motion to dismiss with supporting affidavits, which shifts the burden to Plaintiff to demonstrate that the activities of these defendants fall within the ambit of Florida's long

arm statute and that these defendants have sufficient minimum contacts for the Court to exercise personal jurisdiction. *See, e.g. Walt Disney Co. v. Nelson,* 677 So. 2d 400, 403 (Fla. Dist. Ct. App. 1996).

Plaintiffs' basis for exercising personal jurisdiction over these defendants is limited to the jurisdictional grounds plead in the Second Amended Complaint. In the Second Amended Complaint Plaintiffs allege – as to HeidelbergCement AG and Hanson Limited – that the Court has jurisdiction because their "various subsidiaries" .... "including but not limited to Beazer East and Beazer Limited" had "engaged in substantial and not isolated activity in Florida." Doc. 238, ¶46. As to Beazer Limited, Plaintiffs allege that Beazer Limited had "engaged in substantial and non-isolated activity in Florida" by executing a guaranty agreement. *Id.* Thus, the basis of Plaintiffs' assertion of jurisdiction over these defendants is focused entirely upon the general jurisdiction provision of Florida's long-arm statute.[1]

At the hearing Plaintiff attempted to suggest that the basis for personal jurisdiction is broader from what is asserted in the Second Amended Complaint. Although, a party is required to "allege 'sufficient jurisdictional facts to bring the action within the ambit of the statute," *Milligan Elec. Co. v. Hudson Constr. Co.,*, 886 F. Supp. 845, 848 (N.D. Fla. 1995)(*quoting Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)), even assuming there was some doubt about whether Plaintiffs asserted only the general jurisdiction provision of Florida's long-arm statute as a basis for personal jurisdiction, Plaintiffs left no doubt in their motions to compel whether they

---

[1] Subsection (2) of the Florida long-arm statute grants general jurisdiction over "[a] defendant who is engaged in substantial and not isolated activity within [Florida]." Fla. Stat. § 48.193(2).

were asserting general or specific jurisdiction as the basis for personal jurisdiction. In

Plaintiffs' motions to compel jurisdictional discovery from HeidelbergCement and from

Hanson Limited Plaintiffs specifically state:

> Plaintiffs assert that Florida Courts have jurisdiction over Defendant, HeidelbergCement in the form of general jurisdiction based upon HeidelbergCement's control of Beazer East, Inc. such that Beazer East, Inc.'s activities are imputed to HeidelbergCement. *See,* Fla. Stat. § 48.193(2)(A "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise is subject to the jurisdiction of this state, whether or not the claim arises from that activity.")

Doc. 414, p. 12.[2]

As to Beazer Limited, Plaintiffs assert in their motion to compel jurisdictional

discovery:

> Plaintiffs assert that Florida Courts have jurisdiction over Defendant, Beazer Limited in the form of specific jurisdiction based on Bezer Limited's unconditional guarantee of Beazer East's "payment and performance" in relation to the Asset Purchase Agreement between Bezer East, Inc. (F/k/a Koppers Company, Inc.) And Koppers Inc. (F/k/a Koppers Industries, Inc.). *See* Fla. Stat. § 48.193(1)(d)(Any person is subject to jurisdiction of Florida courts "for any cause of action arising from ... [c]ontracting to insure any person, property, or risk located within this state at the time of contracting.")

Doc. 412, p. 10.

According to Plaintiffs, in paragraph 46 of the Second Amended Complaint they

allege specific jurisdiction as a grounds for personal jurisdiction over Beazer Limited. A

review of paragraph 46 of the Second Amended Complaint discloses, however, that

Plaintiffs only alleged:

> This Court has jurisdiction over Defendant Beazer Limited pursuant to Florida's Long-Arm Statute and due process because Beazer Limited engaged in

---

[2] Plaintiffs made a virtually identical statement in their Motion to Compel Jurisdictional Discovery as to Hanson Limited. Doc. 414, p. 12.

substantial and non-isolated activity in Florida and Alachua County by entering into a contract to unconditionally guarantee Beazer East's performance of an indemnity for environmental and other liabilities relating to Koppers Company Inc.'s (Beazer East's) operations, environmental and other liabilities in the State of Florida and Alachua County.

Doc. 238, ¶46.

The boundaries for jurisdictional discovery, therefore, must be defined by the jurisdictional allegations in the Second Amended Complaint because that is the pleading to which Defendants' have directed their motions to dismiss. Even assuming, however, the Court was to interpret broadly Plaintiffs' theory for long-arm jurisdiction over Beazer Limited, Plaintiffs still are not entitled to discovery relating to entities that are not named as defendants in this case and who do not have any connection to Florida.

With these limits in mind, the Court will turn to the disputed issues regarding the scope of discovery.

The overriding dispute between the parties – which relates to every discovery request – concerns the relevant time span in which Defendants should be required to produce responsive information. Plaintiffs contend that Defendants should be required to produce documents, provide interrogatory answers and deposition testimony for the period of time from 1987 to present. According to Plaintiffs, this time period should be within the scope of discovery because at various times since at least 1988 entities which are now part of the Heidelberg Group have been the direct or indirect owners of the Koppers Site. There are a number of fundamental problems with this assertion.

First, to the extent that the sole basis for personal jurisdiction under Florida's long-arm is premised upon general jurisdiction, the inquiry is whether the defendant is

engaged in substantial and not isolated contacts in Florida and not whether a defendant may have had some contact with Florida years ago but ceased such activities. Florida courts have held that "the statutory use of the present tense verb 'is engaged' shows that jurisdiction under this subsection requires current activity." *Arch Aluminum & Glass Co. v. Haney*, 964 So. 2d 228, 237-38 (Fla. Dist. Ct. App. 2007)(reversing an order denying motion to dismiss for lack of personal jurisdiction where the defendant's activities in Florida had taken place at last two years before the plaintiff filed suit.); *Buckingham, Doolittle & Burroughs, LLP v. Kar Kare Auto. Grp., Inc.,* 987 So. 2d 818, 822 (Fla. Dist. Ct. App. 2008). Thus, the relevant inquiry is whether the Defendants were engaged in substantial activities in Florida when they were sued, and not in 1987. Defendants were named as Defendants in 2013 although this case was initially filed in 2010.

Defendants have provided the Plaintiff with responsive documents and information from 2010 to present. Plaintiffs therefore have been provided information for the three year period before the Defendants were brought into this case as Defendants and have information from the time period when this case was initially filed. To the extent that Plaintiffs are alleging a theory of general jurisdiction over Defendants the relevant time frame certainly does not go further back than 2010.

Second – and putting aside whether jurisdictional discovery should be limited to a defendant's activities when suit is filed – Plaintiffs' argument is that HeidelbergCement AG, Hanson Limited and Beazer Limited, or their subsidiaries, owned the Koppers site since 1988.  This theory does not entitle Plaintiffs to broad discovery from 1987 forward because a corporation is not subject to personal

jurisdiction based upon the contacts of its subsidiaries. As a general proposition a foreign parent corporation is not subject to the jurisdiction of the forum state merely because a subsidiary is doing business there. *Quality v. International Air Service, Ltd.*, 595 So. 2d 194, 196 (Fla. Dist. Ct. App. 1992)(*citations omitted*).

Moreover, Plaintiffs' assertion that HeidelbergCement AG, Hanson Limited and Beazer Limited, or their subsidiaries, owned the Koppers site since 1988, is not consistent with the record. The Koppers Site was owned by Koppers, Inc. (formerly known as Koppers Industries, Inc.). Koppers, Inc. was not a subsidiary, direct or indirect of HeidelbergCement AG, Hanson Limited or Beazer Limited.

Further, Plaintiffs allege that HeidelbergCement AG is subject to personal jurisdiction based upon its control of Beazer East, Inc. The problem with this argument is that Beazer East, Inc. did not acquire the Koppers Site until 2010, as evidenced by the special warranty deed from Koppers Inc. To Beazer East, Inc. recorded on March 30, 2010 in the official records of Alachua County, Florida. Doc. 419, Ex. B. In addition to the fact that Beazer East, Inc. did not acquire an interest in the property until 2010, Beazer East. Inc. is not a direct subsidiary of these defendants but only a remote indirect subsidiary of HeidelbergCement AG and Hanson Limited.

Thus, to the extent that Plaintiffs contend that they need jurisdictional discovery to ascertain the relationship between these defendants and Beazer East, Inc. the relevant time frame must be limited to 2010 – the date that Beazer East, Inc. acquired the property. The bottom line is that even recognizing that Plaintiffs are entitled to jurisdictional discovery relating to the relationship between these defendants and Beazer East, Inc. the inquiry must be limited to the time frame beginning when Beazer

East, Inc. acquired the property.

As to Beazer Limited, Plaintiffs offer one more argument in support of their request for information from 1987 to present. Plaintiffs point to a guarantee executed by Beazer Limited in December 1988. Under the Guarantee Beazer Limited guaranteed the performance of the obligations of Koppers Company, Inc. under Article VII of an Asset Purchase Agreement between Koppers Industries, Inc. and Koppers Company, Inc. According to Plaintiffs, the Guarantee is relevant to personal jurisdiction over Beazer Limited pursuant to Fla. Stat. § 48.193(1)(d), which creates jurisdiction over "any cause of action arising from ... [the defendant's] contracting to insure any person, property, or risk located within this state at the time of contracting."  The problem is that this provision of the Florida long arm applies to situations where the cause of action arises from the Guarantee. Thus, the Guarantee would become relevant to personal jurisdiction if a party sued to enforce the Guarantee. There is no claim in this case that Plaintiffs are third party beneficiaries under the Guarantee.

To the extent that Plaintiffs claim that Beazer Limited's action in guaranteeing obligations of Koppers Company, Inc. constitutes substantial and not isolated activities in the State of Florida, the mere fact that a party executed a guaranty is normally not sufficient to demonstrate that a party has engaged in business in the state. *See, Hothkiss v. FMC Corp.,* 561 So. 2d 1261, 1263 (Fla. Dist. Ct. App. 1990). However, because it is unclear what liabilities and obligations of Koppers Company, Inc. under Article VII of the Asset Purchase Agreement were guaranteed by Beazer Limited,

Beazer Limited will be required to produce a copy of the Asset Purchase Agreement.[3]

In addition to limiting the time frame for production of information to the period of time from 2010 to present, Defendants also objected to producing information relating to a dozen entitles, none of which are named in this case as Defendants, and none of which have any connection to Florida. Accordingly, to the extent that Plaintiffs' discovery requests require Defendants' to produce information between the Defendants and other subsidiaries (direct or indirect) that are not named as Defendants in this case the objections are sustained and Plaintiffs' motions to compel are due to be denied. Thus, for purposes of jurisdictional discovery the relevant time frame is 2010 to present and the relevant inquiry is: (1) the relationship, if any, between HeidelbergCement AG, Hanson Limited and Beazer Limited on the one hand and Beazer East, Inc. on the other, and (2) the activities of HeidelbergCement AG, Hanson Limited and Beazer Limited, if any, in the State of Florida.[4]

Lastly, in Plaintiffs' Motion to Compel Plaintiffs request that they be permitted to take 30(b)(6) depositions of representatives of these Defendants. Defendants objected to these depositions on two primary grounds. First, Defendants assert that because the notices did not specify the time and place of the depositions the notices were defective.

---

[3] At the hearing the Court was advised that the Asset Purchase Agreement is confidential and therefore the Court authorized Beazer Limited to produce the agreement pursuant to a confidentiality agreement. Further, because the monetary terms of the Asset Purchase Agreement may be proprietary, the Court also authorized Beazer Limited to produce the document with the monetary terms redacted.

[4] Plaintiffs also requested the Defendants to produce all documents relating to employment contracts for all officers, directors and upper-level management employed by or performing work for [Defendants]. This information has no relevance whatsoever to the issues of personal jurisdiction pending before the Court in Defendants' motions to dismiss and therefore Plaintiffs' motions to compel the production of these documents is due to be denied.

Second, Defendants objected to the fact that the time frame for areas of relevant inquiry identified in the notices included 1987 to present.

As to the deficiency in the notice, while the Defendants are correct that a notice must include the date and time for a deposition, the Court assumes the parties certainly could have and would have worked out a convenient date for the depositions. As to the venue for the depositions, as the Court expressed during the hearing, there is no question that the depositions would have to take place in Europe, where the Defendants are located. The time has now passed for taking jurisdictional discovery and Plaintiffs conceded at the hearing that if discovery was limited to 2010 to present they would not incur the time and expense of traveling to Europe to take these depositions. In any event, because the depositions were not conducted before the close of jurisdictional discovery and the notices of deposition were deficient because the notices did not designate the place where the depositions were to be held, Plaintiffs' request to take the depositions of corporate representatives is due to be denied.

Accordingly, for the reasons discussed above, and for the reasons discussed at the hearing, it is **ORDERED**:

1. Plaintiff's Motion to Compel Jurisdictional Discovery on Defendant Beazer Limited (Doc. 412) is **DENIED**. Defendants are not required to produce any further documents in response to Plaintiffs' request to produce nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, and 15 other than to produce a redacted copy of the Asset Purchase Agreement referred to in the Guarantee executed by Beazer Limited in December 1988. Defendants are not required to provide any further responses to Plaintiffs' interrogatories nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

2.  Plaintiffs' Motion To Compel Jurisdictional Discovery On Defendant Hanson Limited (Doc. 413) is **DENIED**. Defendants are not required to produce any further documents in response to Plaintiffs' request to produce nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15. Defendants are not required to provide any further responses to Plaintiffs' interrogatories nos. 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

3.  Plaintiffs' Motion to Compel Jurisdictional Discovery On Defendant HeidelbergCement AG (Doc. 414) is **DENIED**. Defendants are not required to produce any further documents in response to Plaintiffs' request to produce nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, and 15. Defendants are not required to provide any further responses to Plaintiffs' interrogatories nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

4.  Plaintiffs' motions to compel to the extent that Plaintiffs request Defendants to respond to Plaintiffs' First 30(b)(6) notices of deposition are **DENIED**. Defendants were not required to respond to the deposition notices and because the notices are deficient and the time for conducting jurisdictional discovery has passed, Plaintiffs are not permitted to proceed with depositions of the Defendants.

5.  Pursuant to the Court's September 10, 2013 Order (Doc. 420) the parties were granted thirty additional days of jurisdictional discovery limited to the issues on which the motion to compel is granted. Because the only issue on which the motion to compel was granted relates to the production of the Asset Purchase Agreement by Beazer Limited, the thirty additional days for jurisdictional discovery shall end on November 4, 2013, which is thirty days after the Court's ruling from the bench on October 4, 2013. Accordingly, Plaintiffs' response to Beazer Limited's Motion to Dismiss

must be filed by **November 18, 2013**. Further, because Plaintiffs' Motion to Compel

Jurisdictional Discovery as to HeidelbergCement AG and as to Hanson Limited were

denied, Plaintiffs' responses to HeidelbergCement AG's motion to dismiss and

Plaintiffs' response to Hanson Limited's motion to dismiss are due by **October 31,**

**2014**, which is fourteen days after the date of this Order.

      **DONE AND ORDERED** this 17th  day of October 2013.

                        *s / Gary R. Jones*

                        GARY R. JONES
                        United States Magistrate Judge