IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LISA LEE-BOLTON, JAMES DUNCAN.
CATHERINE McMAHON, and NANCY
KAREN DAY, on behalf of themselves
and all others similarly situated, and
RICHARD BOLTON and ROY
GEIERSBACH, on behalf of themselves,

        Plaintiffs,

v.                                CASE NO. 1:10-cv-253-MCR-GRJ

KOPPERS INC. f/k/a KOPPERS
INDUSTRIES, INC., et al.,

        Defendants.

_____/

## O R D E R

    This matter is before the Court on ECF No. 747, Koppers Inc. And Beazer East, Inc.'s Motion for Reconsideration of Order Denying Motion to Strike Plaintiffs' Supplemental Expert Disclosure and Rebuttal Expert Reports.  Plaintiffs have filed a response in opposition, ECF No. 783, and the motion is now ripe for consideration.  For the following reasons, Defendants' motion is due to be granted.

### DISCUSSION

    Under Rule 60 of the Federal Rules of Civil Procedure, Koppers, Inc. ("Koppers") and Beazer East, Inc. ("Beazer East") request the Court to reconsider the Court's previous Order (ECF No. 744) denying Defendants' Motion to Strike Plaintiffs' Supplemental Expert Disclosure and Rebuttal Expert Reports. Relying upon Rule 26(a)(2)(D)(ii), Fed. R. Civ. P., the Court denied Defendants' request to strike Plaintiffs'

rebuttal expert witness reports because the Court's scheduling orders were silent with regard to the disclosure of rebuttal experts. As the Court pointed out there the view of most courts was that the general provisions of Rule 26(a)(2)(D)(ii) apply where the Court has not ordered any deadlines for the disclosure of rebuttal expert witnesses. The Court reasoned that because there was no mention of rebuttal experts in the Court's scheduling order the Rule applied by default.

In their motion for reconsideration, Defendants now bring to the Court's attention a specific discussion between the Court and Plaintiffs' counsel at an April 17, 2013 scheduling conference concerning the issue of rebuttal experts and the submission of rebuttal expert reports. When the Court entered its order denying Defendants' motion to strike the Court was not made aware of the representations Plaintiffs' counsel made to the Court at the April 17, 2013 scheduling conference. Defendants represent that they did not have a copy of the transcript of the April 17, 2013 scheduling conference until September 22, 2015—the day after the Court entered its order denying Defendants' motion to strike. Further, Defendants represent that counsel, who attended the April 17, 2013 scheduling conference, are no longer affiliated with the case having withdrawn as counsel a long time ago. While Plaintiffs' counsel were present at the April 17, 2013 scheduling conference, they made no mention in their opposition to Defendants' motion to strike of what was discussed with the Court at the April 17, 2013 scheduling conference. Plaintiffs should have because the discussion is directly relevant to the issue of whether the scheduling in this case contemplated the submission of rebuttal expert reports.

Relief from a previous order is permitted in only several situations: mistake,

newly discovered evidence, fraud, the judgment is void, the judgment has been satisfied, released or discharged, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). And while a motion for reconsideration is "an extraordinary remedy and, thus, is a power which should be used sparingly," *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 591 (N.D. Fla. 2010), the Court concludes that this case is one of the exceptions where reconsideration is warranted.

At the heart of the Court's decision denying Defendants' motion to strike was the tacit understanding that neither the Court nor the parties had discussed whether the Plaintiffs intended to use rebuttal experts. Because there was no mention by Plaintiffs that they had discussed the issue with the Court, the Court concluded that it was required to rely upon the default provision in Rule 26(a)(2)(D)(ii). That was not the case, however. To the contrary—as evidenced by the transcript of the April 17, 2013 scheduling hearing—Plaintiffs' counsel expressly discussed the issue with the Court and represented that it would not be utilizing rebuttal experts. This explains the reason why the Court did not include in the scheduling order any deadlines for disclosure of rebuttal expert witnesses reports.

The Court scheduled the April 17, 2013 conference to resolve case management issues because the parties had submitted competing case management schedules. (ECF Nos. 245 and 246.) Defendants' proposed schedule contemplated that Plaintiffs would file their expert reports with their motion for class certification 60 days after the close of fact discovery. Defendants would then have 60 days to complete the depositions of Plaintiffs' experts. Defendants would then have 90 days to file their

opposition to class certification and then within 60 days after Defendants filed their

opposition and filed any expert reports in support of their opposition, Plaintiff would then

have 60 days to complete the depositions of Defendants' experts.  At the April 17, 2013

scheduling conference Plaintiffs' counsel told the Court that if the Court adopted the

schedule Defendants' proposed there would then be a need for rebuttal reports even

though Plaintiffs did not contemplate rebuttal reports. Consequently, Plaintiffs' counsel

urged the Court to adopt their schedule. Plaintiffs' proposed schedule was simple. The

proposed schedule contemplated that Plaintiffs would serve their expert reports 90 days

after completion of fact discovery and then 60 days thereafter Defendants would serve

their expert reports.  In this regard Plaintiffs' counsel told the Court at the April 17, 2013

scheduling conference:

> Mr. Dubanevich:  So what we propose is that after fact discovery, we exchange our expert reports, sometime thereafter the defendants exchange their expert reports and expert depositions are completed.
>
>                      * * *
>
> We have a bright line from when expert depositions are supposed to be completed and we don't contemplate rebuttal reports. If we adopted defendants' scheduling structure, there is – more likely than not, there is going to be a need for rebuttal reports.
>
>                      * * *
>
> If we follow the defendants' tactics, it is going to lead to inefficiency . It is going to increase the costs, it is going to increase the time this Court has to put into this case because we'll be back here, I'm certain, asking for leave to file rebuttal reports.

(ECF No. 747, Ex. A., pp. 62-64.)

In response to Plaintiffs' comments Defendant's counsel told the Court that if the Plaintiff was going to have rebuttal expert witness reports the Defendants would then want an opportunity to serve surrebuttal expert witness reports. (*Id.* pp. 65-66.) The discussion with the Court concerning rebuttal expert reports then concluded with the following discussion:

| | |
|---|---|
| The Court: | Mr. Kanter, you are saying a report that you may want to file something in response to the rebuttal? |
| Mr. Kanter: | If they file a rebuttal, yes. |
| The Court: | That's what I'm saying, that this could just go on and on like a tennis match going back and forth which could add months to this. |
| Mr. Dubanevich: | As we planned this litigation, the filing of a rebuttal report is not part of our thinking here. |
| The Court: | A rebuttal expert report is not part of your thinking? |
| Mr. Dubanevich: | That's correct, Your Honor. |
| The Court: | I think I saw that in what you submitted, but it may come up. |
| Mr. Dubanevich: | If it does, perhaps we would raise it with the Court when it comes up. |
| The Court: | That sounds acceptable to the Court." |

(*Id.* p. 69.)

This discussion expressly evidences that Plaintiff's counsel represented two things to the Court: (1) that Plaintiffs did not intend to serve rebuttal expert reports; and (2) if they changed their mind and decided to use rebuttal experts, Plaintiffs would raise the issue with the Court, presumably by filing a motion for leave to serve rebuttal expert witness reports. Consequently, when the Court adopted the parties joint supplemental

Rule 26 report the Court did not include in the scheduling order any deadlines for submitting rebuttal expert reports. (ECF No. 384.)   The Court did not include rebuttal expert deadlines for the simple reason that Plaintiffs' counsel told the Court they did not intend to utilize rebuttal experts, and consistent with this representation, the joint supplemental Rule 26 report did not include any deadlines for rebuttal expert witnesses.

Thus, this case does not present a situation where the scheduling order is silent regarding rebuttal experts because neither the parties nor the Court discussed the issue before issuance of the scheduling order. To the contrary after the April 17, 2013 scheduling conference there was no doubt (at least from the Court's perspective) that Plaintiffs would not be utilizing rebuttal experts and that in the event Plaintiffs decided to do so the Plaintiffs would bring the issue to the attention of the Court and seek permission to do so.  The rub is that after the April 17, 2013 scheduling hearing, Plaintiffs never again mentioned that they intended to utilize rebuttal experts and never asked the Court for permission to do so.  And when the Court issued its Order denying Defendants' motion to strike rebuttal expert reports, the Court was not informed about the discussions with the Court and the representations made to the Court at the April 17, 2013 scheduling hearing. Had the Court been informed of these discussions the Court would not have denied Defendants' motion to strike.

The rule in *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5781274 at *16 (M.D. Fla. Oct. 25, 2013)— which the Court relied upon as the basis for denying Defendants' motion to strike— applies only when the Court has not expressly addressed deadlines for disclosures of rebuttal expert witnesses.  Where, as here, rebuttal expert witnesses are specifically discussed and are intentionally

omitted from the scheduling order because the parties represent to the Court that they are not intending to utilize rebuttal experts, the default provisions of Rule 26(a)(2)(D)(ii) are not triggered. Simply put, where the parties tell the Court that they are not going to utilize rebuttal experts and in reliance on these representations the Court does not include deadlines for rebuttal experts, a party cannot then rely upon the default provisions of Rule 26(a)(2)(D)(ii) as a basis for surprising the other side with rebuttal experts.

Plaintiffs' arguments in opposition to Defendants' motion to reconsider make little sense and are hollow, particularly in view of the fact that Plaintiffs told the Court they were not intending to use rebuttal experts. While Plaintiffs say that Defendants have not met their burden of demonstrating any new facts because the transcript of the April 17, 2013 scheduling conference (ECF No. 460) has been on the docket for several years, the fact of the matter is that neither party brought the transcript to the attention of the Court. In hindsight the Defendants probably should have brought this to the Court's attention. However, Defendants' failure to do would appear to be excusable because present counsel were not present at the hearing. Plaintiffs' counsel, however, were present and should have mentioned this to the Court. In either event, the Court did not know about the discussions between the Court and counsel and thus the Court did not have the benefit of this information when it denied Defendants' motion to strike. It goes without saying that mistake or incomplete information is a valid reason for reconsideration under Rule 60(b). *See,* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 40 ("Similarly, that one ground for granting a motion for reconsideration is if the court, in reaching its decision, has overlooked or misconceived

some material fact.") Because this information is pivotal to the Court's determination of whether Plaintiffs' disclosure of rebuttal experts was proper, the Court has no hesitation in reconsidering its prior order and concludes that Defendants have presented a compelling reason for the Court to reconsider its prior order.

Plaintiffs also say that because Defendants have not provided a "stipulation [or] court order" memorializing the representations at the April 17, 2013 scheduling conference the default provision of Rule 26(a)(2)(D) applies. This is an unrealistic and strained interpretation of Rule 26(a)(2)(D). The Court's scheduling order in this case expressly did not include rebuttal expert witness deadlines because Plaintiffs told the Court they were not using rebuttal experts and the joint supplemental Rule 26 report—consistent with these representations—did not request the Court to set deadlines for disclosure of rebuttal expert witnesses. Thus, the issue of rebuttal expert witnesses was accounted for by the Court in its scheduling order by declining to include any such deadlines.  To look at the issue any other way makes no sense.

Finally, Plaintiffs say that even if rebuttal experts were not contemplated it makes no difference because Defendants could have deposed Plaintiffs' rebuttal expert witnesses if they wanted to and thus have not suffered any prejudice.  While Defendants could depose the rebuttal experts, this ignores the fact that the motion for class certification has been filed and the Defendants have been understandably caught by surprise.  In the Court's view if Plaintiffs had concluded that rebuttal experts were necessary after Plaintiffs received Defendants' expert reports, Plaintiffs should have filed a motion requesting the Court to permit them to do so. Plaintiffs could then have explained to the Court what had changed that triggered the need to serve rebuttal

reports. Plaintiffs did not do so and instead unilaterally determined that they could serve rebuttal expert witness reports at the last minute.

Now that the Court has the full picture in focus, the schedule that provided for disclosure of expert witnesses and the completion of the depositions of experts before filing the motion for class certification and *Daubert* motions, makes sense.  The schedule obviously by design did not contemplate that Plaintiffs would serve rebuttal expert witness reports only a few weeks before the deadline for filing the motion for class certification. Thus, simply because Defendants can now take the depositions of Plaintiffs' rebuttal experts does not completely eliminate all prejudice. Rather, it puts Defendants in the unenviable position of having to depose rebuttal experts and at the same time formulate their responses to Plaintiffs' motion for class certification. In the Court's view to the extent that prejudice is relevant to the analysis this circumstance certainly causes prejudice to Defendants' ability to defend the claims and oppose Plaintiff's request for class certification.

Accordingly, for these reasons, Defendants' motion for reconsideration is due to be granted. And because the Court's scheduling order entered after the April 17, 2013 scheduling conference does not contemplate that Plaintiffs could serve rebuttal expert witness reports without first obtaining permission from the Court, Defendants Koppers and Beazer East's Motion to Strike Plaintiffs' Supplemental Expert Disclosure and Rebuttal Expert Reports (ECF No. 705) is due to be granted.  The rebuttal expert witness reports served by Defendants on August 14, 2015[1] are due to be stricken.

_____

[1] The three rebuttal expert witness reports are the reports prepared by Dr. Michael J. Wade, Dr. William R. Sawyer and Dr. George C. Clark.

Accordingly, upon due consideration, it is **ORDERED:**

1.   Koppers Inc. And Beazer East, Inc.'s Motion for Reconsideration of Order Denying Motion to Strike Plaintiffs' Supplemental Expert Disclosure and Rebuttal Expert Reports, ECF No. 747, is **GRANTED**.

2.   Defendants' Koppers and Beazer East's Motion to Strike Plaintiffs' Supplemental Expert Disclosure and Rebuttal Expert Witness Reports, ECF No. 705, is **GRANTED**. The rebuttal expert reports prepared by Dr. Michael J. Wade, Dr. William R. Sawyer and Dr. George C. Clark, served by Plaintiffs on August 14, 2015, are **STRICKEN**.

**DONE AND ORDERED** this 22nd  day of October 2015.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge