UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LISA LEE-BOLTON, et al.,

    Plaintiffs

v.                                    Case No. 1:10-cv-253-MCR-GRJ

KOPPERS, INC., et al.,

    Defendants.
_____/

## NOTICE AND ORDER

    Notice is given that the Court received a letter dated February 1, 2016, from counsel for Plaintiffs, Mr. Peter Cambs, which he copied to Messrs. Burnton and Waggoner. The Court has docketed the letter with the Clerk and an electronic copy is attached to the version of this Notice and Order distributed by ECF. The letter purports to correct a response Mr. Cambs gave to a question from the Court during Mr. Cambs's closing argument on January 22, 2016.

    Local Rules 7.1(A) and (M) clearly prohibit letter communications with the Court. The Court, in fairness to Defendants, will permit a response to Mr. Cambs's letter. The letter shall be filed with the Clerk along with a notice of its filing.

    Accordingly, Defendants may file a response to Mr. Cambs's letter as provided in this Notice and Order no later than 14 days from the date of this Notice

1:10-cv-453-MCR-GRJ

and Order. The Clerk is directed to docket as part of the Court's record in this case the letter attached to this Notice and Order.

**DONE AND ORDERED** this the 18th day of February, 2016.

s/ M. Casey Rodgers
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

1:10-cv-453-MCR-GRJ

**PW** **Parker | Watchman LLP**
A NATIONAL LAW FIRM
NEW YORK | LONG ISLAND | NEW JERSEY | FLORIDA

27300 Riverview Center Boulevard
Suite 103
Bonita Springs, Florida 34134
Phone: 239-390-1000
Fax: 239-390-0055
800.LAW.INFO (529.4636)
www.yourlawyer.com

February 1, 2016

**VIA FEDEX**
Honorable Chief Judge M. Casey Rodgers
Winston E. Arnow Federal Building
100 N. Palafox Street
Pensacola, Florida 32502

  Case name: *Lee-Bolton, et al. v. Koppers Inc., et al.*
  Case No.: 10-CV-253-MCR-GRJ
  Re: *Clarification to the Court*

Dear Judge Rodgers:

  I am writing to correct my response to your question during my closing argument regarding the samples taken by the Indoor Dust Committee. At the time of my presentation, I was discussing that the Indoor Dust Committee background samples corroborated Dr. Sawyer's analysis because there was no statistical difference between the results of the background samples of the Indoor Dust Committee and those interpreted by Dr. Sawyer. You then asked for confirmation that those samples were soil samples. I mistakenly responded in the affirmative. However, after discussions with co-counsel, I now write to clarify that the Indoor Dust Committee used CALUX and GC/MS to take indoor dust samples. (*See*, Plaintiffs' Exhibit 7, Affidavit of Expert Witness William R. Sawyer, at pp. 8, 22).

  Dr. Sawyer found no statistical difference between background samples of indoor dust, not soil. Of significance, the Indoor Dust Committee found increasing levels of chlorinated dioxin near-Site as compared to background. This can be seen by comparing Table 2 and Table 3 of Plaintiffs' Exhibit 5. (Health Consultation, July 24, 2014, at pp. 25-26). Table 2 shows background indoor dust samples with geometric mean chlorinated dioxin levels of 13.6 pg/g and CALUX TEQ of 31.6 pg/g. Table 3 shows near-Site indoor dust samples with a geometric mean chlorinated dioxin levels of 27.9 pg/g and CALUX TEQ of 31.8 pg/g. Thus, the Indoor Dust Committee GC/MS sampling shows an increase of 14.3 pg/g chlorinated dioxin near-Site. At the hearing, Dr. Sawyer explained the unreliability of the Indoor Dust Committee CALUX samples.

              Sincerely,

              Peter J. Cambs, Sr.

CC: Cal Burnton:   115 South LaSalle St., Ste. 3100, Chicago, IL 60603
   Dennis Waggoner: 101 East Kennedy Boulevard, Ste. 3700, Tampa, FL 33602